IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STEPHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25.<br><br>Defendants. | Case No. 2024-CV-1969<br><br>Hon. Steven C. Seeger |

**DEFENDANTS FLOSPORTS, INC, CHRISTIAN PYLES, AND JON KOZAK'S
<u>MOTION TO STAY DISCOVERY</u>**

Defendants FloSports, Inc. ("FloSports"), Christian Pyles ("Pyles") and Jon Kozak ("Kozak"), collectively, the "FloSports Defendants"), by and through its attorneys Blank Rome LLP, hereby moves to stay discovery pending the Court's decision on the FloSports Defendants' Rule 12(b)(2) and 12(b)(6) Motion to Dismiss ("Motion to Dismiss" ECF 31) the First Amended Verified Complaint ("Amended Complaint" ECF 20) filed by Plaintiffs Nima Gharavi ("Gharavi") and Right Call Officials, Inc. (collectively, "Plaintiffs"). In support thereof, the FloSports Defendants state as follows:

## INTRODUCTION

The FloSports Defendants request that the Court enter a brief stay of discovery pending a decision on their Motion to Dismiss. ECF 31. The FloSports Defendants' Motion to Dismiss disputes that this Court has personal jurisdiction over them and disputes that Plaintiffs have (or can) state any claims against them. If the Court grants the FloSports Defendants' Motion to Dismiss, the FloSports Defendants will no longer be a party to this matter, thereby obviating any need to perform discovery. Even a partial granting of the Motion to Dismiss will significantly narrow disputed issue subject to discovery. Further, because the FloSports Defendants' Motion to Dismiss involves strictly legal determinations, discovery would not serve to alter the Court's ultimate decision. A stay would also protect the FloSports Defendants against the burdens and expense of further litigation regarding the impropriety of Plaintiffs' discovery requests, as discussed below. Accordingly, the FloSports Defendants respectfully request a brief stay of discovery until the Court issues a decision on the Motion to Dismiss.

## BACKGROUND

On May 15, 2024, the FloSports Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). *See* ECF 31-32. On July 3, 2024, Plaintiffs filed their Opposition to the Motion and FloSports filed their Reply on July 18, 2024. The Court has not yet issued a decision on the Motion to Dismiss. The FloSports Defendants have not answered the Amended Complaint or asserted affirmative defenses or counterclaims due to the pendency of the Motion to Dismiss.

On September 3, 2024, the Parties conferred as required by Rule 26(f) and jointly submitted a discovery plan and status report. ECF 50. Based on the FloSports Defendants' position that this Court lacks personal jurisdiction over them and Plaintiffs fail to state claims against them, the

2

FloSports Defendants objected to the entry of any scheduling order in this matter. *Id*. In the joint status report, the FloSports Defendants expressly reserved all objections to this Court exercising personal jurisdiction over them and reserved the right to request a stay of discovery pending the resolution of Motion to Dismiss. *Id*.

On November 26, 2024, Plaintiffs served extensive written discovery requests on each FloSports Defendant,[1] including:

- Numerous requests seeking all documents and all internal and external communications that relate "in any manner regarding the Plaintiffs" or Plaintiffs' videos (Ex. 1, Plaintiffs' Requests for Production to FloSports ("FloSports RFP") Nos. 1-7; Ex. 2, Plaintiffs' Requests for Production to Christian Pyles ("Pyles RFP") Nos. 1-7; Ex. 3, Plaintiffs' Requests for Production to Jonathan Kozak ("Kozak RFP") Nos. 1-7);

- All documents and communications regarding FloSports' exclusive streaming rights to certain content (Ex. 1, FloSports RFP No. 10);

- All documents and communications regarding posts made by Pyles – without any limitation that they relate to Plaintiffs or this litigation (Ex. 1, FloSports RFP No. 12; Ex. 2, Pyles RFP No. 13);

- "All posts, comments, photographs, videos, or other content published, shared, liked or commented on by any of FloSports' social media accounts that concern, reference or discuss Plaintiffs, in any manner" (Ex. 1, FloSports RFP No. 17; Ex. 2, Pyles RFP No. 11; Ex. 3, Kozak RFP No. 11);

- All communications between Pyles and Joe Kania regarding former FloSports employee Daniel Lobdell – not limited to any topics discussing Plaintiffs (Ex. 2, Pyles RFP No. 12); and

- All documents and communications between FloSports regarding or with a certain third-party website – not limited to any topics discussing Plaintiffs (Ex. 1, FloSports RFP Nos. 15, 16).

---

[1] The discovery requests issued to FloSports, Pyles, and Kozak are attached as Exhibits 1, 2 and 3, respectively.

