**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NIMA GHARAVI, and RIGHT CALL OFFICIALS, INC., | ) | |
| Plaintiffs, | ) | Case No. 24-cv-1969 |
| v. | ) | Hon. Steven C. Seeger |
| FLOSPORTS, INC., CHRISTIAN PYLES, JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, ALLYSON SCHWAB, PATRICK MINEO, JON KOZAK, SKRAMBLE WRESTLING GEAR LLC, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, and JOHN DOES 1- 25, | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Nima Gharavi runs a YouTube channel where he posts videos of youth wrestling matches. Defendant Allyson Schwab is an Iowa mother who sometimes writes social-media posts about wrestling.

Schwab posted comments online, expressing concerns about how some people used videos of children wrestling. Gharavi took umbrage at those posts, believing that Schwab was accusing him of supporting pedophilia. So Gharavi sued Schwab for defamation.

Schwab moved to dismiss the complaint for lack of personal jurisdiction, and for failure to state a claim. The Court agrees that it lacks personal jurisdiction over Schwab.

For the reasons stated below, the motion to dismiss for lack of personal jurisdiction is granted.

**Background**

The Court assumes that any interested reader is familiar with the background of this case from the Court's prior opinion on a related motion to dismiss. *See generally* 3/14/25 Mem. Opin. and Order (Dckt. No. 80). That opinion dismissed three other Defendants for lack of personal jurisdiction.

That opinion offers a more comprehensive summary of the factual background. Basically, Gharavi alleges that various social-media users, including Schwab, defamed him when they expressed concerns online about videos of children wrestling. *Id.* Some of the videos have appeared on pornographic websites.

For present purposes, this Court will supplement that background with additional facts related to Schwab's conduct. In particular, this Court will summarize the allegations about Schwab's social-media posts.

Allyson Schwab is an Iowa citizen. *See* Second Am. Cplt., at ¶ 7 (Dckt. No. 67). She is a parent and a content creator. *See* Second Am. Cplt., Ex. F, at 3 of 101 (Dckt. No. 67-6). Schwab sometimes posts on the social-media platform X (formerly known as Twitter), under the handle "@AllysonSchwab." *See* Second Am. Cplt., at ¶ 7.

In December 2023, Schwab made a social-media post and expressed concerns about the suggestiveness of cropped photos and videos of youth wrestling. She wanted to remind other parents to check where their children appear on the internet. But Schwab didn't mention Gharavi or Midwest Wrestle by name:

> Ok real talk.
>
> I am a parent. I am also a content creator. I shoot video, photos, etc. I understand in our sports some things are going to maybe look a certain way or show in singlets. I crop, I sometimes just don't use a photo as a way to protect the kid. That same pic could be out there 30 other ways, but it's just what I do.
>
> Parents – do yourself a favor. Look at the places your kids pop up on – sites channels – Search them on YouTube. Is the video of the match or your child walking back and forth for a while. Is the image selected for the video suggestive?
>
> This is a real thing in our sports. All you have to do is look at the photos or videos of a creator to understand if it's intentional or not. Are all the frames selected for videos suggestive? Are all the photos of positions you wouldn't see other photographers post? Is there 240k view on a jv match?
>
> Do your due diligence and research! Also schools/tournament directors have someone check who you're credentialing to photograph these athletes esp minors.

*See* Second Am. Cplt., Ex. F, at 3 of 101 (Dckt. No. 67-6) (cleaned up).

Other users offered comments in response to Schwab's post. Schwab, in turn, replied to some of those comments.

User "@AlyssaEmili" reported an experience similar to what Schwab described: "Wow I just searched @YouTube and found my 11 y.o. daughter wrestling is the subject of 16 videos of 1 person. Suggestive, w[ith] innuendo. I reported it. But as a well intentioned person, I didn't consider this. Thank you." *Id.* at 4 of 101 (cleaned up).

Schwab expressed her outrage: "Oh mama. Makes me sick." *Id.*

User "@havesomenuts_" described similar actions in college wrestling: "There is an online forum community that shares pictures of college wrestlers for [not safe for work] reasons. Someone from that community messaged me attempting to solicit pictures for money. I've seen my teammates and friends posted on there as well." *Id.*

Schwab replied, "So much wrong with this world." *Id.*

In contrast, user "@JamieDonWeeks23" expressed disdain for Schwab's comments: "You're also a pot stirrer." *Id.*

Schwab defended her actions: "If this is pot stirring then sure [because] it's gonna protect a lot of kids. Not sure how you can be mad about that, but ok." *Id.*

Schwab doubled down on her comments in another post: "This makes me sick and why I got this convo going. So many parents don't know their kids are on someone's YouTube." *Id.* at 15 of 101.

The next day, Schwab re-posted her initial comments warning parents to check where videos of their children appear. This time, she appended an additional reminder and an example: "Friendly reminder to check if your kids are on a certain YouTube channel. No reason a 46kg youth girls match should have 2.6 million views." *Id.* at 8 of 101.

Later, user "@Verlandinator" questioned the accuracy of Schwab's comments: "Are we sure Flo[Sports] didn't spread this rumor because his videos get more views. I saw Pyles of Flo[Sports] talking about this earlier. I haven't seen anything suspicious in his videos or from the tweet detective except for the large viewership numbers." *Id.* at 13 of 101.

