UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, and RIGHT CALL OFFICIALS, INC., ) ) ) | |
| Plaintiffs, ) ) | Case No. 24-cv-1969 |
| v. ) ) | Hon. Steven C. Seeger |
| FLOSPORTS, INC., CHRISTIAN PYLES, JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, ALLYSON SCHWAB, PATRICK MINEO, JON KOZAK, SKRAMBLE WRESTLING GEAR LLC, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, and JOHN DOES 1- 25, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

**ORDER**

Plaintiff Nima Gharavi runs a YouTube channel – Midwest Wrestle – where he posts videos of wrestling matches. Defendant Patrick Mineo is a Pennsylvania father and a fan of wrestling. Gharavi accuses Mineo of defaming him.

Mineo moved to dismiss the complaint for lack of personal jurisdiction, improper venue, and (apparently) for failure to state a claim.

The Court disagrees with Mineo. The Court has personal jurisdiction over him, and venue is proper in the Northern District of Illinois.

For the reasons set forth below, the motion to dismiss is denied.

**Background**

The Court assumes that any interested reader is familiar with the background of this case from the Court's prior opinions. *See generally* 3/14/25 Mem. Opin. & Order (Dckt. No. 80); *see also* 3/14/25 Order (Dckt. No. 81). In a nutshell, Gharavi alleges that various social-media users, including Mineo, defamed him in their online posts.

The Memorandum Opinion and Order contains a more comprehensive summary of the factual background. Here, the Court will supplement that background with additional facts

related to Mineo's conduct. In particular, this Court will summarize the substance of Mineo's social-media posts, which serve as the alleged basis for personal jurisdiction.

Defendant Patrick Mineo is a Pennsylvania citizen. *See* Second Am. Cplt., at ¶ 8 (Dckt. No. 67). He is "a concerned parent and fan of the sport of wrestling." *See* Def.'s Mtn. to Dismiss, at 1 (Dckt. No. 27).

Mineo sometimes posts on Facebook under the username "PatMineo22." *See* Second Am. Cplt., at ¶ 8 (Dckt. No. 67). He is also an administrator of a Facebook "group" called "The Wrestling Room." *Id.* Mineo also posts on the social-media platform X (formerly known as Twitter) under the handle "MrPatMineo." *See* Second Am. Cplt., Ex. J, at 3 of 36 (Dckt. No. 67-10).

In late December 2023, Mineo began posting about issues he observed in the wrestling community. In a post on X, he warned other parents about "a sinister network of people" who making "appalling" video content of youth-wrestling matches:

> Parents, coaches, tournament directors, etc. Be vigilant when it comes to your children and your athletes. Be vigilant as to who you are allowing into events and giving media passes to. Be vigilant as to who is trying to make wrestling content with your kids. Be aware of their online exposure and search regularly to see what is out there. Be aware of potential "grooming."
>
> There is a sinister network of people that use our sport for something very bad. The content and context that wrestlers are being presented in – even on platforms as simple as YouTube or TikTok – is appalling. Sadly, some of it is even considered "legal." Many are unaware of just how serious this is. If someone is actively trying to interview or make content with your minor child – this may seem exciting for them and maybe even gives you a sense of pride too, but please do your homework first – stay alert.
>
> Shoutout to all the good media folks in our sport, the ones who do it right.

*Id.* at 3 of 36 (cleaned up). Mineo also posted the same comments on Facebook. *Id.* at 14 of 36.

Other posts Mineo made on X refer to an unnamed individual who was "pushing" his videos "out to evil places." *Id.* at 5 of 36. Mineo called for this person to be "banished" from the wrestling community. But Mineo used only pronouns to describe this person:

> He's framing up these videos and then pushing them out to evil places resulting in millions of views. There's [sic] serious red flags. He has to be banished from the sport! Sickening.

*Id.* (cleaned up).

2

Mineo also thought that kicking this individual out of an Illinois wrestling tournament was "not enough":

> He was kicked out of Midlands – this is not enough. He's using our sport and his access for something very evil.

*Id.* at 9 of 36 (cleaned up).

Despite the use of pronouns rather than names, Gharavi says that these posts refer to him. *See* Second Am. Cplt., at ¶ 53 (Dckt. No. 67).

