IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, and RIGHT CALL OFFICIALS, INC., *Plaintiffs*, v. JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, and JOHN DOES 1-25. *Defendants*. | **Case No.** 1:24-cv-1969 **Judge:** Honorable Steven C. Seeger **Magistrate Judge:** Honorable Beth W. Jantz |

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT JOSEPH CORSINI'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................... 1
II. STATEMENT OF FACTS ................................................................................................. 1
III. RELEVANT LEGAL STANDARD .................................................................................. 2
IV. ARGUMENT ....................................................................................................................... 3
   A.    This Court has Personal Jurisdiction Over Corsini. ......................................................... 3
V. CONCLUSION ................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*BRABUS GmbH v. Individuals Identified on Schedule A Hereto*,
 2022 WL 7501046 (N.D. Ill. Oct. 13, 2022)..................................................................6
*Burger King Corp.* v. Rudzewicz,
 471 U.S. 462 (1985)........................................................................................................3
*Calder v. Jones*,
 465 U.S. 783 (1984).....................................................................................................4, 5
*Curry v. Revolution Laboratories, LLC*,
 949 F.3d 385, 389 (7th Cir. 2020) ...............................................................................4, 5
*Daimler AG v. Bauman*,
 571 U.S. 117 (2014)........................................................................................................3
*Felland v. Clifton*,
 682 F.3d 665 (7th Cir. 2012) .......................................................................................3, 5
*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 564 U.S. 915 (2011)........................................................................................................3
*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 (1945)........................................................................................................2
*Majumdar v. Fair*,
 567 F. Supp. 3d 901 (N.D. Ill. 2021) .............................................................................4
*Matlin v. Spin Master Corp.*,
 921 F.3d 701 (7th Cir. 2019) ..........................................................................................2
*Nw. 1 Trucking Inc. v. Haro*,
 613 F. Supp. 3d 1081 (N.D. Ill. 2020) ...........................................................................6
*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*,
 338 F.3d 773 (7th Cir. 2003) ..........................................................................................2
*Tamburo v. Dworkin*,
 601 F.3d 693 (7th Cir. 2010) .......................................................................................4, 5
*uBID, Inc. v. GoDaddy Group, Inc.*,
 623 F.3d 421  (7th Cir. 2010) .........................................................................................6
*World-Wide Volkswagen Corp. v. Woodson*,
 444 U.S. 286 (1980)........................................................................................................3

**RULES AND STATUTES**

Fed. R. Civ. P. 4(k)(1)(A) ......................................................................................................3
Fed. R. Civ. P. 12(b)(2)..........................................................................................................4
735 Ill. Comp. Stat. Ann. 5/2-209(a)(2)................................................................................4

Plaintiffs, NIMA GHARAVI ("Gharavi") and RIGHT CALL OFFICIALS, INC. ("Right Call Officials, Inc.") (collectively, "Plaintiffs"), by counsel, SWANSON, MARTIN & BELL, LLP, for their Response in Opposition to the Motion to Dismiss the Second Amended Complaint (the "Complaint") (Dkt. 67) of Defendant JOSEPH CORSINI ("Corsini") (the "Motion") (Dkt. 86), state as follows:

## I. INTRODUCTION

Corsini made a series of false statements that accuse Gharavi of vile and serial criminal and sexual misconduct with knowledge of their falsity or with reckless disregard as to whether his statements were true, all for the alleged purpose of intentionally injuring Plaintiffs, interfering with Plaintiffs' business, and causing Gharavi severe emotional distress. Moreover, Corsini knew Gharavi lived in Illinois and intentionally directed Illinois residents to take action against him in Illinois, thereby purposefully availing himself to personal jurisdiction in the Northern District. In his Motion, Corsini fails to cite to any law in support of his argument that this Court lacks personal jurisdiction over him. On the contrary, both the case law and the prior issued opinions of this Court demonstrate that Corsini has a concrete connection to Illinois, and thus this Court has personal jurisdiction over him.

## II. STATEMENT OF FACTS

Plaintiff Nima Gharavi, individually and through his company, Right Call Officials, Inc., has officiated hundreds of wrestling matches for established organizations over a period of many years. Dkt. 67, ¶¶1, 19-20. In addition, Gharavi regularly records wrestling matches across the United States and posts high-quality, edited videos of the matches on his popular Midwest Wrestle YouTube channel (hereinafter "Gharavi's YouTube Videos"). Dkt. 67, ¶¶21-25. Corsini registered and authors posts on the social media platform InterMatWrestle.com under the username

1

"flyingcement," which is accessed by users across the United States. Dkt. 67, ¶12.

