IN UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIMA GHARAVI, et al | ) | |
| | ) | |
| Plaintiffs, | ) | 24 CV 1969 |
| | ) | |
| v. | ) | |
| | ) | |
| FLOSPORTS INC. et al | ) | |
| | ) | |
| Defendants. | ) | |

**JOSEPH CORSINI'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Defendant Joseph Corsini files this Reply Brief in support of his Motion to Dismiss the claims against him for lack of personal jurisdiction per FRCP 12(b)(2). In support Corsini states as follows:

In his Motion to Dismiss, Corsini examined the sixteen social media posts attributed to him. The posts were attached to Plaintiffs' Complaint as exhibits. Using the Court's rulings as to defendants Pyles, Kozak, Schwab and Mineo as a jumping off point, Corsini explained that, collectively and individually, the posts did not establish personal jurisdiction in Illinois.

In their Response, Plaintiffs repeat the case law that the Court discussed and analyzed in its opinions and orders regarding the other defendants, including *Majumdar v. Fair*, 567 F. Supp. 3d 901 (N.D. Ill. 2021), on which Plaintiffs heavily rely. Plaintiffs argue that "this case substantially mirrors the facts in *Majumdar*." (Response p. 5). In fact, it does not.

Of the sixteen posts included in the exhibits to the Complaint, Plaintiffs identify only three posts. On page 5 of their Response, Plaintiffs do not bother to quote those posts in full, but Plaintiffs reproduce the posts on page 7 of their Response.

Of the three posts, only one post mentions Illinois. The first post simply says that Plaintiff Gharavi lives in Illinois.

The second post is bombastic, but contains caveats e.g., "if the authorities are doing nothing about this" and "[if] someone actually knows this to be true" and advocates no specific action in Illinois or elsewhere. Further the post is immediately followed by a post that encourages respect for the law:

> *"We need practitioners of the law to focus on spirit of the law and use some human judgment. On the other hand, promotion of blind, letter-of-the-law rule following seems like something that would sow the seeds of anarchy. If the law can be proven to be more reasonable, anarchy is unnecessary."* Doc. 67-13, p. 8.

Likewise, the third post is bombastic but does not refer specifically to Gharavi and does not advocate any specific action in Illinois or elsewhere.

As the Court discussed in its Order finding jurisdiction over Mineo, Mineo's posts encouraged the IHSA to take specific action against Ghvardi (i.e. "look into revoking" Ghvardi's referee license) and encouraged others to contact the IHSA. Mineo also "tagged" the IHSA, which is the equivalent of speaking directly to the IHSA. By mentioning and tagging the IHSA, Mineo's conduct was "tailored" to an Illinois audience.

The same fact pattern was present in *Majumdar*. As the Court's discussion of *Majumdar* makes clear, the defendant's posts tagged the University of Chicago, where plaintiff was employed and encouraged the University of Chicago to take action against the plaintiff. See Memorandum Opinion and Order re: FloSports, Pyles and Kozak, pp. 20-21.

In contrast, Corsini's only mention of Illinois is in the first post flagged by Plaintiffs. Corsini simply says that Ghvardi lives in Illinois. In Corsin's fifteen other posts, there is no mention of Illinois or an Illinois regulatory body like the IHSA.

As the Court said in its discussion of Schwab's posts. "There is no apparent tie to Illinois, except for the fact that Gharavi lives here." The same is true for Corsini, except for the fact that Corsini (based on someone else's posts) identified Gharavi as living in Illinois. But identifying Gharavi's place of residence is not the equivalent of tailoring communication to an Illinois audience, such as the IHSA.

Corsin mentioned, in passing, that Ghavadi lived in Illinois, but Corsini's posts were not Illinois specific, or Illinois directed. Collectively, Corsini's posts show that he was talking to a general social media audience of anyone who would engage with him, not an Illinois-based audience.

For these reasons, the Court lacks personal jurisdiction over Corsini and Plaintiffs' claims should be dismissed.

JOSEPH CORSINI

/s/ Adam Kingsley
By: Adam Kingsley, his attorney

Adam Kingsley
Kingsley Law Group
2212 W. Eastwood Ave.
Chicago, IL 60625
773-218-7208
adam@kingsleylawgroup.com