**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-1969 |
| JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25. | **Judge:** Honorable Steven C. Seeger |
| | **Magistrate Judge:** Honorable Beth W. Jantz |
| Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT *INSTANTER***

NOW COME Plaintiffs, NIMA GHARAVI ("Mr. Gharavi") and RIGHT CALL OFFICIALS, INC. ("Right Call Officials, Inc.") (collectively, "Plaintiffs"), by counsel, SWANSON, MARTIN & BELL, LLP, and, pursuant to Fed. R. Civ. Pro. 15(a)(2) and this Court's April 1, 2025 Order (Dkt. 85), move this Honorable Court for leave to file a Third Amended Complaint *Instanter*. In support thereof, Plaintiffs state as follows:

1.      In this case Plaintiffs alleged theories of defamation, invasion of privacy, intentional infliction of emotional distress, unfair competition, material misrepresentation, unjust enrichment, and doxing against previously-named Defendants FLOSPORTS, INC. ("FloSports"), CHRISTIAN PYLES ("Pyles"), JESSICA PRESLEY ("Presley"), MATSCOUTS, LLC ("MatScouts"), WILLIE SAYLOR ("Saylor"), ALLYSON SCHWAB ("Schwab"), PATRICK MINEO ("Mineo"), JON KOZAK ("Kozak"), SKRAMBLE WRESTLING GEAR LLC

("Skramble"), STEPHEN KOLANKOWSKI ("Kolankowski"), and JOHN DOES 1-25, arising out of a series of social media posts and other statements by the Defendants about Plaintiffs.

2.      This case was initially filed on March 8, 2024, against FloSports, Pyles, Presley, MatScouts, Saylor, Schwab, Mineo, Kozak, Skramble, Kolankowski, and twenty-five unidentified John Does (the "Original Defendants"). Dkt. 1.

3.      On April 10, 2024, Plaintiffs filed their Amended Complaint against the Original Defendants, removing three allegations and one exhibit from the original complaint. Dkt. 20.

4.      This Court entered default under Rule 55(a) against Presley on July 15, 2024 (Dkt. 44), against Skramble and Kolanskowski on October 17, 2024 (Dkt. 45), and against Saylor and MatScouts on November 6, 2024 (Dkt. 62).

5.      The Parties have been engaged in discovery in this matter. *See generally* Dkt. No. 51. Specifically, Plaintiffs have propounded discovery requests on the Defendants and issued subpoenas to third parties.

6.      In so doing, Plaintiffs discovered the identity of Defendant John Doe No. 1, the social media user known as @flyingcement, as an individual named Joseph Corsini ("Corsini"). On December 27, 2024 Plaintiffs filed a Motion for leave to file a Second Amended Complaint adding Corsini as a defendant. *See* Dkt. Nos. 66 and 67.

7.      On December 30, 2024, this Court granted Plaintiffs' Motion to file a Second Amended Complaint adding Corsini as a defendant. Dkt. 68.

8.      On March 4, 2025, Plaintiffs voluntarily dismissed Skramble as a defendant. Dkt. 78.

9.      FloSports, Pyles, Kozak, and Schwab were dismissed as Defendants for lack of personal jurisdiction on March 14, 2025. *See* Dkt. Nos. 80, 81.

10.     Mineo's Motion to Dismiss Plaintiffs' Amended Complaint was denied on March 14, 2025. Dkt. 82.

11.     On April 1, 2025 this Court set a deadline of May 23, 2025 for any motion to amend the complaint. Dkt. 85.

12.     On April 14, 2025 Corsini filed a Motion to Dismiss Plaintiffs's Second Amended Complaint. Dkt. 86. Plaintiffs filed a response in opposition on May 8, 2025. Dkt. 88. Corsini filed his reply in support on May 22, 2025. Dkt. 89.

13.     Also during the course of discovery in this matter, Plaintiffs have discovered Defendant John Doe No. 2, the social media user known as @Jagger712, made additional defamatory statements regarding Plaintiffs in his social media posts on X.

14.     Upon information and belief, Plaintiffs have discovered @Jagger712's identity to be Ian Jagger, a resident of New Jersey ("Jagger").

15.     Also during the course of discovery in this matter, Plaintiffs have discovered Defendant John Doe No. 3, the social media user known as @ Antitroll2828, made additional defamatory statements regarding Plaintiffs in his social media posts on X.

16.     Upon information and belief, Plaintiffs have discovered @ Antitroll2828's identity to be John Davidson, a resident of New Jersey ("Davidson").

17.     Federal Rule of Civil Procedure 15 governs amendments to pleadings. Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading with the Court's permission, which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co*., 800 F.3d 343, 357-58 (7th Cir. 2015).

3

18.     Plaintiffs' allegations against the existing Defendants will remain unchanged and this amendment should have no impact on Corsini's pending Motion to Dismiss.

19.     Here, there is no good reason to deny Plaintiffs' request. First, the proposed amendment is not futile as it seeks to plead claims against other potentially culpable individuals, Jagger and Davidson, and does not seek to disturb the allegations against existing Defendants.

20.     Second, there is no undue delay or prejudice suffered by any existing Defendant as Plaintiffs are seeking to amend timely after acquiring new information pertaining to the parties in this matter. In the Seventh Circuit, the factors of delay and undue prejudice go hand-in-hand, and delay is generally an insufficient reason to deny a motion for leave to amend absent a showing of prejudice. *See Dubicz v. Comm. Edison Co*., 377 F.3d 787, 793 (7th Cir. 2004).

21.     Lastly, Plaintiffs are not acting in bad-faith by bringing this motion. Courts find bad faith in circumstances where there is plainly no legal or factual basis for an amendment or where the purpose of the motion is for some ulterior motive beyond the merits. *See Figgie Intern. Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992) (affirming district court's denial of leave to amend on grounds that plaintiff repeatedly and intentionally mischaracterized evidence cited in support of amendment); *Member Select Ins. Co. v. Cub Cadet, LLC*, No. 16-cv-436(JD)(PRC), 2017 WL 563161, *3 (N.D. Ind. Feb. 13, 2017) (proposed amendment that added parties to destroy diversity jurisdiction and send case back to plaintiff's preferred state court forum was made in bad faith). Here, there are no such circumstances.

22.     For these reasons, Plaintiffs respectfully request leave to file their Third Amended Complaint *Instanter* (attached hereto as **Exhibit 1**) in this matter on or before May 23, 2025.

WHEREFORE, Plaintiffs respectfully request this Court enter and order granting Plaintiffs' Motion for Leave to File their Third Amended Complaint *Instanter* in this matter on or before May 23, 2025, and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: May 22, 2025

By:*/s/ Nicole O'Toole Peterson*
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com