



**FILED**
8/8/2025
AXM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISATRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois Corporation, <br><br> Plaintiffs, <br><br><br> v. <br><br><br> JESSICA PRESLEY, MATSCOUTS., LLV, WILLIE SAYLOR, PATRICK MINEO< STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, JOHN DOES 4-25, <br><br> Defendants. | Case No. 1:24-cv-1969 <br><br> **Judge:** Hon. Steven C. Seeger, U.S.D.J. <br><br> **Magistrate:** Beth W. Jantz, U.S.M.J. |

**ANSWER TO THIRD AMENDED COMPLAINT**
**ON BEHALF OF PATRICK MINEO, PRO SE**

**PARTIES**

1. Defendant lacks sufficient information to admit or deny the allegation.

2. Defendant lacks sufficient information to admit or deny the allegation.

3. Defendant lacks sufficient information to admit or deny the allegation.

4. Defendant lacks sufficient information to admit or deny the allegation.

5. Admit the defendant is a resident of the State of Pennsylvania but denied that he posts under the Facebook username "PatMineo22".

6. Defendant lacks sufficient information to admit or deny the allegation.

7. Defendant lacks sufficient information to admit or deny the allegation.

8.  Defendant lacks sufficient information to admit or deny the allegation.

9.  Defendant lacks sufficient information to admit or deny the allegation.

10. Defendant lacks sufficient information to admit or deny the allegation.

## JURISDICTION AND VENUE

11. Denied.

12. Denied.

13. Denied.

## NATURE OF THE CASE

14. Denied.

15. Denied.

## FACTUAL ALLEGATIONS

16. Defendant lacks sufficient information to admit or deny the allegation.

17. Defendant lacks sufficient information to admit or deny the allegation.

18. Defendant lacks sufficient information to admit or deny the allegation.

19. Admit.

20. Admit that plaintiff video records wrestling matches, the purpose of which is not apparent.

21. Admit that plaintiff video records wrestling matches which he posts on his You Tube channel Midwest Wrestle.

22. Defendant lacks sufficient information to admit or deny the allegation.

23. Defendant lacks sufficient information to admit or deny the allegation.

24. Defendant lacks sufficient information to admit or deny the allegation.

25. Defendant lacks sufficient information to admit or deny the allegation.

26. Defendant lacks sufficient information to admit or deny the allegation.

27. Defendant lacks sufficient information to admit or deny the allegation.

28. Admit.

29. Defendant lacks sufficient information to admit or deny the allegation.

30. Defendant lacks sufficient information to admit or deny the allegation.

31. Denied.

32. Denied.

33. Defendant lacks sufficient information to admit or deny the allegation.

34. Defendant lacks sufficient information to admit or deny the allegation.

35. Defendant lacks sufficient information to admit or deny the allegation.

36. Defendant lacks sufficient information to admit or deny the allegation.

37. Denied.

38. Defendant lacks sufficient information to admit or deny the allegation.

39. Defendant lacks sufficient information to admit or deny the allegation.

40. Defendant lacks sufficient information to admit or deny the allegation.

41. Defendant lacks sufficient information to admit or deny the allegation.

42. Denied.

43. Defendant lacks sufficient information to admit or deny the allegation.

44. Denied plaintiff was confronted and that such statements were defamatory.

45. Denied.

46. Defendant lacks sufficient information to admit or deny the allegation.

47. Denied.

48. Defendant lacks sufficient information to admit or deny the allegation.

49. Defendant lacks sufficient information to admit or deny the allegation.

50. Defendant lacks sufficient information to admit or deny the allegation.

51. Defendant lacks sufficient information to admit or deny the allegation.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## **COUNT I**

61. Defendant repeats and realleges its responses to paragraphs 1-60.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## **COUNT II**

69. Defendant repeats and realleges its responses to paragraphs 1-60.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## **COUNT III**

75. Defendant repeats and realleges its responses to paragraphs 1-60.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## **COUNT IV**

82. Defendant repeats and realleges its responses to paragraphs 1-60.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## **COUNT V**

87. Defendant repeats and realleges its responses to paragraphs 1-60.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## **COUNT V**

94. Defendant repeats and realleges its responses to paragraphs 1-60.

95. Defendant makes no response to this allegation as it is directed to other parties.

96. Defendant makes no response to this allegation as it is directed to other parties.

97. Defendant makes no response to this allegation as it is directed to other parties.

98. Defendant makes no response to this allegation as it is directed to other parties.

99. Defendant makes no response to this allegation as it is directed to other parties.

100. Defendant makes no response to this allegation as it is directed to other parties.

101. Defendant makes no response to this allegation as it is directed to other parties.

102. Defendant makes no response to this allegation as it is directed to other parties.

103. Defendant makes no response to this allegation as it is directed to other parties.

104. Defendant makes no response to this allegation as it is directed to other parties.

**WHEREFORE,** Defendant respectfully requests that this Court dismiss any and all claims asserted in the Third Amended Complaint with prejudice, and awarding costs, and any attorney fees that may be incurred.

## CROSS CLAIMS FOR CONTRIBUTION AS TO ALL CODEFENDANTS

Defendant denies any and all allegations of negligent and/or intentional conduct and asserts claims for contribution against all codefendants pursuant to Illinois Joint Tortfeasor Contribution Act. 740 ILCS 100 et seq.

## CROSS CLAIMS FOR COMMON LAW INDMENIFICAION

Defendant denies any and all allegations of negligent and/or intentional conduct and asserts claims for common law indemnification against all codefendants.

## **SEPARATE DEFENSES**

1.  The Third Amended Complaint fails to state a claim upon which relief can be granted as a matter of law as the allegations against Defendant Mineo are vague, conclusory, and lack sufficient factual basis to establish liability.

2.  To the extent any statements attributed to Defendant were made (which Defendant denies), such statements were true or substantially true, and therefore not actionable as defamation or false light.

3.  Any statements attributed to Defendant constitute non-actionable opinions or rhetorical hyperbole, protected under the First Amendment to the United States Constitution.

4. Plaintiffs have failed to plead or demonstrate that Defendant acted with actual malice, as required for defamation and false light claims involving public figures or matters of public concern.

6. Any statements attributed to Defendant are protected by qualified privilege, including but not limited to the privilege of fair comment on matters of public interest (SLAPP) as codified in Illinois as the Citizen Participation Act.  736 ILCS 110, et seq. and must be dismissed.

7. To the extent any claims are based on statements made more than one year prior to the filing of the amended Complaint, such claims are barred by the applicable statute of limitations under Illinois law.

8.  Plaintiffs have failed to mitigate their alleged damages, if any, by taking reasonable steps to address the alleged harm.

9.  The alleged statements are protected by the First Amendment to the United States Constitution, as they pertain to matters of public concern and do not constitute actionable defamation or false light.

10.  The claims asserted are frivolous and lack any basis in fact or in law.

11.  The Court lacks subject matter jurisdiction over the matters alleged.  Like Defendant Patrick Mineo, Willie Saylor is a resident of the State of Pennsylvania, not Idaho, as a result, the matter lacks complete diversity.

12.  The Court lacks personal jurisdiction over the Defendant.

13.  The matter must be dismissed to insufficient service of process.


## JURY DEMAND

Defendant hereby demands a trial by jury on all issues.


Respectfully submitted,


Defendant Patrick Mineo, Pro Se
1343 Adams Street
Northampton, PA 18067
patrickmineo22@gmail.com