**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, | |
| Plaintiffs, | Case No. 1:24-cv-1969 |
| v. | **Judge:**<br>Honorable Steven C. Seeger |
| JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO , STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25. | **Magistrate Judge:**<br>Honorable Beth W. Jantz |
| Defendants. | |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT PATRICK MINEO'S AFFIRMATIVE DEFENSES

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, hereby moves this Court to strike affirmative defenses filed by Defendant, Patrick Mineo ("Mineo") pursuant to Federal Rule of Civil Procedure 12(f), and in support thereof, states as follows:

### BACKGROUND

This action was initially filed on March 8, 2024. (ECF No. 1). Plaintiffs filed an Amended Complaint on April 10, 2024. (ECF No. 20.) On May 13, 2024, Mineo moved to dismiss the Amended Complaint, asserting lack of personal jurisdiction, improper venue, and failure to state a claim. (ECF No. 27.) The Court denied Mineo's motion, concluding that it has personal jurisdiction over Mineo, that venue is proper, and that Mineo failed to establish grounds for dismissal under Rule 12(b)(6). (ECF No. 82).

Plaintiffs subsequently filed their Third Amended Complaint on May 29, 2025. (ECF No. 92.) Mineo filed his Answer more than two months later, on August 8, 2025, asserting twelve affirmative defenses [1] (ECF No. 97.) All of Mineo's affirmative defenses are improper. Accordingly, each of these affirmative defenses should be stricken.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense." Fed. R. Civ. Pro. 12. The Seventh Circuit has repeatedly affirmed that motions to strike affirmative defenses "remove unnecessary clutter from the case, [and] serve to expedite" litigation. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

"An affirmative defense asserts that even if the allegations of the complaint are true, additional facts excuse the defendant from some or all liability." *Hughes v. Napleton's Holdings, LLC*, No. 15 C 50137, 2016 WL 6624224, at *2 (N.D. Ill. Nov. 9, 2016). Courts analyze the sufficiency of affirmative defenses using a three-part test: "(1) the matter must be properly pleaded as an affirmative defense," (meaning that the affirmative defense pled must actually qualify as an affirmative defense) "(2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the defendant must set out facts in support that would defeat the complaint sufficient to withstand a Rule 12(b)(6) challenge." *Id.* (citing *Tucker Law Firm, LLC v. Alise*, No. 11-CV-1089, 2012 WL 252790, at *6 (N.D. Ill. Jan. 25, 2012) and *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802-03 (N.D. Ill. 2000)). If "an affirmative defense is insufficient on its face or compromises no more than 'bare bones conclusory allegations', it must

---

[1] Mineo asserts affirmative defenses numbered 1 through 13, however, he did not include a defense No. 5. Additionally, Mineo incorrectly labeled Count VI as "COUNT V" in paragraph 94 of his Answer.

2

be stricken." *Stafford v. Connecticut Life Inst. Co.*, No. 95 C 7152, 1996 WL 197677, at *2 (N.D. Ill. April 22, 1996) (citation omitted).

## ARGUMENT

All of Mineo's purported affirmative defenses fail. They are either (1) not a recognized affirmative defense, (2) pled in a conclusory manner without supporting facts, or (3) entirely irrelevant to this lawsuit. These defenses fail to meet even the minimal pleading standards and serve only to clutter the record. Further, it is evident that Mineo is asserting boilerplate affirmative defenses without any required factual basis and without any meaningful consideration of their relevance to this lawsuit. "As a practical matter, however, affirmative defenses rarely will be as detailed as a complaint (or a counterclaim); nor do they need to be in most cases to provide sufficient notice of the defense asserted. But a problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis." *Behn v. Kiewit Infrastructure Co.*, No. 17-cv-05241, 2018 WL 5776293, at *1 (N.D. Ill. Nov. 2, 2018) (citing *Dorsey v. Ghosh*, 2015 WL 3524911, at *4 (N.D. Ill. 2015)). As explained in more detail below, each defense should be stricken in its entirety.

