**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-1969 |
| JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25. | **Judge:** Honorable Steven C. Seeger<br><br>**Magistrate Judge:** Honorable Beth W. Jantz |
| Defendants. | |

**PLAINTIFFS' SUPPLEMENTAL STATEMENT IN SUPPORT OF THEIR
MOTION TO EXTEND FACT DISCOVERY**

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.
(collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and
hereby submit this supplemental statement pursuant to this Court's September 11, 2025 Order
(Dkt. 111), and in support thereof, state as follows:

Plaintiffs respectfully iterate that good cause exists under Fed. R. Civ. P. 16(b)(4) to grant
Plaintiffs' request to extend the current fact discovery deadline (which, of note, is Plaintiffs' first
request for such an extension) from September 30, 2025 to March 31, 2026. Plaintiffs have actively
issued written discovery, pursued third-party subpoenas, and coordinated with opposing parties to
avoid delays and minimize expenses despite logistical and procedural constraints presented by the

current status of the Defendants.[1] Extending the fact discovery deadline will not cause prejudice to the parties or unjustly delay this matter. Therefore, good cause exists to extend the current deadline.

In this regard, unique challenges have impeded Plaintiffs' ability to complete discovery within the existing schedule. As this Court is aware, discovery in this litigation currently involves a range of complexities, including a defaulted defendant, a pro se defendant, a defendant whose motion to dismiss remains pending, and two defendants whose identities were recently uncovered and who are in the process of being served. This has stymied Plaintiffs' ability to complete written discovery and engage in meaningful oral discovery at a pace both Plaintiffs and this Court would desire.

First, Joseph Corsini was added as a Defendant in the Second Amended Complaint filed on December 27, 2024. Dkt. 67. He filed a motion to dismiss this pleading on April 10, 2025, which remains pending. Dkt. 86. Recognizing that this Court stayed discovery during the pendency of previously-filed motions to dismiss (Dkt. 68), Plaintiffs' counsel agreed to proceed amicably to a request by Corsini to limit production of written discovery responses until his motion is resolved. By this agreement, Corsini responded to Plaintiffs' requests to admit, demonstrating good faith cooperation despite the pending motion. And, Plaintiffs' counsel agreed that Corsini may hold off on producing responses to interrogatories and document production until this Court has ruled on his motion.

As the Court will hopefully understand and appreciate, Plaintiffs have deferred Corsini's deposition until they are able to obtain complete discovery responses from him, which counsel believes would be the most cost-effective and efficient manner in proceeding towards the

---

[1] For a detailed account of the procedural history of this case and the current status of the Defendants, please refer to Dkt. 107.

completion of fact discovery. It should also be noted that Corsini has not initiated written discovery against Plaintiffs at this time given that he is similarly awaiting a ruling on his motion to dismiss, and this motion for extension is designed to facilitate his need to complete fact discovery. The Court should therefore consider that Plaintiffs' motion is designed to assist all parties and not just Plaintiffs.

Next, Willie Saylor has been in default since November 6, 2024 (Dkt. 62), and his defaulted status has limited the scope of discovery available to be obtained from him. *See Blazek v. Cap. Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wis. 2004) (explaining that a defaulted defendant is treated as a non-party and that a "[defaulted] defendant should not have to bear the burdens that the discovery rules impose on parties.") Plaintiffs nonetheless have utilized discovery tools available to non-parties, such as issuing third-party subpoenas to Saylor for information to identify previous John-Doe Defendants, Ian Majka and John Davidson. Even so, Saylor has been regularly slow to respond and often requires repeated follow-up efforts from Plaintiff's counsel, making it challenging to secure his compliance with his non-party discovery obligations.

Patrick Mineo is proceeding *pro se*, and while he has produced his initial responses to Plaintiffs' written discovery, the parties are working to obtain more complete responses to various requests from him. In this regard, Plaintiffs are optimistic that they will either have Mineo's complete discovery production within the next thirty (30) days, or will have otherwise filed a motion to compel more complete responses. Similar to Corsini, Plaintiffs have waited to conduct Mineo's deposition until written discovery is complete in an effort to conserve costs and resources. Plaintiffs are prepared to proceed with Mineo's deposition once full document production is

received, but they cannot obtain complete responses, schedule, and conduct Mineo's deposition within the current deadline.

Finally, Plaintiffs have been diligently attempting to serve the two recently-identified Defendants, Majka and Davidson, whose identities were uncovered during the course of discovery. Plaintiffs have undertaken multiple efforts to confirm their identities and effectuate service. Despite repeated attempts, service has not yet been successful. Additional time is needed to complete service, obtain responsive pleadings, and initiate discovery with these Defendants.

Plaintiffs' request for an extension of the fact discovery deadline is therefore not the result of a lack of diligence. On the contrary, it stems from Plaintiffs' sustained and good-faith efforts to complete discovery within the constraints imposed by the procedural posture of this case. Plaintiffs have actively issued written discovery, pursued third-party subpoenas, and coordinated with opposing parties to avoid delays and minimize expense. Of the remaining Defendants relevant to this motion, one has defaulted, one is in the process of completing his written discovery responses, another has a pending motion to dismiss, and two remain unserved despite diligent efforts to effectuate service. Under these circumstances, proceeding with oral discovery by the current deadline would not only be difficult, it would be inefficient, premature, and likely result in additional motion practice. As recognized by this Court, written discovery remains ongoing. Dkt. 111. Depositions conducted before certain written discovery is complete would likely result in the need to continue or reopen those depositions, resulting in duplicative efforts, increased costs, and unnecessary burden on both the parties and this Court.

Plaintiffs respectfully submit that they have acted diligently and in good faith throughout the discovery process and will continue to push forward as expeditiously as possible if the Court grants their request for a modest extension to the current discovery schedule. In the alternative,

should the Court decline to grant the full extension requested through March 31, 2026, Plaintiffs

request a reasonable extension, in the Court's discretion, to allow for the meaningful completion

of discovery.

WHEREFORE, for the reasons stated above, Plaintiffs, NIMA GHARAVI and RIGHT

CALL OFFICIALS, INC. request that this Court enter an order extending the deadline to complete

fact discovery from September 30, 2025, to March 31, 2026, and for any additional relief this Court

deems just and appropriate.


                                          Respectfully Submitted,

                                          **NIMA GHARAVI and RIGHT CALL
                                          OFFICIALS, INC.**

Dated:  September 15, 2025                 By:*/s/ Olivia E. Duggins*_____
                                          Jeffrey S. Becker (ARDC #6282492)
                                          Nicole O'Toole Peterson (ARDC #6330227)
                                          Olivia E. Duggins (#6349003)
                                          SWANSON, MARTIN & BELL, LLP
                                          330 N. Wabash Avenue, Suite 3300
                                          Chicago, Illinois 60611
                                          Phone: (312) 321-9100
                                          jbecker@smbtrials.com
                                          npeterson@smbtrials.com
                                          oduggins@smbtrials.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I electronically filed the foregoing with the Court using the CM/ECF filing system, which will automatically serve copies upon all counsel of record.

Under penalties as provided by law, the undersigned certifies that the statements set forth herein are true and correct.

*/s/ Olivia E. Duggins*