## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS,

## EASTERN DIVISON

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois Corporation, <br><br> Plaintiffs. <br><br> v. <br><br> JESSICA PRESLEY, MATSCOUTS., LLV, WILLIE SAYLOR, PATRICK MINEO< STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, JOHN DOES 4-25, <br><br> Defendants. | Case No. 1:24-cv-1969 <br><br> **Judge:** Hon. Steven C. Seeger, U.S.D.J. <br><br> **Magistrate:** Beth W. Jantz, U.S.M.J. |

## **DEFENDANT PATRICK MINEO'S RESPONSE TO**

## **PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY DEADLINE**

  Defendant Patrick Mineo, appearing pro se, respectfully submits this response pursuant to the Court's Minute Entry dated September 11, 2025, directing Defendants to state their position on Plaintiff's Motion to Extend the Fact Discovery Deadline (Docket No. 107) by September 15, 2025. Defendant Mineo opposes the motion.

  The fact discovery deadline was established on April 1, 2025, to conclude on September 30, 2025, affording the parties six months—a reasonable period for this matter, in which Mineo remains the sole active defendant from the original complaint filed approximately 1.5 years ago. Written discovery was propounded, and responses were provided by May 30, 2025. Plaintiff has made no subsequent efforts to pursue further discovery, including depositions, nor has Plaintiff even discussed or communicated any issue with the discovery submissions sent by Defendant Mineo, as of September 11, 2025. This inactivity demonstrates a lack of diligence, and the motion appears motivated not by ongoing items pertaining to Mineo, but by prior neglect, which does not evince good faith.

     Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified only for good cause, requiring diligence by the moving party. Plaintiff has failed to demonstrate such diligence, evidenced by a nearly four-month hiatus in discovery activity following receipt of responses from Mineo back in May. Defendant Mineo echoes the Court's expressed concerns and feels that these appear to be dilatory tactics aimed at prolonging litigation for undue advantage. Plaintiff has diverted resources toward identifying potential new defendants rather than advancing discovery against existing parties, including Mineo- resembling a fishing expedition rather than focused litigation on the merits of this case. This misprioritization does not constitute good cause and invites unwarranted delays. Regardless of the complexity and moving parts to this case, the party who filed the complaint should be the most prepared; and in this regard, they were not.

     An extension would prejudice Defendant Mineo by unnecessarily prolonging the proceedings, imposing additional financial and logistical burdens, including possible retention of counsel for furthering discovery purposes, and affording Plaintiff extra time to develop his case through discovery that should have been actively pursued within the allocated timeframe, thereby creating inherent unfairness.

For the foregoing reasons, Defendant Mineo respectfully requests that the Court deny Plaintiff's Motion.

Respectfully submitted,

/s/ Patrick Mineo

Pro Se Defendant

1343 Adams St.

Northampton, PA 18067

Telephone: (484) 862-7732

Email: PatrickMineo22@gmail.com

Dated: September 15, 2025