IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25.<br><br>Defendants. | Case No. 1:24-cv-1969<br><br>**Judge:**<br>Honorable Steven C. Seeger<br><br>**Magistrate Judge:**<br>Honorable Beth W. Jantz |

## PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL ANSWERS TO DISCOVERY

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and hereby move this honorable Court for an order compelling Defendant PATRICK MINEO to supplement his answers to written discovery and document production pursuant to Fed. R. Civ. P. 26 and 37. In support thereof, Plaintiffs state as follows:

### BACKGROUND

Plaintiffs filed this action on March 8, 2024, asserting claims against several defendants, including Patrick Mineo ("Mineo"), for defamation, invasion of privacy, doxing, and additional claims arising from a series of false and negative social media posts and public statements made about Plaintiffs. Dkt. 1. On April 10, 2024, Plaintiffs filed their Amended Complaint, removing three allegations and one exhibit from the original complaint. Dkt. 20. Thereafter, Mineo filed a

1

Motion to Dismiss the Amended Complaint on May 13, 2024. Dkt. 27. Two days later, on May 15, 2024, Defendants FloSports Inc., Christian Pyles, and Jon Kozak (the "FloSports Defendants") also filed a motion to dismiss. Dkt. 31. Briefing for both motions concluded in July of 2024. Dkt 34. During the pendency of these motions, Plaintiffs pursued discovery against the defendants, having served written discovery requests on all defendants, including Mineo, on November 26, 2024. *See* discovery requests to Patrick Mineo, attached as **Exhibit A**.

At this time, this Court had not yet ruled on the pending motions to dismiss, and the FloSports Defendants moved to stay discovery pending resolution of their motions. Dkt. 65. Mineo joined the FloSports Defendants' motion to stay discovery, Dkt. 70, and on December 30, 2024, this Court entered an order staying all discovery pending resolution of the motions to dismiss. Dkt. 68. Around this same time, Plaintiffs discovered the identity of John Doe defendant No. 1 as an individual named Joseph Corsini ("Corsini"), and named him as a defendant in their Second Amended Complaint, filed on December 27, 2024. Dkt. 67.

On March 14, 2025, this Court granted the FloSports Defendants' Motion to Dismiss and denied Mineo's Motion to Dismiss. Dkts. 80, 82. The Court then lifted the discovery stay on April 1, 2025. Dkt. 85. Shortly thereafter, on April 10 2025, Corsini filed a Motion to Dismiss the Second Amended Complaint. Dkt. 86.

On April 23, 2025, Plaintiffs inquired with Mineo about when they could expect his responses to written discovery, noting that he had failed to timely respond to Requests for Admission Nos. 21–28 and Special Interrogatory No. 1, and that he had still not answered any of Plaintiffs' Interrogatories and Requests for Production. *See* emails dated April 23–24, 2025, attached as **Exhibit B**. Mineo then responded to those outstanding items and requested an additional 30-day extension to complete the remainder of his written discovery responses. *Id.*

2

Plaintiffs granted the extension, setting a new deadline of May 23, 2025. Shortly before the due date, on May 21, 2025, Mineo requested another one-week extension, through May 30, 2025 to answer written discovery. *See* emails dated May 21, 2025, attached as **Exhibit C**. In good faith, Plaintiffs agreed to the additional extension. *Id.*

On June 2, 2025, after three extensions and two months after this Court lifted the discovery stay (and just over 6 months after having been served with discovery), Mineo tendered his initial discovery responses to Plaintiffs[1]. At that time, Plaintiffs were actively managing multiple procedural developments, including briefing on Corsini's motion to dismiss, assessing which defendants to pursue and where to do so following the Court's recent ruling, and how to structure the case to proceed on a common discovery schedule across all parties, particularly given that Corsini's motion to dismiss remained pending. Moreover, Plaintiffs had identified additional defamatory statements from other John Doe defendants and had amended the complaint to include these individuals. Recognizing the complexity of these efforts, Plaintiffs sought an extension of the fact discovery deadline. Dkt. 107. This Court granted that request and extended the deadline from September 30, 2025, to January 31, 2026. Dkt. 115.

