**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois corporation, | |
| *Plaintiffs,* | Case No. 1:24-cv-1969 |
| v. | Steven C. Seeger, U.S.D.J. |
| FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLEY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STPEHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25 | Beth W. Jantz, U.S.M.J. |
| *Defendants.* | |

## PLAINTIFFS' FIRST SET OF
## INTERROGATORIES TO DEFENDANT PATRICK MINEO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Local Rule 33, and Judge Steven C. Seeger's Case Procedures regarding Discovery, Plaintiffs NIMA GHARAVI and RIGHT CALLS OFFICIALS, INC., serve their First Set of the Interrogatories to Defendant PATRICK MINEO (the "Interrogatories," and each one individually, an "Interrogatory"). Plaintiffs hereby request that the Interrogatories be answered separately, fully, and under oath within thirty (30) days of service.

## DEFINITIONS

A.    The uniform definitions, instructions, and rules of construction set forth in the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

B.      The following definitions shall apply to the individual Interrogatories as well as the Definitions and Instructions herein.

C.      "Communication" or "Communications" mean any oral, written, or electronic transmission of information, demands or inquiries, including but not limited to conversations, letters, meetings, discussions, summaries, telephone calls, text messages, direct messages, photographs, audiotapes, videotapes, e-mails, seminars, conferences, writings, letters, messages, notes, memoranda, or documents.

D.      "Document" or "Documents" shall have its customary broad meaning, and shall include, without limitation, the following items, whether printed, recorded or reproduced by any other computerized or mechanical process or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground: agreements; communications, including intracompany communications; correspondence; letters; emails; text messages; memoranda; notes; drafts; notebooks; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; statistical statements; graphs; financial analysis; cost comparisons; instructions; minutes or recordings of meetings; minutes or recordings of conferences; expressions or statements of policy; lists of persons attending meeting or conferences; reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; records; reports of summaries of negotiations; photographs; brochures; pamphlets; advertisements; circulars; trade letters; press releases; drafts of any documents; original or preliminary notes; marginal comments appearing on any documents; stenographic or stenotype notes; and any voice recording, whether on a tape or a record.

E.      When asked to identify a Communication, "identify" means to state the full names and identifies of the parties to and/or present for the Communication, the date of such Communication, the substance of such Communication, and the method of Communication (including whether it was oral or written).

F.      When asked to identify a person, "identify" means to state the full name, residential address, email address, phone number, date of birth, marital status, social media profiles, present employer, and job title of each person

G.      "Plaintiffs," or any pronoun referring to Plaintiffs, means Plaintiff Nima Gharavi and Plaintiff Right Call Officials, Inc., including any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

H.      As used herein, the terms "you," "your," or "Patrick Mineo" means Defendant Patrick Mineo.

I.      The "Complaint" refers to Plaintiffs' Amended Complaint filed in the Northern District of Illinois on April 10, 2024 (Dkt. #20).

J.      All other terms shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

## **INSTRUCTIONS**

A.      Each Interrogatory is to be responded to in accordance with and to the full extent of the applicable Federal Rules of Civil Procedure.

B.      If you object to any of the Definitions or Instructions herein, you must do so by written response hereto.  If said written response to a Definition or an Instruction is not made prior to your answering of these Interrogatories, it will be presumed that you do not object to any Definition of Instruction.

C.      These interrogatories seek all information that is known to you, your representatives, agents, employees, investigators, consultants, and unless otherwise privileged, their counsel.

D.      All interrogatories must be answered in full and in writing in accordance with Federal Rules of Civil Procedure and signed by a party or their counsel unless otherwise required. If any interrogatory cannot be answered fully after exercising reasonable diligence, please so state and answer each such interrogatory to the fullest extent you deem possible, specify the portion of each interrogatory that you claim to be unable to answer fully and completely, state the facts upon which you rely to support your contention that you are unable to answer the interrogatory fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of each such Interrogatory.

E.      If you believe that any of the following Interrogatories calls for assertion of a claim of privilege, answer as much of the Interrogatory as is not objected to, state that part of each Interrogatory to which you object, and set forth, with respect to each such Interrogatory as to which claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work product, etc.).

F.      If an Interrogatory is answered by citing to documents, specify the responsive document or group of documents by Bates number.

G.      If any interrogatory requests information from more than one individual or entity, the response should be broken down for each individual or related entity (e.g. affiliates, joint ventures, divisions, etc.).

H.      If information requested is not readily available from your records in exactly the form requested, furnish carefully prepared estimates, designated as such, and attach explanations of any estimate used.

