BC GMC
FILED 11/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.,
   Plaintiffs,

v.

PATRICK J. MINEO,
   Defendant.

Case No. 1:24-cv-01969
Judge Steven C. Seeger
Magistrate Judge Beth W. Jantz

## DEFENDANT'S HEARING STATEMENT (FOR CONTEXT ONLY)

*Filed solely for the Court's convenience in advance of the November 20, 2025 hearing. Consistent with the Court's minute entry indicating that no written response is necessary, this submission is not a formal opposition brief and seeks no pre-hearing ruling. If the Court prefers to receive no written summary, Defendant respectfully requests that this statement be disregarded without prejudice.*

### 1. Procedural Background and Purpose

Plaintiffs' Motion to Compel was referred from Judge Seeger to Magistrate Jantz. Because the referral occurred before Defendant could file his prepared opposition, this brief summary gives chambers the essential chronology before oral argument. Defendant is the only remaining original defendant named in the March 2024 complaint and the only original defendant to have produced meaningful discovery. He has remained actively engaged for more than eighteen months and has endeavored to comply fully and professionally with all Court orders and discovery obligations.

### 2. Discovery Timeline (strict chronological order)

• April 2025: Plaintiffs served written discovery.

• May 30, 2025: Defendant (pro se) served complete responses and produced approximately 80 pages of screenshots, web captures, and contextual materials.

• June–August 2025: No objections or deficiency notices from Plaintiffs.

• September 11, 2025: Judge Seeger questioned Plaintiffs' request to extend the September 30 discovery deadline; Plaintiffs thereafter initiated a late surge of discovery activity.

• September 12, 2025 (105 days after production): Plaintiffs sent their first Rule 37 letter.

• September 15, 2025: Plaintiffs acknowledged Defendant was the only party to have provided written discovery.

• September 16, 2025: Plaintiffs noticed Defendant's deposition for September 30 without conferral.

• September 17, 2025: The Court extended fact discovery to January 30, 2026 for case-management reasons (not to excuse prior delay).

• September 19, 2025: Plaintiffs cancelled the September 30 deposition after obtaining the extension.

• September 21–23, 2025: Further correspondence; Defendant proposed a brief scheduling accommodation, then—after reviewing Plaintiffs' late, expanded demands—stood on his timeliness objection.

• October 8, 2025: Parties conducted a brief ~12-minute telephonic meet-and-confer; no specific items were resolved.

• October 14, 2025 (137 days after production): Plaintiffs filed the Motion to Compel.

### 3. Meet-and-Confer Certification (Rule 37 / Local Rule 37.2)

The October 8 call lasted about twelve minutes; Plaintiffs restated their position and no detailed discussion of individual items occurred. Defendant participated in good faith and remains willing to continue that dialogue. Plaintiffs' motion does not include the certification required by Fed. R. Civ. P. 37(a)(1) and N.D. Ill. L.R. 37.2 and does not accurately describe the limited nature of that discussion. This clarification is offered to complete the record and demonstrate Defendant's ongoing cooperation.

### 4. Defendant's Compliance and Good Faith

Defendant's May 30 production addressed all requests to the best of his knowledge and included substantial contextual materials. Shortly after Defendant opposed Plaintiffs' request to extend discovery, Plaintiffs sent a supplementation demand that included fabricated email addresses incorporating Defendant's name and initials in a profane and insulting manner, such as variations using profanity and Defendant's initials, and asked Defendant to confirm if those were his. Defendant ignored these provocations and continued communicating professionally. Defendant remains ready to supplement any specific item the Court identifies, consistent with proportionality under Rule 26(b)(1).

### 4A. Clarification of Certain References in Plaintiffs' Motion

Plaintiffs' Motion to Compel references several items in a manner that may not accurately reflect Defendant's production. For accuracy:

• The materials labeled "Arabic Messenger" in Plaintiffs' motion are screenshots of public websites containing Plaintiffs' videos, not private messages authored by Defendant. The content was translated to show third-party captions and context.

• The "FBI" reference in Defendant's materials derives from a concerned parent, Jennifer Ritacco, who independently reported the matter to law enforcement. Defendant has never contacted any FBI agent or law-enforcement official.

• Defendant produced all messages in his possession, including communications with Ms. Ritacco, and no private or platform-based messages were withheld. Screenshots reflect native mobile formatting from pre-litigation conversations; Defendant produced every message he retained and identified the relevant witness.

These clarifications are provided solely to ensure the Court has an accurate factual record before the hearing. Defendant reserves all arguments for oral presentation.

### 5. Delay, Prejudice, and Proportionality

Plaintiffs waited more than three months to raise issues and then noticed Defendant's deposition for September 30, later cancelling it after obtaining the extension. These actions forced Defendant to revisit completed discovery and disrupt his work schedule unnecessarily. Any supplementation, if ordered, should be narrowly tailored, time-limited, and proportionate.

### 6. Clarifying Materials Preserved (Available if Relevant)

Defendant has preserved contemporaneous materials that corroborate the accuracy of his prior responses. In addition, certain documents recently produced by Plaintiffs in response to their own third-party subpoenas—including communications from parents and from officials at USA Wrestling—reflect concerns and reports predating Defendant's statements. These materials, originating from Plaintiffs' own subpoena responses, further confirm that third-party reports existed well before Defendant's commentary. Defendant will provide or reference these materials if the Court deems them relevant to the discovery issues.

### 7. Requested Relief (to be addressed at hearing)

Defendant respectfully requests that Plaintiffs' Motion to Compel be denied. Alternatively, if supplementation is ordered, Defendant asks that the Court: (1) identify the specific requests requiring supplementation; (2) set a reasonable deadline; and (3) deny any fee or sanction request, given Defendant's diligence, compliance, and Plaintiffs' delay.

Respectfully submitted,

/s/ Patrick J. Mineo

Patrick J. Mineo (Pro Se Defendant)

Email: patrickmineo22@gmail.com

Phone: 484-862-7732

Date: November 12, 2025

**Certificate of Service**

I certify that on November 12, 2025, I served a copy of the foregoing on Plaintiffs' counsel via email at jbecker@smbtrials.com.