IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No, 1:24-cv-1969 |
| vs. | )<br>) Judge:<br>) Hon. Steven C. Seeger |
| JESSICA PRESLEY, MATSCOUNTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25, | )<br>)<br>) Magistrate Judge:<br>) Hon. Beth W. Jantz<br>)<br>) |
| Defendants. | ) |

**JOHN DAVIDSON'S MOTION TO EXTEND FACT DISCOVERY**

Defendant, JOHN DAVIDSON, by his attorneys, STORM & PISCOPO, P.C., moves this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure to extend the deadline to complete fact discovery from January 31, 2026 to April 30, 2026, and in support thereof, states as follows:

1. This case was originally filed on March 8, 2024.

2. On December 27, 2024, Plaintiffs filed a Second Amended Complaint, naming for the first time Defendant JOSEPH CORSINI.

3. On May 29, 2025, Plaintiffs filed a Third Amended Complaint, naming for the first time Defendants JOHN DAVIDSON and IAN JAGGER, a/d/a IAN MAJKA.

4. Currently, the deadline to complete fact discovery pursuant is January 31, 2026, as set by this Court on September 17, 2025 [Doc 115].

5. That date was set prior to service of process on the following Defendants:

(a) Your movant, JOHN DAVIDSON; served on October 20, 2025;

(b) IAN MAJKA, served on September 30, 2025.

1

6. Currently pending before the Court are the following motions that affect certain parties' presence in this case:

(a) Defendant JOHN DAVIDSON'S Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) [Docs 132-133]. This Motion is in a briefing schedule to be concluded on January 19, 2026 [Doc 134].

(b) Defendant JOSEPH CORSINI'S Motion to Dismiss under Rule 12(b)(2) [Doc 86]. This Motion has been fully briefed and is awaiting decision.

(c) Plaintiffs' Motion for Default as to Defendant IAN MAJKA [Doc 130]. This Motion has been entered and continued pending settlement discussions with that Defendant [Doc 137].

7. Further, a Motion to Compel [Doc 120] filed by the Plaintiffs, seeking discovery from *pro se* Defendant Patrick Mineo, was granted [Doc 131] by Magistrate Judge Beth W. Jantz, who directed those parties to meet and confer regarding outstanding discovery. Further, an amended Protective Order is to be submitted to Magistrate Judge Jantz shortly.

8. On December 18, 2025, counsel for Defendant, JOHN DAVIDSON, received Interrogatories, a Request to Admit, and a Request for the Production of Documents from Plaintiffs' counsel. Shortly thereafter, he received a Notice of Deposition from Plaintiffs' counsel.

9. Rule 16 of the Federal Rules of Civil Procedure governs the procedures for pre-trial conferences and the setting of discovery schedules.

10. Rule 16(b)(4) provides as follows:

(4) *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b)(4).

11. Completion of fact discovery involves propounding and obtaining answers to written discovery requests, determining the identities of the material witnesses, and taking their depositions or obtaining additional documents from those witnesses.

12. For this case in particular, Defendant JOHN DAVIDSON, in addition to the above, needs to obtain the discovery responses and documents previously produced by the other parties in the case in

order to adequately prepare for trial. He also needs to propound discovery of his own, which he is preparing at this time.

13. With service on Defendant JOHN DAVIDSON effected only on October 20, 2025, and with extensive other proceedings in this case having been conducted without him, it would be unfair and impracticable to give him a deadline of only three months from service of the Third Amended Complaint to complete fact discovery.

14. In addition, counsel for Defendant JOHN DAVIDSON has an opening brief due on January 5, 2026, in the Appellate Court of Illinois, Third Judicial District, entitled *In re Estate of Richard Mueller, Deceased,* case number 3-25-0360. That case raises substantial issues involving the granting of summary judgment on a will contest and requires examination of transcripts of more than a dozen witnesses.

15. The above constitutes "good cause" for the extension of fact discovery under Rule 16(b)(4).

16. Defendant JOHN DAVIDSON respectfully requests an extended deadline to April 30, 2026 to complete fact discovery. That date is just over six months from the day process was served upon him. Such a deadline will allow this Court time to consider his Motion to Dismiss and that of Defendant JOSEPH CORSINI for lack of personal jurisdiction under Rule 12(b)(2), and allow Defendant DAVIDSON sufficient time to propound written discovery, to receive written discovery answers provided by the other parties to this cause, for him to answer the written discovery propounded by Plaintiffs, and for the parties to coordinate their scheduling of depositions in this cause.

17. Counsel for Defendant JOHN DAVIDSON has circulated this Motion to all other counsel and *pro se* parties, except for Ian Majka, who does not appear to have an e-mail address of record to this Court, and who will be served by U.S. Mail at the service of summons address of 320 5th Street, Saddle Brook, New Jersey 07663.

18. All counsel who have responded have agreed to this Motion, except *pro se* Defendant PATRICK MINEO. The e-mail chain with the undersigned's submission and the responses of Mr. Mineo, counsel for Defendant JOSEPH CORSINI and counsel for Plaintiffs is attached hereto as Exhibit "1."

19. With respect to Mr. Mineo's objection, he does not object to an extension with respect to discovery relating to Defendant JOHN DAVIDSON. He does object to extending discovery generally. In response, Defendant DAVIDSON submits that it will be impossible to conduct a meaningful deposition of Plaintiffs or Defendant DAVIDSON with Defendant DAVIDSON'S full participation, and this requires him to have sufficient opportunity to propound and answer written discovery.

