IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25.<br><br>Defendants. | Case No. 1:24-cv-1969<br><br>**Judge:**<br>Honorable Steven C. Seeger<br><br>**Magistrate Judge:**<br>Honorable Beth W. Jantz |

**PLAINTIFFS' RENEWED MOTION TO COMPEL**

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and for their renewed motion to compel against Defendant PATRICK MINEO. In support thereof, Plaintiffs state as follows:

**BACKGROUND**

Plaintiffs served their First Set of Interrogatories and Requests for Production on Defendant Patrick Mineo on November 26, 2024. *See* discovery requests to Patrick Mineo, attached as **Exhibit A**. Mineo ultimately served his initial responses on June 2, 2025, which included an initial set of document production that consisted of an 80-page PDF of screenshots that were cropped, missing timestamps, stripped of identifying information, or otherwise incomplete. Several

1

message threads were partial, and certain documents, such as Arabic to English Messenger translations, omitted the sender's identity, dates, and surrounding context.

Plaintiffs thereafter issued detailed Rule 37 letters identifying the deficiencies in Mineo's responses and requesting supplementation. *See* Rule 37 letter dated September 12, 2025, attached as **Exhibit B**; *see also* Rule 37 letter dated September 22, 2025, attached as **Exhibit C**. In these letters, Plaintiffs outlined the specific interrogatories and document requests requiring supplementation, explained why Mineo's responses were inadequate, and offered to meet and confer in good faith to resolve the issues without court intervention.

In response, Mineo asserted that Plaintiffs' supplementation requests were "untimely" and stated he would not supplement his responses in any respect. *See* emails dated September 29-October 6, 2025, attached as **Exhibit D**. Plaintiffs requested a Rule 37.2 conference, which the parties scheduled for October 8, 2025. During that call, Mineo confirmed he would stand on his timeliness objection and refused to discuss the substance of his deficient responses or any of the issues raised in Plaintiffs' letters. *See* emails dated October 8, 2025, attached as **Exhibit E**.

On October 14, 2025, Plaintiffs filed a motion to compel Mineo's supplemental discovery responses. Dkt 120. The parties attended a hearing on Plaintiffs' motion to compel on November 20, 2025, where this Court overruled Mineo's timeliness objection and granted Plaintiffs' motion to compel as follows:

> Plaintiff's Motion to Compel discovery from pro se Defendant Patrick Mineo is GRANTED to the following extent. The Court overruled Mr. Mineo's timeliness objection, and directed Mr. Mineo and Plaintiff's Counsel to meet and confer via phone or video by no later than November 25, 2025, to discuss what supplemental discovery can be produced by Mr. Mineo. Mr. Mineo must make any such supplements to his previous productions by December 16, 2025.

Dkt 131.

In compliance with the Court's order, Plaintiffs' counsel and Mineo met by telephone for approximately one hour on November 24, 2025. During that discussion, the parties reviewed the deficiencies identified in Plaintiffs' Rule 37 letters, and Mineo agreed to supplement his discovery responses to the extent such information and documentation are within his knowledge or control.

On December 16, 2025, Mineo served his supplemental production on Plaintiffs, which consisted of 205 pages of documentation. However, a total of 181 pages of Mineo's production were actually pulled from third-party subpoena responses that Plaintiffs had previously produced to Mineo and 20 pages consisted of social media posts Mineo pulled from the exhibits attached to Plaintiffs' Complaint. The remaining 4 pages of Mineo's supplemental production appear to be comprised of an additional social media post by Mineo that was not included in his original production and social media posts authored by other individuals that reference Plaintiffs or their videos. Thus, Mineo's supplementation largely failed to address any of the deficiencies raised in Plaintiffs' Rule 26 correspondence or their motion to compel.

Plaintiffs thereafter delivered additional Rule 37 correspondence to Mineo, in which they identified the categories of information that remained missing, incomplete, or improperly redacted from Mineo's existing production, and highlighted the fact that Mineo did not supplement any of the interrogatory answers discussed during their Rule 37 communications. *See* letter dated December 18, 2025, attached as **Exhibit F**. Mineo did not respond to this letter. The parties then appeared for a hearing on December 22, 2025, during which Plaintiffs' counsel informed the Court that Mineo's supplemental production did not remedy the deficiencies identified in their Rule 37 correspondence, despite the fact the parties had engaged in a meet and confer as instructed by the Court. In response, the Court suggested that Plaintiffs may file a renewed motion to compel against Mineo. Dkt. 140. Ultimately, despite the Court's clear directive and Plaintiffs' repeated good-faith

3

efforts, Mineo's discovery remains deficient and in violation of the Court's November 20, 2025 Order.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant in a discovery context if it is relevant to the subject matter of the litigation as Rule 26(b)(1) states, not just the particular issues presented in the pleadings." *Eggleston v. Chi. Journeymen Plumbers' Loc. Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981). Courts have thus favored broad discovery by "adopt[ing] a liberal interpretation of the discovery rules." *Sabratek Liquidating LLC v. KPMG LLP*, No. 01-C-9582, 2002 WL 31520993, at *1 (N.D. Ill. Nov. 13, 2002). The Seventh Circuit has recognized that "the district court has 'broad discretion over discovery matters,' including motions to compel and/or for sanctions." *Transcap Assocs., Inc. v. Euler Hermes Am. Credit Indem. Co.*, No. 08-C-723, 2009 WL 3260014, at *2 (N.D. Ill. Oct. 9, 2009) (quotations omitted).

