S<small>WANSON</small>, M<small>ARTIN</small> & B<small>ELL</small>, LLP

ATTORNEYS AT LAW
330 NORTH WABASH, SUITE 3300, CHICAGO, ILLINOIS 60611
(312) 321-9100 • FAX (312) 321-0990

W<small>RITERS</small> D<small>IRECT</small> D<small>IAL</small>: (312) 222-8534
ODUGGINS@SMBTRIALS.COM

September 12, 2025

*Via Email*
Patrick Mineo
patrickmineo22@gmail.com

Re: *Gharavi v. Presley, et al.*, Case No. 1:24-cv-1969

Dear Mr. Mineo,

This is a preliminary letter sent pursuant to Fed. R. Civ. P. 26 and 37 to address certain deficiencies in your responses to Plaintiffs' First Set of Interrogatories and Requests for Production. Several of your discovery responses are incomplete and require your attention at this time. We request supplementation of your responses within thirty (30) days as outlined below:

*Text Messages*

In their Interrogatories and Requests for Production, Plaintiffs define Communications as:

> "Communication" or "Communications" mean any oral, written, or electronic transmission of information, demands or inquiries, including but not limited to conversations, letters, meetings, discussions, summaries, telephone calls, **text messages**, direct messages, photographs, audiotapes, videotapes, **e-mails**, seminars, conferences, writings, letters, messages, notes, memoranda, or documents.

In your discovery responses, you did not identify or produce any text messages or e-mails of your own. Please supplement your document production to include text messages and e-mails responsive to Interrogatories Nos. 4 and 5, and Requests Nos. 1 through 6.

*Incomplete Production of Communications*

Your document production included several Facebook Messenger messages exchanged with an individual named Jennifer Ritacco, as well as a letter from Ms. Ritacco addressed to the Court. However, you did not produce or identify any communications reflecting how you became aware of the letter or how it came into your possession. Similarly, your document production included photographs of a computer screen showing a FloSports e-mail; however, you did not produce or identify any communications indicating how you obtained or became aware of these photographs.

These communications are both relevant and responsive to Plaintiffs' requests. Please supplement your production to include any such communications and clearly identify the dates on which they occurred.

*Social Media Posts*

In response to Requests for Production Nos. 7 and 8, you wrote:

"For #7 & #8 – Please refer to Interrogatory #9 answers – I listed my social media handles where you have already accessed the comments, which were all made publicly on my public accounts."

This response does not satisfy your obligation to produce responsive documents. Identifying your social media handles does not constitute production under Fed. R. Civ. P. 34. Plaintiffs are entitled to receive the actual posts, comments, messages, or other content that is relevant to the claims and defenses in this litigation.

One practical way to comply would be to export your social media data from the platforms you identified in your response to Interrogatory No. 9. Most platforms allow users to download an archive of their account activity. You can filter the data to identify and produce posts that are responsive to Requests for Production Nos. 7 and 8. Instructions for initiating this process are available at the following links:

> https://www.facebook.com/help/212802592074644/
> https://help.x.com/en/managing-your-account/accessing-your-x-data
> https://help.instagram.com/181231772500920

*Verifications*

Signed verifications of your discovery responses are required under Fed. R. Civ. P. 26(g). In your supplemental production, please include properly executed verifications attesting to the completeness and accuracy of your responses.

Thank you for taking your time to review this correspondence. Please supplement your discovery responses within thirty (30) days of receipt of this letter. We remain available to meet and confer on any of the topics raised in this correspondence, and we hope to resolve them without the need for court intervention. We are reserving our rights to address additional deficiencies and concerns in future correspondence.

> Very truly yours,
> Swanson, Martin & Bell, LLP
>
> Olivia E. Duggins

cc: Jeffrey Becker
    Nicole O'Toole Peterson