Outlook

## Re: Gharavi v. Mineo et al - Discovery Responses

On Oct 6, 2025, at 1:19 PM, Jeff Becker <jbecker@smbtrials.com> wrote:

Thank you. For clarity, we too do not consent to any recording of this call. Thank you.

### Jeffrey S. Becker

Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100 (general)
(312) 321-8425 (direct)
(312) 321-0990 (facsimile)

Bio | E-Mail | LinkedIn

website:   www.smbtrials.com

🌿 **Go Green: Please do not print this e-mail unless absolutely necessary.**

*Privileged & confidential communication, intended only for the named recipient(s).*

*If you receive this message by mistake, please notify me immediately and delete it.*

*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

<image001.png>

---

**From:** Patrick Mineo <patrickmineo22@gmail.com>
**Sent:** Monday, October 6, 2025 12:08 PM
**To:** Kira Matheson <kmatheson@smbtrials.com>
**Cc:** Jeff Becker <jbecker@smbtrials.com>; Olivia E. Duggins <oduggins@smbtrials.com>; Laura Munoz <lmunoz@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>
**Subject:** Re: Gharavi v. Mineo et al - Discovery Responses

**Caution:** External email.

Mr. Becker and Ms. Matheson,

Thank you for confirming. I will plan to call Mr. Becker's direct line at 10:00 a.m. ET on October 8. For the record, I do not consent to any recording of the call.

> On Oct 3, 2025, at 11:42 AM, Kira Matheson <kmatheson@smbtrials.com> wrote:
>
> Good morning all,
>
> I have sent an invitation for 10/08 at 10:00 am ET. Patrick, please call Jeff's direct line: 312-321-8425.
>
> Please let me know if you have any questions.
>
> Sincerely,
>
> **Kira Matheson**
> **Legal Assistant**
> **Swanson, Martin & Bell, LLP**
> **330 N. Wabash, Suite 3300**
> **Chicago, Illinois 60611**
> **(312) 321-9100 (general)**
> **(312) 321-3518 (direct)**
> **(312) 321-0990 (facsimile)**
> website:   www.smbtrials.com
>
> 🌿 **Go Green: Please do not print this e-mail unless absolutely necessary.**
>
> *Privileged & confidential communication, intended only for the named recipient(s).*
>
> *If you receive this message by mistake, please notify me immediately and delete it.*

10/14/25, 1:40 PM
Re: Gharavi v. Mineo et al - Discovery Responses - Tyler Rocks - Outlook
Case: 1:24-cv-01969 Document #: 146-4 Filed: 01/05/26 Page 4 of 10 PageID #:2619

*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

---

**From:** Jeff Becker <jbecker@smbtrials.com>
**Sent:** Friday, October 3, 2025 10:36 AM
**To:** Patrick Mineo <patrickmineo22@gmail.com>
**Cc:** Olivia E. Duggins <oduggins@smbtrials.com>; Laura Munoz <lmunoz@smbtrials.com>; Kira Matheson <kmatheson@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>
**Subject:** RE: Gharavi v. Mineo et al - Discovery Responses

Thank you for agreeing to have a call on this. I am available at that time. Kira, can you please set this on our calendar?

## Jeffrey S. Becker

Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100 (general)
(312) 321-8425 (direct)
(312) 321-0990 (facsimile)

Bio | E-Mail | LinkedIn
website:   www.smbtrials.com

♻ Go Green: Please do not print this e-mail unless absolutely necessary.

*Privileged & confidential communication, intended only for the named recipient(s).*

*If you receive this message by mistake, please notify me immediately and delete it.*

*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

<image001.png>

**From:** Patrick Mineo <patrickmineo22@gmail.com>
**Sent:** Thursday, October 2, 2025 10:19 AM
**To:** Jeff Becker <jbecker@smbtrials.com>
**Cc:** Olivia E. Duggins <oduggins@smbtrials.com>; Laura Munoz <lmunoz@smbtrials.com>; Kira Matheson <kmatheson@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>
**Subject:** Re: Gharavi v. Mineo et al - Discovery Responses

**Caution:** External email.

Mr. Becker,

I acknowledge your request to meet and confer. Because of work obligations this week, I am not immediately available, but I can make time for a phone call on Wednesday, October 8, at 10:00 a.m. Eastern Time, or later that week. Please confirm if that works.

As stated, I served my discovery responses on May 30, and no concerns were raised for more than three months. While I

maintain that the recent supplementation demands are untimely, I am making myself available for purposes of Rule 37's good-faith requirement.

