**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, and RIGHT CALL OFFICIALS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH DAVIDSON, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25. <br><br> *Defendants*. | **Case No.** 1:24-cv-1969 <br><br> **Judge:** <br> Honorable Steven C. Seeger <br><br> **Magistrate Judge:** <br> Honorable Beth W. Jantz |

<u>**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT JOHN DAVIDSON'S MOTION TO DISMISS**</u>

Dated:  January 5, 2025

By: */s/ Nicole O'Toole Peterson*_____
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (ARDC #6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com

*Attorneys for Plaintiffs NIMA GHARAVI and RIGHT
CALL OFFICIALS, INC.*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................... 1

II.  STATEMENT OF FACTS .................................................................................... 1

III. RELEVANT LEGAL STANDARDS ................................................................... 2

    A.    Federal Rule of Civil Procedure 12(b)(2). ...................................................... 2

    B.    Federal Rule of Civil Procedure 12(b)(6). ...................................................... 3

IV. ARGUMENT........................................................................................................... 4

    A.    This Court has Personal Jurisdiction Over Davidson........................................ 4

    B.    Plaintiffs Sufficiently Plead Their Claims Against Davidson............................ 8

        1.    Plaintiffs Sufficiently Plead Claims of Defamation and False Light. ......... 8

           a. Plaintiffs' Sufficiently Plead all of the Elements Required for their Defamation and False Light Claims......................................................................................... 8

           b. The Defamatory Statements are Not Capable of Innocent Construction…………10
           c. Plaintiffs Satisfied the Heightened Pleading Standard for Their Defamation *Per Quod* Claims……………………………………………………………………………11

        2.    Plaintiffs Sufficiently Plead a Claim for Intentional Infliction of Emotional Distress… ................................................................................................ 12

        3.    Plaintiffs Sufficiently Plead a Claim for Tortious Interference with Business Relationships.......................................................................................... 13

    C.    Plaintiffs' Counts I-III Were Brought Within the Requisite Statute of Limitations Period. ........................................................................................................... 14

V.   CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) .................................................................................................. 4

*Black v. Wrigley*,
2017 WL 8186996 (N.D. Ill. 2017) ................................................................................ 11

*Brinley Holdings Inc. v. RSH Aviation, Inc.*,
580 F. Supp. 3d 520 (N.D. Ill. 2022) ............................................................................. 13

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .......................................................................................................... 3

*Calder v. Jones*,
465 U.S. 783 (1984) ...................................................................................................... 5-6

*Carter v. Pallante*,
256 F. Supp. 3d 791 (N.D. Ill. 2017) ......................................................................... 3, 14

*Chapski v. Copley Press*,
442 N.E.2d 195 (Ill. 1982) ............................................................................................. 10

*Curry v. Revolution Laboratories, LLC*,
949 F.3d 385 (7th Cir. 2020) ....................................................................................... 5, 7

*Daimler AG v. Bauman*,
571 U.S. 117, 125 (2014) .............................................................................................. 2, 3

*Evans v. Civitas Educ. Partners, LLC*,
2024 WL 4449988 (N.D. Ill. Oct. 9, 2024) .................................................................... 15

*Felland v. Clifton*,
682 F.3d 665 (7th Cir. 2012) ....................................................................................... 3, 6

*Gociman v. Loyola Univ. of Chicago*,
41 F.4th 873 (7th Cir. 2022) ............................................................................................ 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) .......................................................................................................... 3

*Green v. Rogers*,
917 N.E.2d 450 (Ill. 2009) ........................................................................................... 8, 9

*Herrera v. Cleveland*,
8 F.4th 493 (7th Cir. 2021) ............................................................................................. 15

*Int'l Shoe Co. v. Washington*,
326 U.S. 310, 316 (1945) ................................................................................................... 2

*John Muir Health v. Health Care Serv. Corp.*,
2023 WL 4707430 (N.D. Ill. July 24, 2023) ..................................................................... 4

*Kapotas v. Better Gov't Ass'n*,
30 N.E.3d 572 (Ill. App. Ct. 2015) ............................................................................. 9-10

