IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**NIMA GHARAVI, et al.,**
Plaintiffs,

v.

**PATRICK MINEO,**
Defendant.

Case No. 1:24-cv-01969
Judge: Hon. Steven C. Seeger
Magistrate Judge: Hon. Beth W. Jantz

**DEFENDANT PATRICK MINEO'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO COMPEL**

**INTRODUCTION**

Plaintiffs' Renewed Motion to Compel does not identify newly discovered evidence, newly withheld documents, or any violation of a clear Court directive. Instead, it reasserts prior disagreements regarding the scope, format, and sufficiency of Defendant's discovery—disagreements that have already been addressed through written responses, document production, supplementation, and explanation. The motion relies on speculation that additional materials must exist and dissatisfaction with the substance of Defendant's production. The Federal Rules do not permit compelled discovery based on conjecture or a belief that more helpful evidence should exist. Defendant complied with the Court's November 20, 2025 Order by supplementing discovery to the extent information and documents were within his possession, custody, or control. Plaintiffs' renewed motion seeks to expand discovery beyond what the Rules require, particularly at this late stage of the case, and should be denied.

**PROCEDURAL BACKGROUND (LIMITED)**

Written discovery in this matter was stayed pending resolution of motions to dismiss until April 2025. Shortly after the stay was lifted, Defendant served full written interrogatory responses and document production in May 2025. Plaintiffs did not raise any alleged deficiencies or supplementation demands until September 2025, approximately four months later and only weeks before the then-scheduled September 30, 2025 deposition, which was also the original

close of fact discovery. Plaintiffs later cancelled that deposition and obtained an extension of discovery. Following the Court's November 20, 2025 Order directing Defendant to supplement discovery to the extent information and documents were within his knowledge or control, Defendant timely supplemented and produced additional materials on December 16, 2025. Plaintiffs now file a renewed motion based not on new facts, but on continued disagreement with Defendant's responses and production.

**ARGUMENT**

**I. Plaintiffs Cannot Compel Production Based on Assumptions That Additional Materials Must Exist**

Plaintiffs' renewed motion asserts that Defendant's production is "incomplete" because Plaintiffs believe additional communications, messages, or posts should exist. Belief is not evidence. Rule 34 requires production of materials within a party's possession, custody, or control—not reconstruction of deleted content, creation of documents, or speculation about communications that never occurred. Courts routinely deny motions to compel where the movant offers only suspicion that additional materials exist. See EEOC v. Dolgencorp, LLC, 2010 WL 1325684, at *2 (N.D. Ill. Mar. 26, 2010). Defendant produced the materials he possessed and retained. Plaintiffs identify no evidence of spoliation, concealment, or bad faith. Disagreement with the evidentiary value of what was produced does not justify compulsion.

**II. Plaintiffs Continue to Mischaracterize Translated Materials as Communications**

Plaintiffs reference purported "Arabic Messenger" materials as evidence of missing communications. This characterization is incorrect. The materials at issue were translations of third-party content, not communications conducted by Defendant through a private messaging platform. No separate messaging account or message history exists beyond what Defendant explained and produced. A translation is not a discoverable "communication" within Defendant's possession or control. Plaintiffs' reliance on this point underscores the speculative nature of their motion.

**III. Defendant Adequately Responded to Interrogatories Regarding Third Parties**

Plaintiffs argue that Defendant failed to identify all third parties with "any knowledge" of the allegations. The interrogatory at issue asked Defendant to identify "each person with actual knowledge or who may have any knowledge" concerning the allegations, and was therefore facially overbroad and speculative. Defendant objected on that basis and identified individuals with whom he actually communicated and produced responsive materials evidencing those communications. The Rules do not require a party to speculate about or identify individuals

with no direct interaction or personal knowledge. Plaintiffs' dissatisfaction with the breadth of Defendant's response does not render it deficient.

### IV. Formatting of Screenshots Does Not Establish Non-Compliance

Plaintiffs contend that screenshots were cropped or lacked metadata. Defendant explained that screenshots were preserved from mobile devices and reflect the format in which the materials existed when saved. Plaintiffs did not seek native files, forensic imaging, or metadata downloads through their original written discovery requests, nor do they identify any such request in the present motion. A motion to compel cannot retroactively impose production standards that were never requested.

### V. Plaintiffs' Delay and Late-Stage Posturing Undermine the Motion

Plaintiffs received Defendant's written discovery in May 2025 but waited until September 2025 to raise supplementation demands. They cancelled a scheduled deposition and now, weeks before discovery closes, seek to relitigate issues already addressed. Courts disfavor motions to compel used as strategic leverage late in discovery rather than to resolve genuine impasses. See Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001).

### VI. Attorney's Fees Are Not Warranted

Rule 37(a)(5) permits fee-shifting only where a party's position lacks substantial justification. Defendant's responses were grounded in the Rules, supported by explanation, and consistent with the Court's order limiting supplementation to materials within Defendant's possession or control. At minimum, Defendant's position was substantially justified. Fees are unwarranted.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court: 1. Deny Plaintiffs' Renewed Motion to Compel; 2. Deny Plaintiffs' request for attorney's fees; and 3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Patrick Mineo
Pro Se Defendant