Worse yet, Plaintiffs issued the FloSports Defendants request to admit[2] that are clearly based on confidential and privileged documents that Plaintiffs received in connection with the dubious disciplinary charge they filed against FloSports' in-house counsel, which the Texas Disciplinary Committee dismissed for lack of evidence. *See* Ex. 1, FloSports Requests to Admit Nos. 10, 48; *see also* Tex. R. of Disc. Proc., 2.16(a), (e) (explaining that "Disciplinary Proceedings are strictly confidential and not subject to disclosure, except by court order for good cause shown or as otherwise provided in this Rule 2.16," and that information may be made public only if there is a finding of professional misconduct and the imposition of sanctions other than a private reprimand.)

Plaintiffs initially attempted to rely on FloSports' confidential and privileged communications, obtained from the dismissed disciplinary committee complaint, when they filed this Complaint. When counsel for the FloSports Defendants informed Plaintiffs' counsel that reliance on these communications was improper and sanctionable, Plaintiffs withdrew the confidential and proprietary allegations and exhibits and filed an Amended Complaint to exclude them from the record. It is therefore surprising that Plaintiffs, with full knowledge of the impropriety of their actions, seek yet again to rely on confidential and privileged communications by incorporating them into their discovery requests and demanding that the FloSports Defendants admit to statements contained within the communications. Moreover, certain of the Requests to Admit directed to FloSports have no relevance to the litigation whatsoever and have no purpose other than to harass and needlessly increase the cost of litigation in violation of Rule 11 of the Federal Rules of Civil Procedure.

---

[2] In an abundance of caution, and solely to avoid any argument that the FloSports Defendants have admitted any of the statements contained within the Requests to Admit, the FloSports Defendants plan to answer the Requests to Admit on or before their due date, which was extended one week to January 2, 2025, by agreement of the parties.

Responding to Plaintiffs' discovery requests will require significant resources, including necessitating motion practice regarding the propriety of Plaintiffs' requests and a likely motion for sanctions. A stay will reduce the burden these motions will impose on both the litigants and the Court, while causing no prejudice to Plaintiffs. Any alleged prejudice to Plaintiffs could be alleviated by an extension of the discovery deadline in parity with the length of the stay. The FloSports' Defendants responses to Plaintiffs' discovery request, currently due December 26, 2024, should be stayed accordingly.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). In evaluating whether to stay a case, courts consider the following factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Obrzut v. LVNV Funding, LLC*, No. 19-CV-01780, 2020 WL 3055958, at *1 (N.D. Ill. June 8, 2020) (citations omitted). "The court has broad discretion in exercising its authority to stay." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045–46 (N.D. Ill. 2012) (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.,* 46 F.3d 624, 629 (7th Cir.1995)).

## ARGUMENT

Courts in this district routinely grant stays of discovery where a motion to dismiss could resolve the case in its entirety, thereby avoiding unnecessary and costly discovery. *See, e.g., Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230

5

F.3d 934, 947 (7th Cir. 2000) (affirming district court's stay of discovery and stating that "burdensome, wide-ranging discovery" is not appropriate from a defendant over whom the court is trying to determine whether it has jurisdiction); *Liggins v. Reicks*, No. 3:19-cv-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, … or where ... discovery may be especially burdensome and costly to the parties.") (internal quotation omitted); *Trading Technologies International, Inc. v. BCG Partners, Inc.*, 186 F.Supp.3d 870, 875 (N.D. Ill. 2016) ("Staying a case at an early juncture can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.")(internal citation omitted). Moreover, the Supreme Court has emphasized the importance of resolving threshold legal issues before subjecting parties to the burdens of discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (highlighting that "it is only by taking care to require allegations that reach the level suggesting [a plausible claim] that we can hope to avoid the potentially enormous expense of discovery"). Given the FloSports Defendants' Motion to Dismiss challenges this Court's personal jurisdiction over them and the legal sufficiency of Plaintiff's claims, and could dispose of the case entirely, staying discovery until the Court rules on the motion will conserve judicial resources and protect the parties from unnecessary expense.

   The Court's resolution of the pending Motion to Dismiss will be dispositive of whether the Plaintiffs can bring their claims in this Court. The FloSports Defendants dispute that this Court has personal jurisdiction over any of them on the basis that the FloSports Defendants reside and operate exclusively in Texas. The FloSports Defendants are not "at home" in Illinois and Plaintiffs' claims do not arise out of or relate to any contacts between the FloSports Defendants and Illinois. Because the Motion to Dismiss presents a dispositive threshold jurisdictional question that may well obviate

the entirety of the proceedings in this Court, the FloSports Defendants should not be subject to Plaintiffs' burdensome discovery requests.