Schwab expressed her skepticism: "Is this a serious take?" *Id.*

A few days later, Schwab reiterated her concerns: "Here is what I feel bad for[.] The kids that think it's normal to have 400k views on their video from a local youth or [high school] tournament or that this is how they are getting recruited." *Id.* at 10 of 101.

Users of InterMatWrestle.com, a different social-media website with a wrestling-focused message board, began to share screenshots of Schwab's X posts. *Id.* at 17–99 of 101.

Based on Schwab's posts and comments, Gharavi sued Schwab for defamation *per se,* defamation *per quod*, false-light invasion of privacy, intentional infliction of emotional distress,

and tortious interference with a business relationship. *See* Second Am. Cplt., at ¶¶ 76–108 (Dckt. No. 67).

Schwab moved to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim.

**Analysis**

For the reasons stated by the Court in its previous Memorandum Opinion and Order (Dckt. No. 80), this Court does not have personal jurisdiction over Schwab. There is no general jurisdiction because Schwab is not at home in Illinois. And there is no specific jurisdiction because Schwab did not purposefully direct her speech at Illinois.

The reasoning in that opinion suffices to resolve Schwab's motion to dismiss, but the Court will offer some additional analysis applying that reasoning to Schwab.

As discussed in that opinion, this Court lacks personal jurisdiction over FloSports, Christian Pyles, and Jonathan Kozak because they did not aim their online comments at Illinois. The same conclusion applies to Schwab. There is no apparent tie to Illinois, except the fact that Gharavi lives here. *Hoffman v. Barnes*, 2012 WL 1021837, at *4 (N.D. Ill. 2012). The fact that Gharavi resides in Illinois is "purely incidental." *Id.*

For example, Schwab did not call for readers of her posts to take action in Illinois. She didn't encourage anyone in Illinois to boycott, contact, or harass Gharavi. *See Tamburo v. Dworkin*, 601 F.3d 693, 706 (7th Cir. 2010); *Majumdar v. Fair*, 567 F. Supp. 3d 901, 911 (N.D. Ill. 2021).

True, Gharavi baldly states that Schwab called for action against him. But the complaint does not elaborate. *See* Pl.'s Resp. in Opp. to Mtn. to Dismiss, at 5 (citing Am. Cplt., at ¶ 49 (Dckt. No. 20)). A conclusory allegation won't cut it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("[T]he conclusory nature of respondent's allegations . . . disentitles them to the presumption of truth.").

Schwab also did not tailor her comments to an Illinois audience. Although Gharavi suggests that Schwab targeted Illinois users, he does not explain how. *Id.* For example, he does not allege that Schwab "marketed or circulated [her posts] to people in [Illinois] specifically," as opposed to all of her followers. *See Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 863 (E.D. Mich. 2019). Schwab's posts were distributed to the "online community at large" and "are accessed by users across the United States," well beyond Illinois borders. *See* Second Am. Cplt., at ¶¶ 7, 82 (Dckt. No. 67).

Simply put, Schwab did not make any explicit reference to Illinois, or to any events in Illinois. *See Tamburo*, 601 F.3d at 706; *Majumdar*, 567 F. Supp. 3d at 914–15. And even if she had, "that may not, by itself, have sufficed to create a substantial relationship with Illinois." *Majumdar*, 567 F. Supp. 3d at 914–15.

Moreover, Gharavi does not even allege that Schwab knew that Gharavi lived in Illinois. For all she knew, Gharavi could have lived anywhere in the country. After all, he "has officiated wrestling matches all over the United States." *See* Second Am. Cplt., at ¶ 1 (Dckt. No. 67).

The Court cannot say that Schwab "expressly aimed" her comments at Illinois if she didn't even know that Gharavi lived in Illinois.[1] *See Tamburo*, 601 F.3d at 703; *Hoffman*, 2012 WL 1021837, at *4.

True, Gharavi may have "experienced a particular injury or effect" in Illinois. *See Walden v. Fiore*, 571 U.S. 277, 290 (2014). But that's not enough. He must show that Schwab's social-media posts "connect[] [her] to the forum in a meaningful way." *Id.* Gharavi has not made that showing.

In short, "there has been no prima facie showing that [Schwab] expressly directed any tortious conduct *at the State of Illinois*, rather than at an Internet audience of fellow [parents]." *See Bittman v. Fox*, 2016 WL 2851566, at *8 (N.D. Ill. 2016) (emphasis added).

Gharavi has not carried his burden to show that Schwab belongs here. So she doesn't belong here.

**Conclusion**

For the foregoing reasons, Defendant Schwab's motion to dismiss (Dckt. No. 28) is hereby granted.

Date: March 14, 2025

Steven C. Seeger
United States District Judge

[1] In fact, it's not even clear whether Schwab's comments refer to Gharavi. One post describes "a certain YouTube channel." *See* Second Am. Cplt., Ex. F, at 8 of 101 (Dckt. No. 67-6). And in a reply to another user's comments which appear to reference Gharavi without explicitly naming him, Schwab asked "Is this a serious take?" *Id.* at 13 of 101. That's it. And that's hardly a clear reference to Gharavi. It's hard to see how the comments were defamatory, but this Court does not reach that question.