One of Mineo's comments stands out among the rest. In a January 2024 post on Facebook, Mineo "tagged" the Midwest Wrestle YouTube channel and included a link to that website. *See* Second Am. Cplt., Ex. J, at 18 of 36 (Dckt. No. 67-10).

Mineo called on his readers to remove videos of their children from that YouTube channel. *Id.* And he called on the Illinois High School Sports Association to "look into revoking this person's referee license." *Id.* He called on his readers to take action:

> Wrestling community:
>
> If you have children in the sport – especially in the Midwest area – go to @Midwest_Wrestle's YouTube channel and search their name. If there are any video's [sic] of them, try to get them removed from this sick person's channel ASAP. Contact everyone.
>
> There is something very wicked at work. The provocative thumbnails, the suggestive angles, the ultra [high definition] camera w[ith] subtle zooms + the millions of views (on a schoolboy level match?) and sickening comments included. These videos are def[initely] being pedaled [sic] somewhere, something is very off – we have to take action. This is a very serious matter at hand! The [Illinois High School Association] must also look into revoking this person's referee license. He cannot be allowed in a gym on a mat next to these kids. No more, it ends in 2024.

*Id.* at 18 of 36 (cleaned up).

In addition to "tagging" Gharavi's YouTube channel, Mineo "tagged" the Facebook account of the Illinois High School Association (IHSA). Gharavi is a registered wrestling official with the IHSA. *See* Second Am. Cplt., at ¶ 1 (Dckt. No. 67).

Some users commented on Mineo's post, agreeing with and thanking him for speaking up. *Id.* Mineo responded to many of these comments, which repeated the substance of his allegations. *See* Second Am. Cplt., Ex. J, at 18–19, 21–27, 29–30, 32–34 of 36 (Dckt. No. 67-10).

3

Other users seemed to question the accuracy of Mineo's allegations. *Id.* Mineo responded with images showing wrestling videos on pornographic websites. *Id.*

Based on the posts and comments, Gharavi sued Mineo for defamation *per se,* defamation *per quod*, false-light invasion of privacy, intentional infliction of emotional distress, and tortious interference with a business relationship. *See* Second Am. Cplt., at ¶¶ 76–108 (Dckt. No. 67).

Mineo moved to dismiss the complaint for lack of personal jurisdiction, improper venue, and (arguably) for failure to state a claim.

**Analysis**

This Court has issued two other rulings on motions to dismiss for lack of personal jurisdiction, filed by other Defendants. *See generally* 3/14/25 Mem. Opin. & Order (Dckt. No. 80); 3/14/25 Order (Dckt. No. 81). This Court dismissed four other Defendants, concluding that the complaint failed to allege concrete connections to Illinois.

The longer ruling summarized the case law. *See generally* 3/14/25 Mem. Opin. & Order (Dckt. No. 80). The reasoning in that opinion suffices to resolve Mineo's motion to dismiss, but the Court will offer some additional analysis applying that reasoning to Mineo.

In that opinion, the Court noted that "sometimes online communications do give rise to personal jurisdiction. In those cases, courts require some extra connection to the forum state, above and beyond saying something on the internet." *Id.* at 20.

Mineo meets that requirement. He has a concrete connection to Illinois.

Specifically, Mineo called for people to take action in the state of Illinois. He called on the Illinois High School Association to "look into revoking this person's referee license." *See* Second Am. Cplt., Ex. J, at 18 of 36 (Dckt. No. 67-10). The rest of the post made clear that "this person" was Gharavi.[1]

That call for action in Illinois is enough to establish personal jurisdiction in Illinois. Mineo "expressly aimed" his comments at an entity in Illinois, hoping for and requesting action in this state. *See Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010).

"Specific jurisdiction exist[s] because [Mineo] encouraged people in Illinois to do something in Illinois. . . . 'This is enough for a prima facie case of personal jurisdiction under *Calder*'s "express aiming" test for personal jurisdiction in intentional-tort cases.'" *See* 3/14/25 Mem. Opin. & Order, at 21 (Dckt. No. 80) (quoting *Tamburo*, 601 F.3d at 706).

In addition, Mineo "tagged" the entity he was calling on to take action. *See* Second Am.

---

[1] In any case, whether Mineo was referring to Gharavi is a question that speaks to the merits of Gharavi's defamation-based claims. All that matters for personal-jurisdiction purposes is that Mineo clearly aimed his comments at Illinois.