On December 30, 2023, Corsini published and re-posted public social media posts accusing Gharavi of intentionally allowing pornographic websites to embed his videos into their own website in an attempt to increase viewership and accusing Plaintiffs' of "endangering children for money." Dkt. 67, ¶¶140, 145.

As a direct result of Corsini's conduct, Mr. Gharavi has suffered severe injury to his character and reputation in his peer and professional communities, as well as diminished future prospects for recording, endorsement, and sponsorship opportunities and contracts. Dkt. 67, ¶¶144-145, 149-150, 167. Mr. Gharavi has suffered great financial harm and extreme emotional distress. Dkt. 67, ¶¶156, 161.

### III. RELEVANT LEGAL STANDARD

When the Court rules on a motion to dismiss for lack of personal jurisdiction, the plaintiff need only establish a *prima facie* case of personal jurisdiction; in evaluating whether the pr*ima facie* standard has been satisfied, disputes concerning relevant facts on the record are resolved in the plaintiff's favor. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

A federal court sitting in diversity can exercise jurisdiction over a defendant where "authorized both by Illinois law and by the United States Constitution." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). To satisfy the Due Process Clause, a defendant must have "minimum contacts with the forum state" such that the maintenance of the suit does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts exist where a defendant's "conduct and connection" with the forum state are such that he should reasonably anticipate being hailed into court there."

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Federal courts typically adhere to state law when defining their jurisdictional limits, which often involve examining state long-arm statutes. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). *See also* Fed. R. Civ. P. 4(k)(1)(A). Personal jurisdiction may be either general or specific.

In Illinois, a defendant is subject to general personal jurisdiction where its contacts with the forum state are so substantial that it can be considered "constructively present" or "at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). *See also Daimler,* 571 U.S. 117 at 126. Specific personal jurisdiction exists where: (1) the defendant purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; and (2) the alleged injury arose from the defendant's forum-related activities. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). The Court's exercise of specific jurisdiction must also comply with "traditional notions of fair play and substantial justice" under the Due Process Clause. *Felland*, 682 F.3d at 673. The court must balance several factors, including: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

**IV.**     **ARGUMENT**

    **A.**     **This Court has Personal Jurisdiction Over Corsini.**

Corsini blanketly argues that Plaintiffs' Complaint be dismissed against him "due to lack of personal jurisdiction" – without any citation to applicable case law. On the contrary, this Court has personal jurisdiction over Corsini, and its exercise of personal jurisdiction would not offend

3

due process. As such, Corsini's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) fails and must be denied.

The Seventh Circuit has held that a defendant's activities may be purposefully directed at the forum state even in the "absence of physical contacts" with the forum. *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 389 (7th Cir. 2020). Moreover, Illinois' long-arm statute extends the jurisdiction of Illinois courts to individuals who commit tortious acts within the state. 735 Ill. Comp. Stat. Ann. 5/2-209(a)(2). In a case concerning intentional torts, specific jurisdiction is proper where there is: (1) intentional tortious conduct; (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt (*i.e.* that the plaintiff would be injured) in the forum state. *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010) (*citing Calder v. Jones*, 465 U.S. 783 (1984)).

For instance, in *Majumdar*, a Virginia defendant and Georgetown professor, posted homophobic and "caste-based" remarks on social media about plaintiff, an Illinois resident and University of Chicago professor, and claimed that the plaintiff sexually assaulted a student. *Majumdar v. Fair*, 567 F. Su4pp. 3d 901, 908 (N.D. Ill. 2021). Hundreds of users responded to defendant's posts calling plaintiff a "predator." *Id.* This Court denied the defendant's motion to dismiss for lack of personal jurisdiction, holding that the injury to plaintiff's reputation among members of the University of Chicago community in Illinois clearly connected defendant's social media campaign to the state of Illinois. *Id.* at 910. This Court recognized that personal jurisdiction was proper in Illinois not only because this state is where the plaintiff's reputational injury occurred, but also because the defendant "reached out" into Illinois by making allegedly defamatory statements targeting Illinois social media users, and because defendant's statements were intended to cause Illinois residents "to take action against plaintiff." *Id.*, at 913-14.