### Affirmative Defense No. 1 (Failure to State a Claim)

Mineo's first defense has already been rejected by this Court. Specifically, the Court denied Mineo's motion to dismiss, concluding in part that the motion failed to articulate a valid basis for dismissal under Rule 12(b)(6). (ECF No. 82.) Reasserting a defense that has already been rejected is both improper and redundant. It should now be stricken from the pleadings.

Even assuming *arguendo* that this Court did not already resolve this issue, failure to state a claim is not an affirmative defense. *See, e.g.*, *Instituto Nacional de Comercializacion Agricola v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 991 (N.D. Ill. 1983) (striking "failure to

state a claim" as an affirmative defense because an affirmative defense should raise matters outside the plaintiff's complaint); *Cassetica Software, Inc. v. Computer Sciences Corp.*, No. 11 C 2187, 2011 WL 4431031, at *5 (N.D. Ill. Sept. 22, 2011) ("'failure to state a claim' is not a proper affirmative defense, so it is stricken with prejudice.") (citing *Ill. Wholesale Cash Register, Inc. v. PCG Trading, LLC*, No. 08 C 363, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009)). As such, Mineo's first affirmative defense cannot stand.

**Affirmative Defense No. 2 (Truth or Substantial Truth)**

Mineo's second affirmative defense asserts that "to the extent any statements attributed to Defendant were made (which Defendant denies), such statements were true or substantially true, and therefore not actionable as defamation or false light." (ECF No. 97). This defense is nothing more than a conclusory assertion, lacking the factual support required under established pleading standards.

Affirmative defenses are subject to the same pleading requirements as complaints. *Reis Robotics USA, Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006). To withstand scrutiny, they must include "sufficient factual matter" to be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defenses that fail to provide "a short and plain statement of the defense" or consist solely of "bare bones conclusory allegations" are improper and subject to being stricken. See *Stafford*, 1996 WL 197677, at *2 (internal marks omitted).

In *Reis Robotics USA, Inc.*, the defendant asserted an affirmative defense that the plaintiff "breached the contract on which it purports to rely, and that contract may be void for fraud and/or failure of consideration." 462 F. Supp. 2d at 906. This barebones statement failed to satisfy even liberal notice pleading standards because it did not reference any elements of a breach of contract claim or allege any facts in support thereof. *Id.* at 904-06; *see also Culbert v. Hilti, Inc.*, No. 10 C

4

3868, 2010 WL 3855233, at *1 (N.D. Ill. Sept. 30, 2010) (striking thirteen affirmative defenses that were "mere conclusory allegations unsupported by any facts or any relevant authority. The infirmity of [the defendant's] affirmative defenses is clearly apparent on the face of the pleadings."); *Stafford*, 1996 WL 197677 at *2 (striking all of the defendant's affirmative defenses because they were "merely conclusory allegations that the Defendant has not supported by any facts whatsoever.")

Here, as in *Reis*, Mineo fails to identify which specific statements were allegedly true or explain how they were true. Moreover, Mineo's defense contains an internal inconsistency, including denying making the statements ("which Defendant denies") while asserting their truthfulness. Mineo essentially offers only a blanket denial followed by a conclusory assertion of truthfulness. This fails the plausibility standard established in *Iqbal* and applied by courts in this district. *See Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 905-06. Accordingly, Mineo's second affirmative defense should be stricken.

## Affirmative Defense No. 3 (Non-Actionable Opinion)

Mineo's third affirmative defense contends that the statements attributed to him constitute non-actionable opinions or rhetorical hyperbole protected by the First Amendment. However, this defense suffers from the same deficiencies as his second affirmative defense. Mineo fails to identify which specific statements he claims are opinion-based or to articulate why any such statements would qualify as rhetorical hyperbole. Without any supporting factual allegations, this defense amounts to nothing more than a barebones conclusion. Accordingly, it should be stricken.