On September 12, 2025, in an effort to further their fact discovery with respect to Mineo, Plaintiffs issued a Fed. R. Civ. P. 37 letter to Mineo identifying certain deficiencies in his discovery responses. *See* Rule 37 letter dated September 12, 2025, attached as **Exhibit D**. Having received no response from Mineo, Plaintiffs sent a follow-up letter to him on September 22, 2025, which outlined additional deficiencies in his responses and sought to discuss these issues with

---

[1] Mineo marked his responses to discovery and document production "For Internal Use Only." Out of an abundance of caution and to avoid placing those materials into the public record, Plaintiffs have withheld them from this filing. Plaintiffs are, of course, prepared to provide the Court with a copy upon request or submit them for in camera review if the Court finds it helpful.

3

him. *See* Rule 37 letter dated September 22, 2025, attached as **Exhibit E**. In accordance with these letters, Plaintiffs sought to coordinate and work with Mineo to obtain full and complete discovery responses in advance of his deposition.

In their Rule 37 correspondence, Plaintiffs requested that Mineo supplement his responses by October 10, 2025 (approximately one month after his receipt of Plaintiffs' first supplementation request). **Ex. C.** Both letters iterated that Plaintiffs were available to meet and confer with Mineo on any of the issues raised in their correspondence and their hope to reach an amicable resolution without court intervention. *Id.*

On September 23, 2025, Mineo contacted Plaintiffs and requested an extension of time to supplement his responses. *See* emails dated September 23, 2025, attached as **Exhibit F**. Specifically, Mineo had requested that Plaintiffs allow him an additional six weeks to do so—from October 10, 2025, to November 24, 2025. Mindful of that this Court only provided the parties with until January 31, 2026 to complete fact discovery, and recognizing the potential need to file a motion to compel if Mineo did not fully supplement his responses prior to his deposition, Plaintiffs explained to Mineo that allowing his responses to remain outstanding for an additional 45 days would not be feasible. *Id.* However, in a good-faith effort to resolve the discovery issues without court intervention, Plaintiffs agreed to provide Mineo with additional time to respond, and offered an extension to October 24, 2025. *Id.*

Despite this accommodation, Mineo later objected to Plaintiffs' supplementation requests, stating that they were "untimely," and he had decided that he would not supplement his responses in any fashion on the basis that he felt Plaintiffs had waited too long after receiving his initial production to seek supplementation. *See* emails dated September 29-October 6, 2025, attached as **Exhibit G**. Plaintiffs' counsel immediately contacted Mineo to schedule a meet and confer

4

conference pursuant to Fed. R. Civ. P. 37.2. The parties scheduled this meet and confer to take place on October 8, 2025 via telephone. *Id.*

During this discussion, Mineo indicated that he intended to stand on his objection to any supplementation requests on the basis that Plaintiffs had not sought any supplementation for just over three months after Mineo had issued his initial responses. Plaintiffs' counsel told Mineo that while he understood Mineo sought to object to all supplementation based on timeliness, he would still prefer to engage in a meaningful discussion with Mineo about the substance of his discovery responses in hopes of streamlining a resolution without court intervention. *See* emails dated October 8, 2025, attached as **Exhibit H**. Mineo, however, told counsel that he was standing on his objection and would not engage in any discussion concerning the substance of his discovery responses or the issues raised in Plaintiffs' Rule 37 letters. *Id.* As a result, the parties were unable to reach a resolution despite Plaintiffs' good faith effort to do so. Plaintiffs' counsel followed up on the parties' meet and confer with another correspondence in which he indicated that he hoped Mineo would change his mind, in which case counsel would be willing to continue their meet and confer discussions. *Id.* Mineo responded by again standing on his objection and refusing to further discuss his discovery responses. *Id.* Plaintiffs are therefore left with no option other than to file this Motion.