I.      Technical terms shall have their normal technical meaning.  If you find the meaning of any terms in these interrogatories to be unclear, you must assume a reasonable meaning, state what the assumed meaning is, and answer on the basis of that assumed meaning.  If you wish to

clarify your interpretation of any particular term that is relied upon in answering an interrogatory, you should do so in its answer.

J.      Each Interrogatory shall be deemed continuing, so as to require supplemental or mandatory responses should you obtain additional responsive information subsequent to your initial responses.

K.      Unless otherwise stated, these Interrogatories seek information created during, or pertaining to, the period from January 1, 2022 through the present.

L.      Plaintiffs reserve the right to serve further interrogatories.

## INTERROGATORIES

1.      Identify each person answering or assisting in answering these Interrogatories.

2.      Identify each person with actual knowledge or who may have any knowledge concerning any of the allegations in the Complaint, which concern the substantive merits of Plaintiffs' claims against you and/or your defenses to such claims.  For each person identified, state what information each person may possess.

3.      Identify each person who has made any Communication to you concerning or related to any of the allegations in the Complaint, which concern the substantive merits of Plaintiffs' claims against you and/or your defenses to such claims.

4.      Identify all Communications between you and any third party during which Plaintiffs' wrestling videos were discussed.

5.      Identify all Communications between you and any third party during which Nima Gharavi was discussed.

6.      Describe in detail the factual basis for the following statements in your social media posts:

(a) Mr. Gharavi frames his videos and pushes them out to evil places resulting in millions of views;

(b) Mr. Gharavi uses his access to wrestling matches for something very evil;

4

(c) Mr. Gharavi knowingly and intentionally exploits youth wrestlers in his YouTube videos;

(d) Mr. Gharavi uses provocative thumbnails and suggestive angles to increase online viewership;

(e) Mr. Gharavi should not be allowed next to children;

(f) Mr. Gharavi is a vile human being who needs to be exiled from the sport of wrestling and any tournament, practice room, school and children in general;

(g) There is a community effort to tackle Mr. Gharavi;

(h) The FBI will be handling this matter moving forward;

(i) Mr. Gharavi is no longer allowed to referee for wresting tournaments;

(j) Mr. Gharavi was kicked out of three wrestling events;

(k) Mr. Gharavi has been reported many times;

(l) The wrestling community was afraid to sue Mr. Gharavi;

(m) Mr. Gharavi is very disturbing;

(n) Mr. Gharavi is a pervert; and

(o) Mr. Gharavi is creep.

7.     For each of the statements listed in Interrogatory 6, state what affirmative steps you took to confirm, validate and verify the allegations made therein.

8.     Please describe in detail all ways in which you have earned any income or revenue in the last five (5) years. A complete answer will include all employers and job titles held by you in the last five (5) years as well as any ancillary income earned by you from people or entities outside of your employer.

9.     Identify all social media accounts you have or had from January 1, 2023 to the present, including the usernames associated with each account, the name of the social media

platform for each account, and whether each account is still active. If an account is no longer active, state the date and reason for deactivation.

Dated: November 26, 2024                  */s/ Nicole O'Toole Peterson*
                                          Jeffrey S. Becker (jbecker@smbtrials.com)
                                          Nicole O. Peterson (npeterson@smbtrials.com)
                                          SWANSON, MARTIN & BELL, LLP
                                          330 N. Wabash, Suite 3300
                                          Chicago, Illinois 60611
                                          (312) 321-9100

                                          *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above document has been served upon Defendant Patrick Mineo and all counsel of record via electronic mail on November 26, 2024.

                              By: */s/ Nicole O'Toole Peterson*
                                  Nicole O'Toole Peterson

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois corporation, | |
| *Plaintiffs,* | |
| v. | Case No. 1:24-cv-1969 |
| FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLEY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STPEHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25 | Steven C. Seeger, U.S.D.J. Beth W. Jantz, U.S.M.J. |
| *Defendants.* | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PATRICK MINEO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 16, and Judge Steven C. Seeger's Case Procedures regarding Discovery, Plaintiffs NIMA GHARAVI and RIGHT CALLS OFFICIALS, INC., serve their First Set of the Requests for Production of Documents (the "Requests," and each one individually, a "Request") on Defendant PATRICK MINEO. Plaintiffs hereby requests that Defendant PATRICK MINEO produce and make available for inspection the following documents within its possession, custody, or control within thirty (30) days of service.

## DEFINTIONS

A.      The uniform definitions, instructions, and rules of construction set forth in the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

B.      The following definitions shall apply to the individual Interrogatories as well as the Definitions and Instructions herein.