20. In consideration of Mr. MINEO'S objections, the needs of this case and the needs of Defendant DAVIDSON in particular, Defendant DAVIDSON respectfully requests that the Court extend written discovery to February 28, 2026 and fact deposition discovery to April 30, 2026.

WHEREFORE, Defendant prays that the Court GRANT his Motion to Extend Fact Discovery under Rule 16(b)(4) of the Federal Rules of Civil Procedure and extend written discovery to February 28, 2026 and fact deposition discovery to April 30, 2026.

DATED: December 29, 2025                              Respectfully submitted,

/s/ *Philip J. Piscopo*
Philip J. Piscopo
Attorney for Defendant
John Davidson

Storm & Piscopo, P.C.
2000 S. Batavia Avenue
Suite 410
Geneva, Illinois 60134
(630) 232-6170
pjp@stormpiscopo.law
IL Bar No. 6243658

# EXHIBIT 1

# Philip Piscopo

---

| | |
|---|---|
| **From:** | Adam Kingsley <adam@kingsleylawgroup.com> |
| **Sent:** | Monday, December 29, 2025 8:22 AM |
| **To:** | Jeff Becker; Patrick Mineo; Philip Piscopo |
| **Cc:** | Nicole O'Toole Peterson; Olivia E. Duggins; Alexandra Daunheimer |
| **Subject:** | Re: Gharavi v. Presley, et al, case no. 24-cv-1969 |

Corsini agrees with Davidson's Motion to Extend Fact Discovery.

However, as a precaution, I plan to issue Interrogatories, Document Requests and a Notice of Deposition directed to Plaintiffs by the end of today.

Adam Kingsley - 773.218.7208




Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Jeff Becker <jbecker@smbtrials.com>
**Sent:** Saturday, December 27, 2025 2:01:52 PM
**To:** Patrick Mineo <patrickmineo22@gmail.com>; Philip Piscopo <pjp@stormpiscopo.law>
**Cc:** Nicole O'Toole Peterson <notoole@smbtrials.com>; Adam Kingsley <adam@kingsleylawgroup.com>; Olivia E. Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>
**Subject:** Re: Gharavi v. Presley, et al, case no. 24-cv-1969

On behalf of the plaintiff's, we do not object to the motion.

Please note that we do not agreement with Mr Mineo's statements concerning his own discovery obligations. He has not fully complied with discovery and was ordered to supplement his responses, which he has failed to do in a satisfactory manner.

Jeffrey S. Becker
Swanson, Martin & Bell, LLP
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312) 321-9100 (general)
(312) 321-8425 (direct)
(312) 321-0990 (fax)
www.smbtrials.com

---

**From:** Patrick Mineo <patrickmineo22@gmail.com>
**Sent:** Saturday, December 27, 2025 1:52:01 PM
**To:** Philip Piscopo <pjp@stormpiscopo.law>
**Cc:** Nicole O'Toole Peterson <notoole@smbtrials.com>; Adam Kingsley <adam@kingsleylawgroup.com>; Olivia E.

1

Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>; Jeff Becker <jbecker@smbtrials.com>
**Subject:** Re: Gharavi v. Presley, et al, case no. 24-cv-1969

> **Caution:** External email.

Counsel,

I do not consent to Defendant John Davidson's Motion to Extend Fact Discovery.

Discovery in this case has been ongoing since at least September 2024, subject only to a temporary stay while motions to dismiss were resolved. That stay was lifted in April 2025, and fact discovery has already been extended once, with the current deadline set for January 31, 2026.

As to my participation specifically, I served full written discovery responses and document production on May 30, 2025, and later produced supplemental documents pursuant to the Court's December 16, 2025 order. I have complied with all discovery obligations directed to me.

While Defendant Davidson was added in the Third Amended Complaint in May 2025 and served later, that circumstance should not justify reopening or extending discovery as to parties who have already participated fully and in good faith for many months. Any discovery needs unique to Defendant Davidson can be addressed without extending the global discovery deadline in this matter.

For these reasons, I do not agree that "good cause" exists under Rule 16(b)(4) to extend fact discovery to April 30, 2026, and I respectfully oppose the requested extension.

Regards,
Patrick Mineo
Pro Se Defendant

> On Dec 27, 2025, at 1:33 PM, Philip Piscopo <pjp@stormpiscopo.law> wrote:
>
> To all:
>
> I have prepared a Motion to Extend Fact Discovery to April 30, 2026 and circulate it to all of you to see if you are in agreement.
>
> I note that I do not have contact information, other than a street address, for Ian Majka.
>
> Please let me know if this is acceptable and I will file it. Thank you for your attention to this matter.
>
> Very truly yours,
>
> Philip J. Piscopo

2

Storm & Piscopo, P.C.
2000 S. Batavia Avenue, Suite 410
Geneva, Illinois 60134
(630) 232-6170
Fax: (630) 232-6180

Confidentiality and Privacy Notice

This electronic message is for the designated recipient(s) only. It may contain privileged, proprietary, or otherwise private information. If you have received it in error, please notify the sender immediately by both return e-mail and by telephone at the number listed above, and delete the original. Any other use of the e-mail by you, including but not limited to any forwarding or other dissemination of this e-mail, without the express written permission of the sender, is strictly prohibited. No unintentional sending or forwarding of this e-mail by the original sender, nor any unpermitted dissemination thereof by any recipient, shall waive any privilege, proprietary right, or any right of privacy in and to the information contained in this message.

<Motion to Extend Fact Discovery.docx>

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.