With respect to Plaintiffs' request for reimbursement of attorneys' fees, Rule 37(a)(5)(A) provides that when a motion to compel is granted, the court requires the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees, unless the noncompliant party shows its position was substantially justified. Fed. R. Civ. P. 35(a)(5)(A). The Seventh Circuit has held that "substantially justified" requires a reasonable basis in law and fact, and the burden rests on the resisting party. *Pable v. Chicago Transit Authority*, 145 F.4th 712, 723–24 (7th Cir. 2025); *Alicea v. County of Cook*, 88 F.4th 1209, 1219 (7th Cir. 2023); *see also Jokich v. Rush University Medical Center*, 2020 WL 2098060, at *3 (N.D. Ill. May 1, 2020 (awarding fees where a party's unjustified refusal to participate in discovery necessitates motion

4

practice); *see also Central States, Southeast and Southwest Areas Pension Fund v. Total Waste Management, LLC*, 2020 WL 13930587, at *1 (N.D. Ill. June 21, 2020).

## ARGUMENT

Despite Plaintiffs' attempts to resolve Mineo's discovery deficiencies amicably, a motion to compel, and this Court's November 20, 2025 Order, Mineo's responses remain deficient in three ways:

### A. Communications with Third Parties (Interrogatories 3–5; Document Requests 1–3)

Interrogatories 3, 4 and 5 seek the identity of all individuals with whom Mineo communicated about (i) Plaintiffs, (ii) Plaintiffs' wrestling videos, or (iii) the allegations in the Complaint, along with the timing and method of those communications and a brief summary of the substance of those communications. [*See* Interrog. 3-5.] Plaintiffs similarly requested that Mineo produce copies of written communications with these third parties. [*See* Doc Req. 1-3.]

Mineo's initial interrogatory answers merely directed Plaintiffs to his document production without providing any information concerning the names of any individuals he communicated with, the timing of these communications or a description of the communications. His production consisted of cropped, incomplete snippets of communications with two individuals, but these documents were produced in such a way as to lack any timestamps and the full message threads. Mineo's supplemental production did not cure these deficiencies. He still failed to produce unredacted and uncropped versions of previously incomplete communications, including a thread between himself and an individual named Jennifer Ritacco, and he did not produce complete Facebook Messenger or Instagram message threads (despite having a conversation with Plaintiffs' counsel where a simple way to gather this information was discussed). Instead, Mineo produced

5

third-party subpoena responses that *Plaintiffs had provided to him*. Plaintiffs therefore request the Court to compel full compliance with Interrogatories 3, 4 and 5 and Document Requests 1, and 3.

### B. Social Media Content (Document Requests 7–8)

Document Requests 7 and 8 seek Mineo's social media posts, messages, comments, and interactions with third-parties that relate to (i) Plaintiffs or (ii) allegations in the Complaint. Mineo's initial production contained virtually no responsive social media content. [*See* Doc. Req. 7-8.] Instead, he directed Plaintiffs to his public social media pages and asserted that Plaintiffs had already accessed the comments. This does not satisfy Rule 34, as Plaintiffs lack access to Mineo's private, deleted, or restricted content. To facilitate compliance, Plaintiffs provided Mineo with simple instructions for exporting his social media data.

Mineo's supplemental production included limited screenshots of certain of his social media posts. All but one appear to be pulled directly from Plaintiffs' exhibits to the Third Amended Complaint. He still failed to produce Facebook Messenger and Instagram communications and unaltered screenshots of webpages referenced in his prior production. Mineo has also failed to fully produce all posts authored by him and the comments attached thereto despite Plaintiffs' counsel having provided him with straightforward instructions for exporting this data in their September 12, 2025 deficiency letter. Plaintiffs therefore request that the Court compel Mineo to fully comply with Document Requests 7 and 8.

### CONCLUSION

Although Mineo recently supplemented his production, he did not cure the deficiencies identified in Plaintiffs' Rule 37 correspondence or satisfy the Court's November 20, 2025 Order. Plaintiffs have invested substantial time and resources preparing and presenting their initial motion

to compel, and the Court has likewise expended judicial resources evaluating and ruling on that motion.

In addition, Plaintiffs should not be required to incur additional expenses simply to secure Mineo's compliance with an Order he is already obligated to follow. Mineo's continued noncompliance has hindered Plaintiffs' ability to prepare for his deposition and demonstrates a disregard for his discovery obligations. His conduct has required Plaintiffs to expend additional resources to file this renewed motion to compel. Therefore, this Court should award Plaintiffs their attorney's fees incurred in bringing both motions to compel.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. request that this Court enter an order compelling Defendant PATRICK MINEO to supplement his discovery in a manner consistent with their Rule 37 correspondence and this Motion, order Mineo to reimburse Plaintiffs the attorney fees incurred in connection with both motions to compel, and for any additional relief this Court deems just and appropriate.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: January 5, 2026

By:*/s/ Olivia E. Duggins*
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com