Sincerely,
Patrick Mineo

> On Sep 30, 2025, at 2:55 PM, Jeff Becker <jbecker@smbtrials.com> wrote:
>
> Okay. Thank you for your clarification. We do not believe that a delay in the date upon which a party requests supplementation of another party's production is an adequate basis to refuse to produce information that is otherwise responsive to previously-submitted discovery requests but not previously produced. As the court provided the parties with time to complete fact discovery through January 30, 2026, we should both be able to work in good faith with one another to allow for the timely supplementation of your responses in a manner that also allows for the parties to complete oral discovery within the court-ordered deadlines.
>
> The parties should be able to resolve most discovery disputes, which should be addressed primarily through good-faith efforts to resolve disagreements. Thus, I would ask that you please provide me with your availability to engage in a "meet and confer" discussion pursuant to Rule 37.2 so that we may attempt to resolve the issues raised in our Rule 37 correspondence, and thereafter raised in your emails. I am happy to have this conversation by telephone or Zoom and will work with your schedule to do so. To that end, please let me know what your schedule looks like over the next few days for us to engage in a good-faith "meet and confer" discussion. Thank you.
>
> Truly,
>
> ### Jeffrey S. Becker
> Swanson, Martin & Bell, LLP
> 330 N. Wabash, Suite 3300
> Chicago, Illinois 60611
> (312) 321-9100 (general)
> (312) 321-8425 (direct)
> (312) 321-0990 (facsimile)
> [Bio](Bio) | [E-Mail](E-Mail) | [LinkedIn](LinkedIn)
> website:   www.smbtrials.com
>
> ♻ Go Green: Please do not print this e-mail unless absolutely necessary.
>
> *Privileged & confidential communication, intended only for the named recipient(s).*
> *If you receive this message by mistake, please notify me immediately and delete it.*

*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

<image001.png>

---

**From:** Patrick Mineo <patrickmineo22@gmail.com>
**Sent:** Tuesday, September 30, 2025 1:18 PM
**To:** Jeff Becker <jbecker@smbtrials.com>
**Cc:** Olivia E. Duggins <oduggins@smbtrials.com>; Laura Munoz <lmunoz@smbtrials.com>; Kira Matheson <kmatheson@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>
**Subject:** Re: Gharavi v. Mineo et al - Discovery Responses

> **Caution:** External email.

Mr. Becker,

I timely served my discovery responses on May 30, 2025. Plaintiff raised no concerns for more than three months. The first supplementation demand came on September 12, the day after the Court questioned Plaintiff's extension request, and again on September 22 — both more than 100 days after my original responses and just before the original September 30 deadline. In that same week, Plaintiff also noticed my deposition for September 30 without conferring, then cancelled it only days later once an extension was granted.

I object to the timing of these late demands. Plaintiff has been granted an extension until January 30, 2026, but that extension does not restart my obligations or excuse the lengthy delay.

To be clear, I am not refusing discovery. I stand by my May 30 responses. My position is that Plaintiff's recent demands are untimely and improper after months of silence with my responses, and I respectfully maintain that position.

Respectfully,
Patrick Mineo

On Sep 29, 2025, at 1:06 PM, Jeff Becker <jbecker@smbtrials.com> wrote:

Mr. Mineo. Let me please make sure we are clear what you are saying. Are you now saying that you will not be supplementing any discovery responses? Or are you saying that you object to the time frame in which we are asking that they be provided? As you know, the deposition notice was sent due to the fact that you were objecting to the discovery extension and we were not yet sure whether the court would be extending discovery. But now that it is clear that discovery has been extended, and we have more time to complete discovery, I need to understand if you are actually stating you will not be supplementing anything at all, since we would then need to file a motion to compel. We obviously would prefer to avoid the need to do so, and would prefer to work amicably, but if you are refusing to supplement altogether, that may not be possible. Thus, please let me know precisely the position you are taking. Thank you.

## Jeffrey S. Becker

Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100 (general)
(312) 321-8425 (direct)
(312) 321-0990 (facsimile)
Bio | E-Mail | LinkedIn
website: www.smbtrials.com

Go Green: Please do not print this e-mail unless absolutely necessary.

*Privileged & confidential communication, intended only for the named recipient(s).*
*If you receive this message by mistake, please notify me immediately and delete it.*
*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

<image001.png>

---

**From:** Patrick Mineo <patrickmineo22@gmail.com>
**Sent:** Monday, September 29, 2025 10:40 AM
**To:** Jeff Becker <jbecker@smbtrials.com>
**Cc:** Olivia E. Duggins <oduggins@smbtrials.com>; Laura Munoz <lmunoz@smbtrials.com>; Kira Matheson <kmatheson@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>
**Subject:** Gharavi v. Mineo et al - Discovery Responses

10/14/25, 1:40 PM
Case: 1:24-cv-01969 Document #: 146-4 Filed: 01/05/26 Page 8 of 10 PageID #:2623
Re: Gharavi v. Nunes et al - Discovery Responses - Tyler Rodles - Outlook

**Caution:** External email.

Good Morning Mr. Becker,

I served my discovery responses on **May 30, 2025**. Plaintiff raised no concerns until **September 12** and **September 22**—nearly four months later, and on the eve of the original **September 30** discovery deadline. The timing of these demands, arriving only after Judge Seeger questioned Plaintiff's extension request on September 11, speaks for itself.

Plaintiff noticed my deposition on **September 16** for **September 30** (day of prior discovery deadline) without conferring and before any supplementation, then canceled it on **September 19** once the extension was granted. That sequence undercuts any claim that supplementation must precede a deposition and reflects a manufactured urgency after months of silence on my discovery responses.

Plaintiff's sudden urgency does not erase the fact that these demands are untimely. Raising supplementation issues more than 100 days after responses were served—while simultaneously attempting to dictate deposition sequencing and compress the schedule—is inconsistent with **Rule 26(e)** and this District's standing orders.

Plaintiff's framing that these delays rest with me overlooks that it was Plaintiff who waited months before raising them. Under **Rule 26(g),** counsel is required to certify that discovery requests are proper and not interposed for harassment or tactical advantage.

Accordingly, I oppose Plaintiff's late supplementation demands as untimely and improper.

Respectfully,
Patrick Mineo (pro se)
patrickmineo22@gmail.com

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement

toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.