*Krupski v. Costa Crociere S. p. A.*,
560 U.S. 538 (2010) ......................................................................................................... 15

*Love v. Simmons*,
2024 WL 809107 (N.D. Ill. Feb. 27, 2024) ............................................................ 8, 10, 12

*Majumdar v. Fair*,
  567 F. Supp. 3d 901 (N.D. Ill. 2021) ................................................................. 6
*Matlin v. Spin Master Corp.*,
  921 F.3d 701 (7th Cir. 2019) .............................................................................. 2
*Nw. 1 Trucking Inc. v. Haro*,
  613 F. Supp. 3d 1081 (N.D. Ill. 2020) ............................................................... 7
*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*,
  338 F.3d 773 (7th Cir. 2003) .............................................................................. 2
*Reflection Window & Wall, LLC v. Talon Wall Holdings, LLC*,
  2024 WL 1376135 (N.D. Ill. 2024) ................................................................... 11
*Tamburo v. Dworkin*,
  601 F.3d 693 (7th Cir. 2010) ......................................................................... 5, 6
*Tuite v. Corbitt*,
  866 N.E.2d 114 (Ill. 2006) ......................................................................... 10, 11
*Vangheluwe v. Got News, LLC*,
  365 F. Supp. 3d 850 (E.D. Mich. 2019)............................................................. 7
*Walden v. Fiore*,
  571 U.S. 277 (2014)........................................................................................... 5
*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)........................................................................................... 2
*Yeftich v. Navistar, Inc.*,
  722 F.3d 911 (7th Cir. 2013) ............................................................................. 3

## RULES AND STATUTES

735 ILCS 5/13-201……………………………………….……………………………14
Fed. R. Civ. P. 4(k)(1)(A) .................................................................................... 2
Fed. R. Civ. P. 8……………………………………………………………….……14
Fed. R. Civ. P. 12(b)(2)..................................................................................... 2, 8
Fed. R. Civ. P. 12(b)(6)......................................................................................... 3
Fed. R. Civ. P. 15............................................................................................... 15

iii

Plaintiffs, NIMA GHARAVI ("Gharavi") and RIGHT CALL OFFICIALS, INC. ("Right Call Officials, Inc.") (collectively, "Plaintiffs"), by counsel, SWANSON, MARTIN & BELL, LLP, for their Response in Opposition to the Motion to Dismiss the Third Amended Complaint (the "Complaint") (Dkt. 92) of Defendant JOHN DAVIDSON ("Davidson") (the "Motion") (Dkt. 132), state as follows:

## I.    INTRODUCTION

Davidson made a series of false statements accusing Gharavi of vile crimes and made violent threats towards Gharavi, all for the alleged purpose of intentionally injuring Plaintiffs, interfering with Plaintiffs' business, and causing Gharavi severe emotional distress. Moreover, Davidson knew Gharavi lived in Illinois and threatened violence against him in Illinois, thereby purposefully availing himself to personal jurisdiction in the Northern District. Plaintiffs have sufficiently plead all of their claims against Davidson and the Complaint should not be dismissed.

## II.    STATEMENT OF FACTS

Plaintiff Nima Gharavi, individually and through his company, Right Call Officials, Inc., has officiated hundreds of wrestling matches for established organizations over a period of many years. Dkt. 92, ¶¶1, 17-18. In addition, Gharavi regularly records wrestling matches across the United States and posts high-quality, edited videos of the matches on his popular Midwest Wrestle YouTube channel (hereinafter "Gharavi's YouTube Videos"). Dkt. 92, ¶¶19-23. Davidson registered and authors posts on social media platforms under the username "Antitroll2828," which is accessed by users across the United States. Dkt. 92, ¶9; Dkt. 92-8.

Between December 30, 2023, and January 2, 2024, Davidson published and re-posted public social media posts accusing Gharavi of intentionally allowing pornographic websites to embed his videos into their own website in an attempt to increase viewership, calling Gharavi a

1

"child predator," and making violent threats towards Gharavi. Dkt. 92, ¶41; Dkt. 92-8.