Additionally, the FloSports Defendants contend that the Plaintiffs fail to state a claim upon which relief may be granted, which would be dispositive. The defamation claims (Counts I and II) and claim for false light invasion of privacy in (Count III) fail to meet applicable pleading standards. The FloSports Defendants never identified Plaintiffs in any social media post and did not allege Plaintiff Gharavi engaged in any specific crime. Any facts expressed either are not defamatory, are subject to an innocent construction or, by Plaintiffs' admission, are true.

The remaining of Plaintiffs' claims against the FloSports Defendants also fail to state a claim upon which relief may be granted. Plaintiffs' Count IV fails to allege the necessary facts to establish a level of extreme and outrageous conduct that can state a claim for intentional infliction of emotional distress. Nor does Count V state a claim for tortious interference with business relationships because it neither articulates a specific opportunity Plaintiffs were denied, nor states facts connecting any FloSports Defendant's conduct with the denial of any business opportunity. Count VI under the Deceptive Trade Practices Act, 815 ILCS 5/1 et seq., fails both because none of the FloSports Defendants' statements disparaged the quality of Plaintiffs' goods or services, and because Plaintiffs fail to allege FloSports made a false or deceptive statement of fact. Additionally, Count VII fails to state a claim for misrepresentation under the Digital Millenium Copyright Act, 17 USC § 512(f), because Plaintiffs fail to describe any misrepresentation. Finally, Plaintiffs' unjust enrichment claim (Count VIII) should be dismissed because unjust enrichment is not a standalone cause of action in Illinois and Plaintiffs fail to allege FloSports financially benefitted from allegedly making statements about Plaintiffs' character or that any benefit was unjust. The Amended Complaint attaches all of the allegedly defamatory statements and thus discovery is not

needed for the Court to determine that the statements are non-defamatory or privileged. ECF 20. Because the Motion to Dismiss presents dispositive questions of law, granting this Motion to Stay would avoid wasting resources on discovery.

Each of the factors that courts consider heavily favor staying this litigation. *Obrzut v. LVNV Funding, LLC*, 2020 WL 3055958, at *1. First, Plaintiffs will suffer no prejudice should this case be stayed. This litigation is in its early stages and the FloSports Defendants would not oppose a request by Plaintiffs to extend the discovery deadline in parity with the length of the stay.

Second, a stay will simplify the issues for discovery. To the extent the Motion to Dismiss is granted in part, it would streamline the issues that are in dispute and may be the subject of discovery.

Third, without a stay, the FloSports Defendants and the Court will be forced to expend significant resources on discovery issues only for the Court to issue a binding determination that this Court has no jurisdiction over the FloSports Defendants and that Plaintiffs fail to state any claims. Plaintiffs issued 90 Requests to Admit, 45 Requests for Production and 37 Interrogatories to the FloSports Defendants, collectively. Not only are these requests burdensome in number, they are also burdensome in scope – in some cases, seeking information from over ten years ago. *See e.g.,* Ex. 1, FloSports Requests to Admit Nos. 11 – 14. Additionally, a substantial number of Plaintiffs' discovery requests are irrelevant and improper, aimed solely to harass the FloSports Defendants and engage in a fishing expedition regarding Plaintiffs' baseless claims, including requests aimed at: (i) discovering whether a non-party FloSports' employee (Daniel Lobdell) was accused of sexual harassment; (ii) exposing confidential, attorney-client privileged communications among FloSports' in-house counsel and FloSports' employees; and (iii) harassing FloSports about alleged controversies involving FloSports' content that have nothing to do with

Plaintiffs' allegations. These discovery request (and others) have nothing to do with Plaintiffs' claims or the FloSports Defendants' defenses, are designed solely to harass the FloSports Defendants and needlessly increase the cost of litigation, and will likely necessitate burdensome motion practice.

      Given that the FloSports Defendants move pursuant to Rules 12(b)(2) and 12(b)(6), which may either be dispositive of the claims against the FloSports Defendants or significantly narrow the disputed issues, a stay is warranted until the Court determines the questions presented. Accordingly, the FloSports Defendants respectfully request that the Court stay discovery as to the discovery requests that Plaintiffs issued to them pending the outcome of the Motion to Dismiss.

Dated: December 26, 2024            Respectfully submitted,

                                              /s/ *Rachel L. Schaller*

                                              Rachel L. Schaller
                                              Daniel R. Saeedi
                                              Blank Rome LLP
                                              444 West Lake Street, Suite 1650
                                              Chicago, IL 60606
                                              (312) 776-2518
                                              Rachel.Schaller@blankrome.com
                                              Daniel.Saeedi@blankrome.com