Cplt., Ex. J, at 18 of 36 (Dckt. No. 67-10). "[T]agging" a social-media page is akin to "sen[ding] open letters." *See Majumdar v. Fair*, 567 F. Supp. 3d 901, 911 (N.D. Ill. 2021). And that's enough to show Mineo "expressly aimed" his comments at Illinois. *Id.*

In addition, by speaking directly to the IHSA, Mineo "tailored" his comments to an Illinois audience. *See Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 863 (E.D. Mich. 2019). That's the quintessential "extra connection to the forum state" required for personal jurisdiction in a case concerning online speech. *See* 3/14/25 Mem. Opin. & Order, at 20–21 (Dckt. No. 80).

In short, Gharavi has made the required "prima facie showing that [Mineo] expressly directed [] tortious conduct at the State of Illinois." *See Bittman v. Fox*, 2016 WL 2851566, at *8 (N.D. Ill. 2016).

So this Court has personal jurisdiction over Mineo for Gharavi's claims about Mineo's social-media activity.

Mineo also challenges the complaint for improper venue. But venue is proper in the Northern District of Illinois because "a substantial part of the events or omissions giving rise to the claim occurred" here. *See* 28 U.S.C. § 1391(b)(2).

While the Court cannot consider where Gharavi felt the effects of the alleged defamation for personal jurisdiction, it *does* consider the location of the effects for venue purposes. *See Doe v. Lee*, 2019 WL 247536, at *3 (N.D. Ill. 2019) ("Venue is proper in the Northern District of Illinois because the events giving rise to Plaintiff's defamation claim, *i.e.*, the reputational harm suffered, occurred in Illinois.") (alterations in original); *Basile v. Prometheus Glob. Media, LLC*, 2016 WL 2987004, at *5 (N.D. Ill. 2016) (citing *Kamelgard v. Macura*, 585 F.3d 334, 342 (7th Cir. 2009)) ("The principal injury giving rise to a defamation claim occurs where [the plaintiff]'s reputation would suffer the most harm – where she lives and works and where the people with whom she has personal or commercial relationships reside. . . . Thus, the Northern District of Illinois is the 'judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.'"); *Wagner v. Landair Transp., Inc.*, 2024 WL 554284, at *1 (S.D. Ind. 2024) (finding venue proper under § 1391(b)(2) because the "alleged defamation affects [the plaintiff] here").

The rules for venue differ from the rules for personal jurisdiction. And this difference makes sense. After all, the effect on the plaintiff – *i.e.*, the injury – is a "substantial part of the events . . . giving rise the claim." *See* 28 U.S.C. § 1391. A claim requires an injury.

Personal jurisdiction is about where the defendant's conduct takes place – that is, where the speech or conduct is directed. Venue takes into account where the effects are felt, because the location of the injury matters.

Here, Gharavi experienced the effects of the alleged defamation in the Northern District of Illinois, so venue is proper here.

Last, reading the Mineo's motion generously, it appears that he moves to dismiss for failure to state a claim. *See* Def.'s Mtn. to Dismiss, at 1 (Dckt. No. 27) ("I am asking the Court to Dismiss this case due to . . . the 4 corners of the complaint not being pled with enough specificity as it relates to me."); *see also id.* at 2 ("The allegations don't meet the standard for defamation in Illinois.").

In other words, Mineo says that Gharavi has not pleaded his allegations with enough specificity to survive. And he says that the allegations do not state a claim of defamation.

But those are entirely conclusory arguments. And the Court does not need to consider arguments without any meat on the bones. "It is well established in our precedents that skeletal arguments may be properly treated as waived." *Moore v. Dart*, 2024 WL 361240, at *9 (N.D. Ill. 2024) (quoting *Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011)).

The Court has nothing to go on, so it cannot consider Mineo's two-sentence argument that Gharavi's allegations fail to state a claim.

This Court is not issuing a ruling on whether the statements in question constituted defamation. This Court is simply holding that the motion to dismiss does not come forward with a basis to dismiss the complaint for failure to state a claim. The factual and legal sufficiency of the claims is a question for another day. The merits of the claims will have to wait.

## Conclusion

For the foregoing reasons, Defendant Mineo's motion to dismiss (Dckt. No. 27) is hereby denied.

Date: March 14, 2025

_____
Steven C. Seeger
United States District Judge