4

This case substantially mirrors the facts in *Majumdar*. Non-resident Corsini intentionally reached into Illinois by disparaging Gharavi, an Illinois-based wrestling official, and encouraged others to take action against him in Illinois. Dkt. 67, ¶¶140, 145. Specifically, Corsini identified Nima Gharavi and Midwest Wrestle as residing in Illinois (Dkt. 67-13, p. 3) and posted that "if the authorities are doing nothing about this…the right thing to do is to take it into your hands." (Dkt. 67-13, p. 8). *See Calder*, 465 U.S. at 791(upholding personal jurisdiction over foreign defendants where their "intentional conduct" was "calculated to cause injury" to the plaintiff in the forum state and maintaining the public policy that "[a]n individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California); *Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012) (Seventh Circuit "found sufficient to establish the minimum contacts necessary to satisfy the due-process requirements for jurisdiction" over an Arizona defendant in Wisconsin where the defendant was aware plaintiffs lived in Wisconsin, directed communications to Plaintiffs in Wisconsin, and knew that the harm would be felt in Wisconsin); *Tamburo v. Dworkin*, 601 F.3d 693, 697 (7th Cir. 2010) (Seventh Circuit found personal jurisdiction existed in Illinois over foreign defendants on plaintiff's intentional tort claims, reasoning that the defendants used their websites to defame and tortiously generate a consumer boycott against plaintiff, knowing that he lived and operated his software business in Illinois and would be injured there).

The exercise of personal jurisdiction over Corsini also comports with traditional notions of fair play and justice. When a plaintiff has presented an adequate showing of minimum contacts, that showing is generally defeated only where the *defendant* demonstrates that exercise of jurisdiction would be "unreasonable" due to other considerations. *Curry*, 949 F.3d at 402. Yet, the Seventh Circuit has held that, "[t]here is no unfairness in requiring [a defendant] to defend [a]

5

lawsuit in the courts of the state where, through the very activity giving rise to the suit, it continues to gain so much." *Id.* citing *uBID, Inc. v. GoDaddy Group, Inc*., 623 F.3d 421, 433 (7th Cir. 2010). Similarly, here, it is fair for Corsini to defend a lawsuit in Illinois. *See also Nw. 1 Trucking Inc. v. Haro*, 613 F. Supp. 3d 1081 (N.D. Ill. 2020) (this Court denied foreign defendant's motion to dismiss where defendants continuously pursued plaintiff on a Chicago-based phone number); *BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, 2022 WL 7501046 (N.D. Ill. Oct. 13, 2022) (this Court found personal jurisdiction where so little as *one*[1] limited interaction between foreign defendant and an Illinois resident constituted purposeful availment).

In his Motion, Corsini relies upon (and apparently incorporates by reference rather than citing to any of the caselaw therein) this Court's opinions on current and former defendants' motions to dismiss. However, Corsini fundamentally misinterprets the Court's order and opinion denying Defendant Patrick Mineo's ("Mineo") motion to dismiss (Dkt. 82). Of note, this Court found that the Northern District of Illinois *did* have personal jurisdiction over Mineo because he named Mr. Gharavi by name and tagged his @MidwestWrestle account on social media. *See* Dkt. 82, p. 4. Additionally, this Court held that because Mineo referred to Mr. Gharavi by name and encouraged the Illinois High School Association to take action against him *in Illinois*, that Mineo had a "concrete connection to Illinois." *Id.*

Corsini, like Mineo, identifies both "Nima Gharavi" individually and by his social media handle @MidwestWrestle, and states explicitly that Mr. Gharavi lives in Illinois.

---

[1] Corsini targeted Gharavi *several* times on his social media posts. *See* Dkt. 20, ¶140.

6



Dkt. 67-13, p. 6. Corsini also encourages violence against Mr. Gharavi *in Illinois*.



Dkt. 67-13, pp. 8.



Dkt. 67-13, p. 16. In fact, just two days after these posts, Gharavi's home in Chicago was broken into. Dkt. 67, ¶64. Just as this Court analyzed in Mineo's case, Corsini calls upon Illinois residents

7

to take action against another Illinois resident. This gives Corsini a "concrete connection to Illinois" justifying personal jurisdiction. As such, Corsini's Motion must be denied.

## V.  CONCLUSION

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the entry of an order denying Defendant JOSEPH CORSINI's Motion to Dismiss Plaintiffs' Second Amended Complaint and granting Plaintiffs such other and further relief deemed fair and reasonable by this Honorable Court.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated:  May 8, 2025         By: */s/ Nicole O'Toole Peterson*

Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (ARDC #6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com