## Affirmative Defense No. 4 (Actual Malice)

Mineo's fourth affirmative defense incorrectly asserts that Plaintiffs failed to plead actual malice. Specifically, he claims that "Plaintiffs have failed to plead or demonstrate that Defendant

acted with actual malice, as required for defamation and false light claims involving public figures or matters of public concern." (ECF No. 97). This assertion disregards the clear allegations in Plaintiffs' Third Amended Complaint, where Count I (defamation per se), Count II (defamation per quod), and Count III (invasion of privacy by false light) explicitly allege that Defendants acted with actual malice. (ECF No. 92 ¶¶ 64, 72, 79). This defense is not only conclusory, but directly contradicted by the pleadings. Mineo's fourth affirmative defense should be stricken.

**Affirmative Defense No. 6 (Qualified Privilege and SLAPP)**

Mineo's sixth defense claims that the statements are protected by qualified privilege, including fair comment on matters of public interest under the Illinois Citizen Participation Act (SLAPP statute). Yet again, Mineo fails to provide any factual support for the applicability of this privilege. Importantly, to be afforded protection, a defendant must demonstrate that the plaintiff's claim is a SLAPP, meaning it is meritless and was filed in retaliation against the defendant's protected activities to deter further engagement in those activities. *Chadha v. North Park Elem. Sch. Ass'n*, 2018 IL App. 1st 171958, ¶¶ 1, 92. SLAPP applies to lawsuits that are "solely based on, relating to, or in response to" the defendant's protected acts. If a plaintiff files a lawsuit genuinely seeking relief for damages such as defamation, the lawsuit is not SLAPP and is not subject to dismissal under the Act. *Sandholm v. Kuecker*, 2012 IL 111443, ¶¶ 1, 45. *See also Kainrath v. Grider*, 2018 IL App. 1st 172270, ¶¶ 1, 47 (stating "[u]nder *Sandholm,* a lawsuit is not a SLAPP if it has potential merit, even if the plaintiff's motivation in bringing it was, in part, retaliatory.") Here, Mineo has failed to allege any facts showing that (1) Plaintiffs' claims are retaliatory, or (2) his own conduct was protected under the Act. In the absence of such factual support, this defense is baseless and should be stricken.

Additionally, qualified privilege typically applies to specific relationships such as employer-employee communications or reports to government agencies. *See Kuwik v. Starmark Star Mktg. & Admin., Inc.*, 156 Ill.2d 16, 25-26 (1993). Mineo has failed to identify any such relationship or explain how his statements would qualify for this protection. His conclusory assertion of privilege without factual support renders this defense legally insufficient.

## Affirmative Defense No. 7 (Statute of Limitations)

Mineo's seventh affirmative defense asserts that "To the extent any claims are based on statements made more than one year prior to the filing of the amended Complaint, such claims are barred by the applicable statute of limitations under Illinois law." (ECF. No. 97). This misstates the law. The statute of limitations for defamation and related privacy claims in Illinois runs from the date the action is commenced—not from the filing of an amended complaint:

> Actions for slander, libel or for publication of matter violating the right of privacy, shall be ***commenced*** within one year next after the cause of action accrued.

735 ILCS 5/13-201 (emphasis added).

The statute itself makes clear that defamation actions must be "commenced" within one year. *Id.* Plaintiffs commenced this action on March 8, 2024, well within the one-year statute of limitations. Moreover, Mineo has failed to identify which specific statements were allegedly made more than one year before the Third Amended Complaint, rendering his defense conclusory and factually unsupported. This affirmative defense should therefore be stricken.

## Affirmative Defense No. 8 (Failure to Mitigate)

Mineo's eighth affirmative defense asserts that "Plaintiffs have failed to mitigate their alleged damages, if any, by taking reasonable steps to address the alleged harm." (ECF No. 97).

Yet again, Mineo offers only a conclusory allegation, devoid of any factual support demonstrating how Plaintiffs purportedly failed to mitigate their damages. The vague reference to "reasonable steps to address the alleged harm" does not satisfy the pleading standard and cannot be construed as a meaningful factual basis. This defense fails to meet that threshold and should therefore be stricken.