**LEGAL STANDARD**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant in a discovery context if it is relevant to the subject matter of the litigation as Rule 26(b)(1) states, not just the particular issues presented in the pleadings." *Eggleston v. Chi. Journeymen Plumbers' Loc. Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981). Courts have thus favored broad discovery by

5

"adopting a liberal interpretation of the discovery rules." *Sabratek Liquidating LLC v. KPMG LLP*, No. 01-C-9582, 2002 WL 31520993, at *1 (N.D. Ill. Nov. 13, 2002).

The rules governing discovery are designed to allow for broad discovery to ensure that trial is "a fair contest with basic issues and facts disclosed to the fullest practicable extent." *Hangzhou Aoshuang E-Commerce Co., Ltd. v. 008fashion*, 2020 WL 3429735 (N.D. Ill. 2020) at *3. Objections to discovery must be stated with specificity and supported with evidence adequately demonstrating the nature and extent of the objection. *Asyst Technologies, LLC v. Eagle Eyes Traffic Ind. Co.*, 2013 WL 160264, *2 (N.D. Ill. 2013).

## ARGUMENT

Plaintiffs respectfully request that this Court enter an order compelling Mineo to fully respond to each of the discovery requests issued upon him in a manner consistent with Plaintiffs' Rule 37 correspondence and as further elaborated in this Motion. In this regard, Mineo's initial discovery responses reflect deficiencies that fall into three primary categories:

### A. Communications with Third Parties

In their discovery requests, Plaintiffs sought the identification of individuals who communicated with Mineo regarding Plaintiffs, Plaintiffs' wrestling videos and any other allegations in the Complaint, as well as a brief description of the substance of these communication, when they occurred, and the method of communication. [*See* Interrog. 3-5.] Plaintiffs similarly requested that Mineo produce copies of any written communications with these third parties. [*See* Doc Req. 1-3.]

In his responses, Mineo failed to provide complete or transparent information regarding these communications. For example, in his Answers to Interrogatories, Mineo vaguely referenced his document production and identified two individuals, Jennifer Ritacco and Deanna Moore, with

6

whom he communicated, but he did not describe any information concerning the nature or substance of their communications. His document production did not fill in the gaps either. For example, while Mineo produced Instagram and Facebook message exchanges with Ms. Ritacco and Ms. Moore, the screenshots were incomplete, omitted relevant portions of these conversations, and raised questions as to how Mineo obtained other documents included in his production.

Mineo's conversation with Ms. Ritacco, for example, referenced a conversation they apparently had with an FBI agent about Plaintiffs, but Mineo failed to disclose this conversation in his answers to Interrogatories or produce the actual communications. Plaintiffs' Rule 37 correspondence asked Mineo to supplement his discovery with full responses to the above requests to identify all relevant individuals Mineo communicated, and to fully produce any written communications. Mineo has refused to provide any supplementation, and Plaintiffs therefore request that this Court compel Mineo to fully respond to Interrogatories 3 through 5 and Document Requests 1 through 3.

B. **Social Media Requests**

Plaintiffs also sought production of social media content posted by Mineo, or otherwise contained on his various social media pages, that in any manner related to Plaintiffs and/or the allegations of the Complaint. [*See* Doc. Req. 7-8.] Despite the fact that this content is central to the litigation, Mineo failed to produce virtually any responsive social media content, and instead provided Plaintiffs with his public social media handles and asserted that Plaintiffs had "already accessed the comments" that were public on his account. This response, however, does not satisfy Mineo's obligations under Fed. R. Civ. P. 34 to produce information in his possession.

This social media content sought by Plaintiffs is much more readily available to Mineo and much more easily identified, collected and produced by him, as the owner of his various pages,

then it would be for Plaintiffs to guess where such posts are located and attempt to screen shot them on their own. Moreover, Plaintiffs do not have access to any of Mineo's deleted content, private content, or exchanges that Mineo has made inaccessible to the general public All of this information is accessible only by Mineo. To facilitate compliance and mitigate any burden on Mineo, Plaintiffs provided Mineo with simple instructions on how to easily export relevant social media data and filter his search for clearly responsive content. Mineo has refused to provide any supplementation, and Plaintiffs therefore request that this Court compel Mineo to fully respond to Document Requests 7 and 8.