C.      "Communication" or "Communications" mean any oral, written, or electronic transmission of information, demands or inquiries, including but not limited to conversations, letters, meetings, discussions, summaries, telephone calls, text messages, direct messages, photographs, audiotapes, videotapes, e-mails, seminars, conferences, writings, letters, messages, notes, memoranda, or documents.

D.      "Document" or "Documents" shall have its customary broad meaning, and shall include, without limitation, the following items, whether printed, recorded or reproduced by any other computerized or mechanical process or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground: agreements; communications, including intracompany communications; correspondence; letters; emails; text messages; memoranda; notes; drafts; notebooks; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; statistical statements; graphs; financial analysis; cost comparisons; instructions; minutes or recordings of meetings; minutes or recordings of conferences; expressions or statements of policy; lists of persons attending meeting or conferences; reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; records; reports of summaries of negotiations; photographs; brochures; pamphlets; advertisements; circulars; trade letters; press releases; drafts of any documents; original or preliminary notes; marginal comments appearing on any documents; stenographic or stenotype notes; and any voice recording, whether on a tape or a record.

E.      "Plaintiffs," or any pronoun referring to Plaintiffs, means Plaintiff Nima Gharavi and Plaintiff Right Call Officials, Inc., including any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

F.      As used herein, the terms "you," your," or "Patrick Mineo" means Defendant Patrick Mineo.

G.      All other terms shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

## INSTRUCTIONS

A.      You are required to answer as to all information available to you, and all persons acting on your behalf, stating the source of information if other than yourself and giving names,

addresses, and titles of persons relied upon, and specific identification and location of records relied upon.

B.      These requests are continuing so as to require supplemental answers under the applicable Federal Rules of Civil Procedure. In the event that any information comes to your attention subsequent to the filing of the responses to these requests which are responsive to any request or which would alter or change any response you have previously given, you are requested to furnish such additional information to us as soon as possible.

C.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your attorneys, agents, employees, representatives, consultants or affiliates.

D.      If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or portion of that document is being withheld and the reason that document is being withheld.

E.      In producing documents, you are requested to produce the original or identical copy of each document requested, as well as all non-identical copies and drafts of that document in your possession.

F.      To the extent possible, you are requested to produce documents in such fashion as to identify the person in whose custody, possession, or control it was found, and the address of each such custodian(s).

G.      Specify the responsive document or group of documents by Bates number.

H.      Documents attached to each other should not be separated.

I.      If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss, including:

   a. The date the document was created;
   b. The author(s) of the document;
   c. The title of the document;
   d. A description of the document;
   e. The number of pages of the document;
   f. The recipient(s) of the document, designated or otherwise;
   g. The name and address of the last-known custodian of the document;
   h. The date the document was lost or destroyed; and
   i. The reason for the destruction of the document, if known.

J.      If any documents otherwise discoverable are withheld by claiming they are privileged communication, attorney work product, or otherwise protected from disclosure, you

3

must make the claim expressly and furnish a log providing the following information with respect to each withheld document:

    a. The type of document (e.g., a letter, memorandum, note, etc.);

    b. The date of the document;

    c. The title of the document;

    d. The identity (including the job title, where available) of each individual who was an author, editor, addressee, or recipient of the document;

    e. A brief description of the subject matter of the document detailed enough to permit analysis of the basis on which it is being withheld; and

    f. A statement of the facts that constitute the basis of any claim of attorney client privilege, work product, or other grounds for nondisclosure.

K.     Unless otherwise stated, these Requests seek information created during, or pertaining to, the period from January 1, 2022 through the present.

L.     These Requests are continuing in nature. If, after producing the requested documents, You obtain or become aware of any further documents responsive to the Requests, You are required to produce such additional documents. Supplemental responses should be served promptly after such information or documents become known to You.

M.     Plaintiffs reserves the right to serve further Requests.

## REQUESTS

1.     All Documents and Communications in Your possession including but not limited to those electronically stored that concern, reference, discuss, mention, or contain information about Plaintiffs' wrestling videos.

2.     All Documents and Communications in Your possession including but not limited to those electronically stored that concern, reference, discuss, mention, or contain information about Nima Gharavi.

3.     All Documents and Communications between you and any third parties, including but not limited to any member of the media or wrestling authority and/or wrestling leadership, in any manner regarding Plaintiffs.

4.     All Documents and Communications concerning affirmative steps you took to confirm, validate, or verify the statements that Plaintiffs exploit their videos containing youth wrestlers on pornographic websites for pecuniary gain and/or increased online viewership.