As a direct result of Davidson's conduct, Gharavi has suffered severe injury to his character and reputation in his community, as well as diminished future prospects for recording, endorsement, and sponsorship opportunities and contracts. Dkt. 92, ¶¶47-52. Gharavi has suffered great financial harm and extreme emotional distress. Dkt. 92, ¶¶57-60.

## III.    RELEVANT LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(2).

When ruling on a motion to dismiss for lack of personal jurisdiction, the plaintiff need only establish a *prima facie* case of personal jurisdiction; in evaluating whether the pr*ima facie* standard has been satisfied, disputes concerning relevant facts on the record are resolved in the plaintiff's favor. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

A federal court sitting in diversity can exercise jurisdiction over a defendant where "authorized both by Illinois law and by the United States Constitution." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). To satisfy the Due Process Clause, a defendant must have "minimum contacts with the forum state" such that the maintenance of the suit does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts exist where a defendant's "conduct and connection" with the forum state are such that he should reasonably anticipate being hailed into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Federal courts typically adhere to state law when defining their jurisdictional limits, which often involve examining state long-arm statutes. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). *See also* Fed. R. Civ. P. 4(k)(1)(A). Personal jurisdiction may be either general or specific.

In Illinois, a defendant is subject to general personal jurisdiction where its contacts with

the forum state are so substantial that it can be considered "constructively present" or "at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). *See also Daimler,* 571 U.S. 117 at 126. Specific personal jurisdiction exists where: (1) the defendant purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; and (2) the alleged injury arose from the defendant's forum-related activities. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). The Court's exercise of specific jurisdiction must also comply with "traditional notions of fair play and substantial justice" under the Due Process Clause. *Felland*, 682 F.3d at 673. The court must balance several factors, including: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

### B.     Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a claim—not the merits of a case. *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 885 (7th Cir. 2022). "[A] plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Carter v. Pallante*, 256 F. Supp. 3d 791, 797 (N.D. Ill. 2017). Further, when evaluating a Rule 12(b)(6) motion, the Court must construe the subject pleading in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in the non-moving party's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *John Muir Health v. Health Care Serv. Corp.*, 2023 WL 4707430, at \*2 (N.D. Ill. July 24, 2023) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.     ARGUMENT

### A.     This Court has Personal Jurisdiction Over Davidson.

Davidson argues that Plaintiffs' Complaint be dismissed against him due to lack of personal jurisdiction based on Davidson's contention that Davidson did not mention Plaintiffs by name, mention the State of Illinois, or call on anyone in Illinois to take any action against Plaintiffs. This argument is objectively false. Davidson's posts at issue in this litigation (beginning on December 31, 2023, and continuing through January 2, 2024) directly respond to a December 30, 2023 post made by co-defendant Joseph Corsini that explicitly identifies Nima Gharavi and Midwest Wrestle by name and states they are located in Illinois. Dkt. 92-8 at p. 18. *Id.* Davidson posted with knowledge that Plaintiffs were identified by name and state of domicile. As such, Davidson cannot reasonably claim his posts "can be reasonably viewed as referencing someone other than the Plaintiffs" when Plaintiffs were explicitly named in the thread on which Defendant began posting. *See also Id.* at pp. 21, 23 (additional posts in the same thread identifying Midwest Wrestle as an Illinois entity); *Id.* at p. 30 (Davidson acknowledges Plaintiffs as being "from the Midwest"); and *Id.* at p. 32 (Davidson acknowledges his posts relate back to flyingcement's posts). In response to this post identifying Plaintiffs by name, Davidson calls Gharavi a "predator" and makes physical threats of violence to Gharavi, among other things. *See, e.g.* Dkt. 92-8 at pp. 65-66 (Davidson writes: "you think I give a s\*\*\* if I get some jail time for beating up a child predator?...Violence has always been and will always be the greatest deterrent towards evil men"); *Id.* at pp. 29-30 (Davidson writes: "I wouldn't let these clowns anywhere near my kids and I would cause such an

4

issue if this guy was reffing in my area that would have to get rid of him ..who gives a shit about the law when it comes to things like this ?"); *Id.* at p. 32 (Davidson writes: "The whole point of what me and @flyingcement were saying is parents start throwing these guys beating then they'll stop showing up to wrestling events"); *Id.* at p. 47 (Davidson encourages men "in masks (to) run into this guy throwing him a beating"); and *Id.* at pp. 33-34 (Davidson writes in response to another user's suggestion as to utilizing civil remedies against Plaintiffs "Legal action is literally never the best way to deal with predators.").