**Affirmative Defense No. 9 (First Amendment – Matter of Public Concern)**

Mineo's ninth defense reiterates First Amendment protection, asserting that the statements pertain to matters of public concern and are not actionable as defamation or false light. Again, this defense fails to identify the statements at issue, explain their context, or demonstrate how they are eligible for First Amendment protection. Further, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). A matter of public concern refers to speech or statements that relate to issues of political, social, or other interest to the community. The focus is on the content, form, and context of the speech, as determined by the entire record. *Connick v. Myers*, 461 U.S. 138, 147–48 (1983). Here, Mineo's ninth affirmative defense has offered nothing to support that he is a public employee, speaking as a private citizen on a matter of public concern. This defense is inapplicable and should be stricken.

**Affirmative Defense No. 10 (Frivolous Claims)**

Mineo's tenth affirmative defense asserts that "The claims asserted are frivolous and lack any basis in fact or in law." (ECF No. 97). However, "frivolous" is not a recognized affirmative defense under Federal Rule of Civil Procedure 8(c) or Illinois law. Rather, it constitutes a legal conclusion that is inappropriate for an affirmative defense. *See Shield Technologies Corp. v. Paradigm Positioning, LLC*, No. 11 C 6183, 2012 WL 4120440, at *7 (N.D. Ill. Sept. 19, 2012)

8

(quoting *Renalds v. S.R.G. Restaurant Grou*p, 119 F.Supp.2d 800, 802–03 (N.D. Ill. 2000) ("[I]f it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.")). This defense should be stricken as improper.

**Affirmative Defense No. 11 (Subject Matter Jurisdiction)**

In his eleventh affirmative defense, Mineo contends that "The Court lacks subject matter jurisdiction over the matters alleged. Like Defendant Patrick Mineo, Willie Saylor is a resident of the State of Pennsylvania, not Idaho, as a result, the matter lacks complete diversity." (ECF No. 97). However, as this Court is well aware, the standard for complete diversity focuses on the citizenship of the plaintiffs and defendants collectively—not only among defendants. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). Here, Mineo fails to allege any facts indicating that Plaintiffs share citizenship with any Defendant.

Moreover, Mineo's assertion regarding Saylor's residency is also contradicted by Saylor's sworn declaration filed on November 15, 2024 (ECF No. 64), in which Saylor testified under penalty of perjury that he moved to Idaho in early 2024 and "presently live[s] in the town of Coeur d'Alene, Idaho." Accordingly, this defense is legally unfounded and improperly pled. It should be stricken.

**Affirmative Defense No. 12 (Personal Jurisdiction)**

Mineo's twelfth affirmative defense attempts to reassert that this Court lacks personal jurisdiction over him. However, just like Mineo's second affirmative defense, this Court

previously denied Mineo's motion to dismiss and explicitly found that his Court has personal jurisdiction over Mineo. (ECF No. 82). Having litigated and lost this issue, Mineo cannot recycle the same claim as an affirmative defense. Accordingly, this defense is legally baseless and should be stricken.

**Affirmative Defense No. 13 (Service of Process)**

Mineo's thirteenth affirmative defense claims that "the matter must be dismissed due to insufficient service of process." (ECF No. 97). However, this assertion is contradicted by the record. Mineo accepted service and thereby waived any objection based on insufficiency. (*See* ECF No. 13). Having voluntarily accepted service, he cannot now invoke it as a basis for dismissal. This defense should therefore be stricken.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons stated above, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. request that the Court enter an order striking affirmative defenses filed by Defendant PATRICK MINEO, and for any additional relief this Court deems just and appropriate.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated:  August 29, 2025                     By:*/s/ Olivia E. Duggins*                      

Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com

11

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2025, I electronically filed the foregoing with the Court using the CM/ECF filing system, which will automatically serve copies upon all counsel of record.

Under penalties as provided by law, the undersigned certifies that the statements set forth herein are true and correct.

*/s/ Laura Munoz*

_____

#11932903.1