### C. Incomplete Document Production

Plaintiffs served targeted Document Requests seeking materials directly relevant to the claims and defenses in this action. Specifically, Plaintiffs requested all documents and communications in Mineo's possession that reference or relate to Plaintiffs, their wrestling videos, or any other allegations set forth in the Complaint. [*See* Doc. Req. 1-3.] Plaintiffs also requested documents that either support or refute the veracity of Mineo's numerous statements, as well as any materials reflecting the affirmative steps Mineo took in connection with those statements. [*See* Doc. Req. 4-6.] Finally, Plaintiffs sought all social media posts and online interactions by Mineo that mention or discuss Plaintiffs [*See* Doc. Req. 7-8], and a privilege log identifying any documents withheld on the basis of privilege. [*See* Doc. Req. 9.]

Mineo did not respond directly to Plaintiffs' Document Requests. Instead, he produced one PDF document containing 80 pages that included screenshots of messages, documents and other communications that were cropped, lacked timestamps, or otherwise failed to capture full webpages. Mineo also failed to produce all social media posts as requested by Document Requests 7-8. In his production, several documents appeared to be printed and scanned in manner

8

that removed information that would otherwise identify the document's source or current location on the internet. Other screenshots of third-party comments were captured in a manner that failed to disclose the specific platforms from which they were copied, and several message threads from Instagram and Facebook were simply incomplete. For instance, presumably in response to Document Requests 1-3, Mineo produced five pages of translated words from Arabic to English, and these pages stated a "Messenger" banner at the top, indicating that this was part of a communication between Mineo and a third party. However, these pages omitted the identity the individual(s) involved in the conversations, the dates on which they occurred, and otherwise failed to include the complete message threads. Similarly, Mineo's production of his communications with Ms. Ritacco and Ms. Moore appeared to be selectively cropped and incomplete.

Plaintiffs asked Mineo to produce full, unedited versions of these materials and provide the necessary context to render them intelligible and responsive. Mineo has refused to provide any supplementation, and Plaintiffs therefore request that this Court compel Mineo to fully respond to Document Requests 1-9.

While Mineo ultimately had six months to respond to Plaintiffs' discovery requests (only half of which time was subject to a stay of discovery), he now objects to supplementing any of his responses based solely on his contention that because Plaintiffs had not sought supplementation for three months, he should be relieved of any obligation to do supplement. Mineo should not be permitted to avoid producing relevant and responsive discovery in this case. Indeed, almost five months remain available to the parties to complete fact discovery. Thus, no prejudice has befallen Mineo in this matter, and his timeliness objection undermines the cooperative spirit required by the Federal Rules of Civil Procedure and this Court's Local Rules.

Courts in this Circuit have rejected arguments that attempt to sidestep discovery obligations based on timing alone, especially where the requests fall within the permissible discovery period. *See*, *e.g.*, *Stepan Co. v. Oxid L.P.*, No. 02 C 9064, 2003 WL 22742451, 2, n.3. (N.D. Ill. 2003)(granting plaintiff additional time to supplement responses several months into discovery, noting the case was "still well within the discovery period," and permitting defendant to refile motion to compel "closer to the end of discovery" if dissatisfied with supplemental answer); *see also International Truck and Engine Corp. v. Caterpillar, Inc.*, 2004 WL 3217760, *1,4 (N.D. Ind. 2004) (rejecting argument that supplemental responses to interrogatories served two days before the close of fact discovery were untimely). Thus, Mineo's objection is not a valid basis to wholly refuse to comply with discovery. Plaintiffs have sought in good faith to resolve this matter without Court intervention, but ultimately, their efforts were unsuccessful. This Motion to compel should be granted.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. request that this Court enter an order compelling Defendant PATRICK MINEO to supplement his discovery in a manner consistent with their Rule 37 correspondence and this Motion to Compel, and for any additional relief this Court deems just and appropriate.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: October 14, 2025

By:*/s/ Olivia E. Duggins*
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611

Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com