4

5.      All Documents and Communications that support or refute the veracity of your statements that:

    (a) Mr. Gharavi frames his videos and pushes them out to evil places resulting in millions of views;

    (b) Mr. Gharavi uses his access to wrestling matches for something very evil;

    (c) Mr. Gharavi knowingly and intentionally exploits youth wrestlers in his YouTube videos;

    (d) Mr. Gharavi uses provocative thumbnails and suggestive angles to increase online viewership;

    (e) Mr. Gharavi should not be allowed next to children;

    (f) Mr. Gharavi is a vile human being who needs to be exiled from the sport of wrestling and any tournament, practice room, school and children in general;

    (g) There is a community effort to tackle Mr. Gharavi;

    (h) The FBI will be handling this matter moving forward;

    (i) Mr. Gharavi is no longer allowed to referee  for wrestling tournaments;

    (j) Mr. Gharavi was kicked out of three wrestling events;

    (k) Mr. Gharavi has been reported many times;

    (l) The wrestling community was afraid to sue Mr. Gharavi;

    (m) Mr. Gharavi is very disturbing;

    (n) Mr. Gharavi is a pervert; and

    (o) Mr. Gharavi is creep.

6.      For each of the statements listed in Request 5, produce all Documents and Communications concerning the affirmative steps you took to confirm, validate, or verify the statements made therein.

7.      All posts, comments, photographs, videos, or other content published, shared, liked

or commented on by any of your social media accounts that concern, reference or discuss Plaintiffs, in any manner.

        8.      All posts, comments, photographs, videos, or other content published, shared, liked or commented on by any of your accounts on bulletin boards, message boards, forums, etc. that concern, reference or discuss Plaintiffs, in any manner.

        9.      A privilege log identifying all Documents or Communications withheld by You on the basis of attorney-client privilege and the basis of any such privilege.

Dated: November 26, 2024

                                 */s/ Nicole O'Toole Peterson*
                                 Jeffrey S. Becker (jbecker@smbtrials.com)
                                 Nicole O. Peterson (npeterson@smbtrials.com)
                                 SWANSON, MARTIN & BELL, LLP
                                 330 N. Wabash, Suite 3300
                                 Chicago, Illinois 60611
                                 (312) 321-9100

                                 *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above document has been served upon Defendant Patrick Mineo and all counsel of record via electronic mail on November 26, 2024.

                                By: *ized/ Nicole O'Toole Peterson*
                                      Nicole O'Toole Peterson

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois corporation, | |
| *Plaintiffs,* | |
| v. | Case No. 1:24-cv-1969 |
| FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLEY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STPEHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25 | Steven C. Seeger, U.S.D.J.  Beth W. Jantz, U.S.M.J. |
| *Defendants.* | |

**PLAINTIFFS' FIRST SET OF
REQUESTS TO ADMIT TO DEFENDANT PATRICK MINEO**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs NIMA GHARAVI and RIGHT CALLS OFFICIALS, INC., propound the following requests to admit to Defendant PATRICK MINEO. (the "Requests," and each one individually, a "Request") to be answered in within thirty (30) days and in accordance with all applicable Federal Rules of Civil Procedure.

**WARNING: IF YOU FAIL TO SERVE THE RESPONSE REQUIRED BY FEDERAL RULE CIVIL PROCEDURE 36 WITHIN 30 DAYS AFTER YOU HAVE BEEN SERVED WITH THIS DOCUMENT, ALL FACTS SET FORTH HEREIN IN THIS REQUEST WILL BE DEEMED TRUE AND ALL DOCUMENTS DESCRIBED IN THIS REQUEST WILL BE DEEMED GENUINE.**

## DEFINTIONS

A.      The uniform definitions, instructions, and rules of construction set forth in the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

B.      The following definitions shall apply to the individual Interrogatories as well as the Definitions and Instructions herein.

C.      "Action" means the above-captioned litigation titled *Gharavi et al. v. FloSports et al.* (Case No. 1:24-cv-1969) presently pending in the Northern District of Illinois.

D.      "Plaintiffs," or any pronoun referring to Plaintiffs, means Plaintiff Nima Gharavi and Plaintiff Right Call Officials, Inc., including any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

E.      As used herein, the terms "you," your," or "Patrick Mineo" means Defendant Patrick Mineo.

F.      All other terms shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

## INSTRUCTIONS

A.      With respect to any information withheld on a claim of attorney/client or attorney work product privilege, provide a statement signed by an attorney representing Defendant setting forth the date and subject matter of the information withheld, as well as the grounds on which the claim of privilege is based.