The Seventh Circuit has held that a defendant's activities may be purposefully directed at the forum state even in the "absence of physical contacts" with the forum. *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 389 (7th Cir. 2020). Moreover, Illinois' long-arm statute extends the jurisdiction of Illinois courts to individuals who commit tortious acts within the state. 735 Ill. Comp. Stat. Ann. 5/2-209(a)(2). In a case concerning intentional torts, specific jurisdiction is proper where there is: (1) intentional tortious conduct; (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt (*i.e.* that the plaintiff would be injured) in the forum state. *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010).

Davidson attempts to cite to *Walden v. Fiore*, 571 U.S. 277 (2014), for the general proposition that "plaintiff cannot be the only link" to the forum. However, Davidson conveniently omits *Walden*'s explicit approval of jurisdiction in defamation cases. *See Walden*, 571 U.S. at 287-88 citing *Calder v. Jones*, 465 U.S. 783 (1984) (explaining that reputation injury in *Calder* "actually occurred" in California where defendants wrote an article for publication in California that was read by a large number of California citizens). *See also Calder v. Jones*, 465 U.S. 783, 791 (1984) (personal jurisdiction proper where defendant's "intentional conduct" was "calculated to cause injury" to plaintiff in forum state). Here, Davidson posted defamatory statements about

5

an Illinois resident regarding an Illinois event on a forum frequented by the Illinois wrestling community. Therefore, under *Walden* and *Calder*, the intentional tort ***actually occurred*** in Illinois, where forum members read the posts.

This Court should also follow the ruling in *Majumdar*, where a Virginia defendant and Georgetown professor, posted homophobic remarks on social media about plaintiff, an Illinois resident and University of Chicago professor, and claimed that the plaintiff sexually assaulted a student, resulting in hundreds of users responding to defendant's posts calling plaintiff a "predator." *Majumdar v. Fair*, 567 F. Supp. 3d 901, 908 (N.D. Ill. 2021). The Court recognized that personal jurisdiction was proper in Illinois not only because this state is where the plaintiff's reputational injury occurred, but also because the defendant reached into Illinois by making defamatory statements targeting Illinois social media users, and because defendant's statements were intended to cause Illinois residents "to take action against plaintiff." *Id*. at 913-14.

Similarly, here, Davidson intentionally reached into Illinois by disparaging Gharavi, an Illinois-based wrestling official, and encouraged members of the Illinois wrestling community to take action against him in Illinois, and by threatening violence against him in Illinois. *See also Calder v. Jones*, 465 U.S. 783, 791 (1984) (upholding personal jurisdiction over foreign defendants where "intentional conduct" was "calculated to cause injury" to plaintiff in the forum state and maintaining the public policy that "[a]n individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California); *Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012) (minimum contacts necessary to satisfy the due-process requirements for jurisdiction over an Arizona defendant in Wisconsin where defendant was aware plaintiffs lived in Wisconsin, directed communications to plaintiffs in Wisconsin, and knew harm would be felt in Wisconsin); *Tamburo v. Dworkin*, 601 F.3d 693, 697

(7th Cir. 2010) (personal jurisdiction existed in Illinois where foreign defendants used websites to defame and tortiously generate a consumer boycott against plaintiff, knowing that he lived and operated his software business in Illinois and would be injured there).

The exercise of personal jurisdiction over Davidson also comports with traditional notions of fair play and justice. When a plaintiff has presented an adequate showing of minimum contacts, that showing is generally defeated only where the *defendant* demonstrates that exercise of jurisdiction would be "unreasonable" due to other considerations. *Curry*, 949 F.3d at 402. *See also Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 862 (E.D. Mich. 2019) (holding that exercise of personal jurisdiction comported with "fair play" and "substantial justice" where defendant threatened and called for physical violence against identified plaintiff in forum state); and *Nw. 1 Trucking Inc. v. Haro*, 613 F. Supp. 3d 1081 (N.D. Ill. 2020)[1] (denied foreign defendant's motion to dismiss where defendants continuously pursued plaintiff on a Chicago-based phone number).