B.      Plaintiffs reserve the right to serve further requests.

## REQUESTS TO ADMIT

1.      Admit that you are a moderator of the Facebook Group "The Wrestling Room" (hereinafter "The Wrestling Room").

2.      Admit that The Wrestling Room has discussed Plaintiffs (whether directly or indirectly).

3.      Admit that the Wrestling Room had over 40,000 members as of January 1, 2024.

4.      Admit that the following is a true and accurate copy of a post made by you on X on

2

January 1, 2024:



5.      Admit that your statements in Request 4 are in reference to Nima Gharavi.

6.      Admit that you did not verify the veracity of the statements contained within Request 4 before posting them on social media.

7.      Admit that the following is a true and accurate copy of a post made by you on X on January 1, 2024:



8.    Admit that you did not verify the veracity of the statements contained within Request 7 before posting them on social media.

9.    Admit that the following is a true and accurate copy of a post made by you on X on January 1, 2024:



10.   Admit that your statements in Request 9 are in reference to Nima Gharavi.

11.     Admit that you did not verify the veracity of the statements contained within Request 9 before posting them on social media.

12.     Admit that the following is a true and accurate copy of a post made by you in the Wrestling Room on January 1, 2024:



13.     Admit that you did not verify the veracity of the statements contained within Request 12 before posting them on social media.

14.     Admit that the following are true and accurate copies of a series of posts made by you in the Wrestling Room in January 2024:



**Pat Mineo** Author Admin +1
His most popular videos are luring other sick people, all it takes is one look and 30 seconds of watching to understand what's going on and how views are through roof...

I have never seen wrestling matches recorded in this manner.

2d   Like   Reply   Edited

**Pat Mineo** Author Admin +1

2d   Like   Reply



Reply to Pat Mineo...

**Pat Mineo** Author Admin +1
His face on the YouTube channel thumbnail even sets off some sort of inner alarm...

2d   Like   Reply

**Pat Mineo** Author Admin +1
Apparently he has been approached many times and lawyered up. And is getting away with this because of lack of proof...

2d   Like   Reply



**Pat Mineo** Author Admin +1

Joe Asterino he is trying to wipe stuff as we speak because it's been a hot topic last few weeks on twitter and he was kicked out of midlands. So you not see every thumbnail is specifically picked of a private part and suggestive photo on his most popular videos ?

2d Like Reply 👍 7



**Pat Mineo** Author Admin +1

Joe Asterino this is certainly not ordinary. It's just tip of iceberg with him as well. He's been reported and lawyered up many times.

2d Like Reply



**Pat Mineo** Author Admin +1

Chris Morrison yep and bots aside he is thumb nailing suggestive photos of private snd zooming in during matches

2d Like Reply 👍



**Pat Mineo** Author Admin +1

Alex Yntriago umm???

2d Like Reply

7







8













15.     Admit that your statements in Request 14 are in reference to Nima Gharavi.

16.     Admit that you did not verify the veracity of the statements contained within Request 14 before posting them on social media.

17.     Admit that the following is a true and accurate copy of a post made by you on X on January 3, 2024:



18.     Admit that your statements in Request 17 are in reference to Nima Gharavi.

19.     Admit that you did not verify the veracity of the statements contained within Request 17 before posting them on social media.

20.     Admit that the following is a true and accurate copy of a post made by you in the Wrestling Room on January 3, 2024:



21.     Admit that your statements in Request 20 are in reference to Nima Gharavi.

22.     Admit that you did not verify the veracity of the statements contained within Request 20 before posting them on social media.

23.     Admit that you posted about this Action in the Wrestling Room.

24.     Admit that the following is a true and accurate copy of a post made by you on X on January 3, 2024:



25.     Admit that your statements in Request 24 are in reference to Nima Gharavi.

26.     Admit that you did not verify the veracity of the statements contained within Request 24 before posting them on social media.

27.     Admit that you never personally observed any of Plaintiffs' videos on a pornographic website.

28.     Admit that you possess no evidence of Plaintiffs hosting their videos on a pornographic website.

## SPECIAL INTERROGATORY

1.     If your answer to any of the preceding Requests for Admission is anything other than an unqualified admission, please state in detail the factual basis upon which you have failed, denied, or refused to admit the above request(s).


Dated: November 26, 2024                    */s/ Nicole O'Toole Peterson*
                                            Jeffrey S. Becker (jbecker@smbtrials.com)
                                            Nicole O. Peterson (npeterson@smbtrials.com)
                                            SWANSON, MARTIN & BELL, LLP
                                            330 N. Wabash, Suite 3300
                                            Chicago, Illinois 60611
                                            (312) 321-9100

                                            *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above document has been served upon Defendant Patrick Mineo and all counsel of record via electronic mail on November 26, 2024.

                              By: */s/ Nicole O'Toole Peterson*
                                    Nicole O'Toole Peterson