In his Motion, Davidson relies upon this Court's opinions on current and former defendants' motions to dismiss. However, Davidson tellingly ignores the Court's order and opinion denying Defendant Patrick Mineo's ("Mineo") motion to dismiss (Dkt. 82). Of note, this Court found that the Northern District of Illinois *did* have personal jurisdiction over Mineo because he referenced Gharavi and his @MidwestWrestle account on social media by name and encouraged the Illinois High School Association to take action against him *in Illinois*, giving Mineo a "concrete connection to Illinois." Dkt. 82, p. 4. Just as this Court analyzed in Mineo's case, Davidson acknowledges his posts are about Plaintiffs and encourages the Illinois wrestling community to engage in physical violence against Gharavi, an Illinois resident. This gives

---

[1] Plaintiffs cite to *Nw. 1 Trucking Inc. v. Haro*, 613 F. Supp. 3d 1081 (N.D. Ill. 2020) as authority for the Northern District of Illinois' prior finding of personal jurisdiction where a Chicago-based plaintiff was specifically targeted on multiple occasions.

Davidson a "concrete connection to Illinois" justifying personal jurisdiction. *Id.* As such, Davidson's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) fails and must be denied.

**B.      Plaintiffs Sufficiently Plead Their Claims Against Davidson.**

Next, Davidson argues Plaintiffs' Complaint should be dismissed for failure to state a claim. Plaintiff alleges claims of defamation *per se*, defamation *per quod* (in the alternative), invasion of privacy by false light, intentional infliction of emotional distress, and tortious interference with business relationships against Davidson. For the reasons set forth below, Plaintiffs properly plead all of these causes of action and Davidson's Motion must be denied.

**1.      <u>Plaintiffs Sufficiently Plead Claims of Defamation and False Light.</u>**

*a.      Plaintiffs' Sufficiently Plead all of the Elements Required for their Defamation and False Light Claims.*

The Complaint sufficiently pleads all of the elements required for Plaintiffs' defamation *per se* claim, or, in the alternative, defamation *per quod* claim against Davidson. Under Illinois law, defamatory statements are defined as "statement[s] that harm[] a person's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him." *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009).  To state a claim for defamation under Illinois law, Plaintiffs must plausibly plead: (1) Davidson made a false statement about the Plaintiffs; (2) Davidson made an unprivileged publication of that statement to a third party; and (3) that this publication caused damages. *Id*. Plaintiffs sufficiently plead all of these elements. *See* Dkt. 92, ¶¶1-74. Defamatory statements are divided into those statements which are defamatory *per se* and defamatory *per quod*. The difference between defamation *per se* and defamation *per quod* is whether the listener would need an explanation to understand the harm inflicted by the statement. *Love v. Simmons*, 2024 WL 809107, at *4 (N.D. Ill. Feb. 27, 2024).

8

Plaintiffs sufficiently plead all their defamation *per se* claim against Davidson. Under Illinois law, statements are considered defamatory *per se* when the defamatory character of the statement is apparent on its face — when the words used are "so obviously and materially harmful to the plaintiff that injury to his reputation may be presumed." *Kapotas v. Better Gov't Ass'n*, 30 N.E.3d 572, 587 (Ill. App. Ct. 2015). In Illinois, the categories of statements that may be considered defamatory *per se* include: (1) words that impute a person has committed a crime; and (2) words that impute a person lacks ability or otherwise prejudices that person in her or his profession. *Green,* 917 N.E.2d at 459. Complaints for defamation *per se* do not require the defamatory words be plead in their exact language, but must be plead with sufficient particularity "so as to permit initial judicial review of [the] defamatory content." *Id.*

Here, Davidson's statements are defamatory *per se* because they are so "obviously and materially harmful to the plaintiff that injury to his reputation may be presumed." *Kapotas*, 30 N.E.3d at 587. Specifically, Davidson posted false and defamatory statements accusing Gharavi of being a child predator – a criminal act – and otherwise prejudicing Gharavi in his profession to members of the wrestling community and to the general public in his social media posts. *See, e.g.* Dkt. 92, ¶41; Dkt. 92-8. Moreover, whether the statements explicitly state Gharavi's name or not, it is "apparent on its face" that the statements are referring to Gharavi. *See, e.g.* Dkt. 92-8 (multiple instances of Davidson and other users' responses acknowledging that Davidson was referring to Plaintiffs in their posts).

In the alternative to defamation *per se*, Plaintiffs also sufficiently plead their defamation *per quod* and false light claims against Davidson. Under Illinois law, statements are considered defamatory *per quod* in two instances: (1) the defamatory character of the statement is not apparent on its face and resort to extrinsic circumstances is necessary to demonstrate its injurious meaning;

9

or (2) where the statement is defamatory on its face, but does not fall within one of the limited categories of statements that are actionable *per se*. *Kapotas,* 30 N.E.3d at 593. To state a claim for false light under Illinois law, Plaintiffs must plead: (1) they were placed in a false light before the public by Davidson; (2) the false light would be offensive to a reasonable person; and (3) Davidson acted with actual malice. *See Love*, 2024 WL 809107 at *6. Plaintiffs sufficiently plead all of these elements. *See* Dkt. 92, ¶¶1-60, 69-81.

### b. The Defamatory Statements are Not Capable of Innocent Construction.

Davidson also argues that Plaintiffs' defamation *per se* claim is precluded from liability due to the innocent construction rule. Contrary to his arguments, Davidson's Social Media Posts are not reasonably capable of innocent construction. Under Illinois law, innocent construction applies only to ambiguous statements capable of reasonable innocent interpretation. *Chapski v. Copley Press*, 442 N.E.2d 195, 198 (Ill. 1982). Here, Davidson's posts contain specific factual assertions, such as that Plaintiffs have "exploited 100s of kids," and "posted their images for pedos to enjoy." Dkt. 92-8 at pp. 65-66. These are categorical claims about conduct, not opinions requiring interpretation.

For example, in *Tuite*, the defendants published a book which accused plaintiff, an attorney, of being involved with a Chicago mafia by implying plaintiff used retainer money from a Chicago mafia to commit crimes in order to obtain an acquittal for the mafia in court. *Tuite v. Corbitt*, 866 N.E.2d 114, 117-120 (Ill. 2006). The Illinois Supreme Court held the disputed statements were not reasonably capable of innocent construction, writing that "Courts are not required to strain to find an unnatural innocent meaning for words when a defamatory meaning is far more reasonable," and "the context of a statement is critical in determining its meaning…the innocent construction rule requires a writing 'to be read as a whole.'" *Id.* at 127-129. In applying this, the Illinois Supreme

10

Court found in *Tuite* that given the "overwhelming focus" of the defendants' book was corruption, the statements could not reasonably be innocently construed. *Id.* at 128. Here, the overwhelming focus of Davidson's posts are illegal activities (accusing plaintiff of being a child predator) and therefore are not reasonably capable of innocent construction.

Davidson also argues that the social media posts should be afforded innocent construction because they do not identify Gharavi by name. However, this is simply not the law. *See Black v. Wrigley*, 2017 WL 8186996, at \*9 (N.D. Ill. 2017) (Under Illinois law, a statement is not defamatory *per se* if it may "reasonably be interpreted as referring to someone other than the plaintiff."). Here, given the context of the entire thread identifying Gharavi and Midwest Wrestle by name, it cannot be reasonably interpreted that the Davidson is referring to anybody *other* than Plaintiffs. As such, Davidson's statements are not capable of innocent construction.

### c. *Plaintiffs Satisfied the Heightened Pleading Standard for Their Defamation Per Quod Claims.*

Davidson also argues Plaintiffs failed to follow the heightened pleading standard for their defamation *per quod* claim because Plaintiffs "provided no factual allegations of special damages." This is untrue. Rather, Plaintiffs allege that because of Davidson's actions, Plaintiffs have been asked to cease filming and leave wrestling events and have had contracts with wrestling organizations cancelled (Dkt. 92, ¶¶47-48, 58, 74) and that because of the defamatory statements made about him, Gharavi is in fear for his life, is in danger of physical harm, and his reputation continues to suffer (Dkt. 92, ¶¶51, 59-60, 73). *See Reflection Window & Wall, LLC v. Talon Wall Holdings, LLC*, 2024 WL 1376135, \*7 (N.D. Ill. 2024) ("it is difficult to ascertain the 'full scope of pecuniary loss' prior to discovery."). As such, Plaintiffs' claims for defamation and false light are sufficiently plead and Davidson's motion should be denied.

11

### 2. Plaintiffs Sufficiently Plead a Claim for Intentional Infliction of Emotional Distress.

To state a claim for intentional infliction of emotional distress ("IIED") under Illinois law, Plaintiffs must plead that Davidson (1) engaged in extreme and outrageous conduct; (2) with knowledge that there was a high probability this conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress. *See Love*, 2024 WL 809107 at \*12. Plaintiffs sufficiently allege each these elements. *See* Dkt. 92, ¶¶1-60, 82-86.

Davidson argues that Plaintiffs' fail to plead which of Davidson's acts are "beyond the bounds of decency or intolerable in a civilized society." On the contrary, Plaintiffs plead that Davidson's conduct of publishing false statements intentionally profiting off of child pornography is "extreme and outrageous, goes beyond the bounds of common decency, and is offensive to any reasonable person." Dkt. 92, ¶83. Moreover, as this Court has held, "[t]here is no bright-line rule about what satisfies the extreme and outrageous conduct; it is judged by an objective standard, based on all the facts and circumstances of an individual case." *Love*, 2024 WL 809107 at \*12. Here, when analyzing all of the facts and circumstances of the case, it is obvious Davidson's conduct of accusing Gharavi of the heinous crime of intentionally profiting off of child pornography satisfies the "extreme and outrageous" conduct standard.

Davidson also argues that Plaintiffs failed to allege facts showing that Davidson knew or should have known his conduct would cause emotional distress. In support of this position, Davidson argues that his statements accusing Gharavi of being a child predator and threatening to beat him up were "hardly uncommon and not extreme or outrageous." First, despite Davidson's doubling down on his hateful and hurtful comments towards Plaintiffs, there is no question Davidson knew or should have known these statements would cause emotional distress. Not only do Plaintiffs plead this (Dkt. 92, ¶84), but, contrary to Davidson's assertion that plaintiffs plead

"conclusory" allegations, Plaintiffs also plead that: Internet users have publicly expressed outrage, disgust, hatred, and have made threats of physical violence towards Gharavi in direct response to the statements made in Davidson's social media posts (Dkt. 92, ¶46); following the posting of the Social Media Posts, Gharavi was the subject of an attempted break-in at his home, forcing Gharavi to flee his home for his own safety (Dkt. 92, ¶¶49-50); Gharavi is in fear for his life and physical safety (Dkt. 92, ¶51); Gharavi has suffered and continues to suffer loss of his reputation (Dkt. 92, ¶52); Gharavi has been asked to leave events, cease filming events, and/or had his press credentials revoked during events (Dkt. 92, ¶58); and Gharavi has been exposed to public hatred, contempt, ridicule, and harassment causing severe and extreme injury to Gharavi's emotional, physical, and social wellbeing (Dkt. 92, ¶60). As such, Davidson's Motion must be denied.

### 3. Plaintiffs Sufficiently Plead a Claim for Tortious Interference with Business Relationships.

To state a claim for tortious interference with a prospective business relationship under Illinois law, Plaintiffs must allege: (1) a reasonable expectancy of entering into a valid business relationship, (2) defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by defendant that induced or caused a breach or termination of the expectancy, and (4) damage resulting from this interference. *See Brinley Holdings Inc. v. RSH Aviation, Inc.*, 580 F. Supp. 3d 520, 556 (N.D. Ill. 2022). Here, Plaintiffs allege they had a reasonable expectancy of entering into valid business relationships (Dkt. 92, ¶¶47-49, 57, 88-89); Davidson's knowledge of the expectancy (Dkt. 92, ¶45, 90); Davidson's intentional and unjustified interference that caused a termination of the expectancy (Dkt. 92, ¶91); and damage to Plaintiffs resulting from the Davidson's interference (Dkt. 92, at ¶¶57-60, 92).

Davidson argues that Plaintiffs fail to plead with specificity a valid business relationship or expectancy that they had but lost due to Davidson's statements. On the contrary, Plaintiffs

13

successfully plead this. *See* Dkt. 92, ¶47 (Plaintiffs have been asked to leave, cease filming, and/or had press credentials revoked during wrestling events); and ¶48 (Plaintiffs contracts with organizations including, but not limited to, IESA, IHSA, and NCAA, have been cancelled). As such, at this stage, Plaintiffs have stated all that Federal Rule of Civil Procedure 8 requires. *See Carter v. Pallante*, 256 F. Supp. 3d 791, 799 (N.D. Ill. 2017).

### C. Plaintiffs' Counts I-III Were Brought Within the Requisite Statute of Limitations Period.

Davidson also argues that Counts I-III for defamation and false light should be dismissed as being "barred" by the statute of limitations. Davidson admits his posts were made between December 31, 2023 and January 2, 2024. *See also* Dkt. 92, ¶41. Plaintiffs filed their original complaint in this matter on March 8, 2024 against ten named defendants and twenty-five John Doe defendants. Dkt. 1. The statute of limitations for defamation and false light claims under Illinois law is one year. 735 ILCS 5/13-201. Thus, Plaintiffs' claims against the John Doe defendants were timely brought.

Specifically, throughout the course of discovery in this matter, Plaintiffs discovered the identity of John Doe No. 3, the previously anonymous social media user known as Antitroll2828, to be that of Defendant John Davidson. Dkt. 90, ¶15. Following this discovery, on May 22, 2025, Plaintiffs filed their Motion for Leave to File their Third Amended Complaint naming Defendant John Davidson as previously-identified John Doe No. 3. Dkt. 90. This Court properly granted Plaintiffs' Motion for Leave on May 29, 2025, allowing Plaintiffs to file their Third Amended Complaint unmasking the John Doe defendants. Dkt. 91. And later that same day, on May 29, 2025, Plaintiffs filed their Third Amended Complaint identifying Defendant John Davidson as John Doe No. 3. Dkt. 92.

14

Davidson argues that unmasking a John Doe defendant does not allow for relation back under Federal Rule of Civil Procedure 15, misplacing reliance on *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021) in support of this argument. In *Herrera*, plaintiff sued unnamed correctional officers as "John Does," then failed to diligently identify them for nearly two and a half years before amending outside the limitations period, even though Plaintiff could have easily identified defendants—known Cook County jail employees with physical descriptions. *Id. at* 494-96. Here, however, Plaintiffs could not have known Antitroll2828's identity until discovery commenced, allowing Plaintiffs to issue a number of subpoenas in order to ascertain the actual identity of an anonymous Internet user. This is just the kind of circumstance that Rule 15 allows for. Moreover, Illinois' discovery rule also tolls limitations when defendant's identity is "inherently undiscoverable" despite reasonable diligence—precisely the case with anonymous internet users. *See, e.g., Evans v. Civitas Educ. Partners, LLC*, 2024 WL 4449988, at \*7 (N.D. Ill. Oct. 9, 2024).

In fact, the *Herrera* Court acknowledged that case is "different in kind" from cases like *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), where defendant's *own conduct* contributed to plaintiff's inability to timely sue the proper defendant. *See Herrera*, 8 F.4th at 498 citing *Krupski*, 560 U.S. at 556-57. Similarly here, Davidson's intentional concealment of his identity prevented Plaintiffs from timely naming him, warranting either relation back under Rule 15 or equitable tolling. *Herrera*, 8 F.4th at 499.

## V. CONCLUSION

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the entry of an order denying Defendant JOHN DAVIDSON's Motion to Dismiss Plaintiffs' Third Amended Complaint and granting Plaintiffs such other and further relief deemed fair and reasonable by this Honorable Court.