IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, ) ) ) ) | |
| Plaintiffs, ) | Case No, 1:24-cv-1969 |
| ) | |
| vs. ) ) | Judge: Hon. Steven C. Seeger |
| JESSICA PRESLEY, MATSCOUNTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25, ) ) ) ) ) ) | Magistrate Judge: Hon. Beth W. Jantz |
| Defendants. ) | |

## JOHN DAVIDSON'S AMENDED AND SUPPLEMENTAL MOTION
## TO EXTEND FACT DISCOVERY

Defendant, JOHN DAVIDSON, by his attorneys, STORM & PISCOPO, P.C., moves this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure to extend the deadline to complete fact discovery from January 31, 2026 to April 30, 2026, and in support thereof, states as follows:

1. Defendant, JOHN DAVIDSON, previously filed a Motion to Extend Fact Discovery on December 29, 2025 [Doc 143]. The Motion has not yet been ruled upon.

2. Since then, additional discovery events have taken place. In order to give this Court more perspective on the status of discovery, the Motion is restated with a status report. Additional events occurring after the original Motion to Extend was filed or not included therein are in **boldface.** Accordingly, the Motion is amended and restated as follows:

3. This case was originally filed on March 8, 2024.

4. On December 27, 2024, Plaintiffs filed a Second Amended Complaint, naming for the first time Defendant JOSEPH CORSINI.

5. On May 29, 2025, Plaintiffs filed a Third Amended Complaint, naming for the first time Defendants JOHN DAVIDSON and IAN JAGGER, a/d/a IAN MAJKA.

6. Currently, the deadline to complete fact discovery is January 31, 2026, as set by this Court on September 17, 2025 [Doc 115].

7. That date was set prior to service of process on the following Defendants:

(a) Your movant, JOHN DAVIDSON; served October 20, 2025;

(b) IAN MAJKA; served on September 30, 2025.

8. Currently pending before the Court are the following motions that affect certain parties' presence in this case:

(a) Defendant JOHN DAVIDSON'S Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) [Docs 132-133]. This Motion is in a briefing schedule to be concluded on January 19, 2026 [Doc 134]. **On January 5, 2026, Plaintiffs filed a Response [Doc 147].**

(b) Defendant JOSEPH CORSINI'S Motion to Dismiss under Rule 12(b)(2) [Doc 86]. This Motion has been fully briefed and is awaiting decision.

(c) Plaintiffs' Motion for Default as to Defendant IAN MAJKA [Doc 130]. This Motion has been entered and continued pending settlement discussions with that Defendant [Docs 137 & 149].

9. Currently pending before Magistrate Judge Beth W. Jantz are the following motions:

2

(a) a Motion to Compel [Doc 120] filed by the Plaintiffs, seeking discovery from *pro se* Defendant Patrick Mineo, was granted [Doc 131] by Magistrate Judge Beth W. Jantz, who directed those parties to meet and confer regarding outstanding discovery.

**(b) Plaintiffs' Renewed Motion to Compel filed on January 5, 2026 [Doc 146]. On January 7, 2026, Defendant MINEO filed a Response thereto [Doc 150].**

7. **Further, on December 29, 2025, an amended Protective Order was submitted and approved [Doc 141] by Magistrate Judge Jantz.**

8. The following discovery related matters have been undertaken by the parties:

(a) On December 18, 2025, Plaintiffs propounded discovery to counsel for Defendant, JOHN DAVIDSON, in the form of a Request to Admit, Interrogatories, and a Request for the Production of Documents.

**(b) On December 29, 2025, Plaintiffs answered discovery propounded by Defendant MINEO, including 2,187 Bates-numbered documents. Additional production on January 7, 2026 provided a total of 2,305 Bates-numbered documents.**

**(c) On December 29, 2025, Defendant CORSINI propounded written discovery to Plaintiffs. Those requests remain outstanding.**

**(d) On December 30, 2025, Defendant DAVIDSON propounded written discovery to Plaintiffs. Those requests also remain outstanding.**

**(e) Defendant DAVIDSON is informed and believes that Defendant CORSINI owes written discovery answers to Plaintiffs.**

9. The party deposition schedule is currently as follows:

**(a) Defendant MINEO: January 19, 2026**

**(b) Defendant DAVIDSON: January 22, 2026**

       (c) Defendant CORSINI: January 22, 2026

10. On January 6, 2026, Plaintiffs' counsel provided counsel for DAVIDSON their Rule 26(a) Disclosures, documents previously produced pursuant to discovery, and documents received from subpoenas, all of which were generated prior to Defendant DAVIDSON'S appearance in this cause.

11. Subpoenas were recently issued and are outstanding for the following:

       (a) Willie Saylor, for deposition on January 20, 2026

       (b) Tony Black, for production of documents

       (c) Onsite Partners, which objected to Plaintiffs' subpoena

12. The deposition of Plaintiff NIMA GHARAVI has not been scheduled. Counsel for DAVIDSON and counsel for CORSINI believe they need responses to their written discovery before taking a meaningful deposition. Furthermore, counsel for DAVIDSON needs time to go over the voluminous documents previously produced so he can decide which documents to use at the deposition.

13. Rule 16 of the Federal Rules of Civil Procedure governs the procedures for pre-trial conferences and the setting of discovery schedules.

14. Rule 16(b)(4) provides as follows:

(4) *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b)(4).

15. Completion of fact discovery involves propounding and obtaining answers to written discovery requests, determining the identities of the material witnesses, and taking their depositions or obtaining additional documents from those witnesses.

16. For this case in particular, Defendant JOHN DAVIDSON, in addition to the above, needs to obtain the discovery responses and documents previously produced by the other parties in the case in order to adequately prepare for trial. He also needs to propound discovery of his own, which he is preparing at this time.

17. With service on Defendant JOHN DAVIDSON effected only on October 20, 2025, and with extensive other proceedings in this case having been conducted without him, it would be unfair and impracticable to give him a deadline of only three months from service of the Third Amended Complaint to complete fact discovery.

18. **As shown above, the parties have been working diligently to complete discovery as quickly as they can, but due to the above circumstances, Defendant DAVIDSON respectfully requests an extension of fact discovery to March 20, 2026, a shorter date than April 30, 2026 requested in the original Motion.**

19. The above constitutes "good cause" for the extension of fact discovery under Rule 16(b)(4).

20. The requested date is **less than five** months from the day process was served upon him. Such a deadline will allow this Court time to consider his Motion to Dismiss and that of Defendant JOSEPH CORSINI for lack of personal jurisdiction under Rule 12(b)(2), and allow Defendant DAVIDSON sufficient time to receive and review written discovery answers, for him to answer the written discovery propounded by Plaintiffs, and for the parties to coordinate their scheduling of remaining depositions in this cause.

21. Counsel for Defendant JOHN DAVIDSON has circulated this Motion to all other counsel and *pro se* parties, except for Ian Majka, who does not appear to have an e-mail address

5

of record to this Court, and who will be served by U.S. Mail at the service of summons address of 320 5th Street, Salle Brook, New Jersey 07663.

22. All counsel who have responded have agreed to this Motion, except *pro se* Defendant PATRICK MINEO. The e-mail chain with the undersigned's submission and the responses of Mr. Mineo, counsel for Defendant JOSEPH CORSINI and counsel for Plaintiffs when the original Motion was filed is again attached hereto as Exhibit "1."

23. This Amended and Supplemental Motion was circulated to all counsel on January 8, 2026. Only Mr. Mineo commented on it, restating his objection to globally extending discovery deadlines, but he does not object to extending discovery as it relates to Defendant DAVIDSON. A copy of this additional e-mail, together the e-mail chain preceding it, is attached hereto as "Exhibit 2."

24. With respect to Mr. Mineo's objections, he does not object to an extension with respect to discovery relating to Defendant JOHN DAVIDSON. He does object to extending discovery generally. In response, Defendant DAVIDSON submits that it will be impossible to conduct a meaningful deposition of Plaintiffs by January 31, 2026 without this extension, due to the outstanding written discovery and the voluminous documents that have just been produced in this cause.

WHEREFORE, Defendant prays that the Court GRANT his Motion to Extend Fact Discovery under Rule 16(b)(4) of the Federal Rules of Civil Procedure and extend fact discovery to March 20, 2026.

DATED: January 9, 2026            Respectfully submitted,

/s/ *Philip J. Piscopo*

Philip J. Piscopo
Attorney for Defendant
John Davidson

Storm & Piscopo, P.C.
2000 S. Batavia Avenue
Suite 410
Geneva, Illinois 60134
(630) 232-6170
pjp@stormpiscopo.law
IL Bar No. 6243658

# EXHIBIT 1

## Philip Piscopo

| | |
|---|---|
| **From:** | Adam Kingsley <adam@kingsleylawgroup.com> |
| **Sent:** | Monday, December 29, 2025 8:22 AM |
| **To:** | Jeff Becker; Patrick Mineo; Philip Piscopo |
| **Cc:** | Nicole O'Toole Peterson; Olivia E. Duggins; Alexandra Daunheimer |
| **Subject:** | Re: Gharavi v. Presley, et al, case no. 24-cv-1969 |

Corsini agrees with Davidson's Motion to Extend Fact Discovery.

However, as a precaution, I plan to issue Interrogatories, Document Requests and a Notice of Deposition directed to Plaintiffs by the end of today.

Adam Kingsley - 773.218.7208

Sent from my T-Mobile 5G Device
Get Outlook for Android

**From:** Jeff Becker <jbecker@smbtrials.com>
**Sent:** Saturday, December 27, 2025 2:01:52 PM
**To:** Patrick Mineo <patrickmineo22@gmail.com>; Philip Piscopo <pjp@stormpiscopo.law>
**Cc:** Nicole O'Toole Peterson <notoole@smbtrials.com>; Adam Kingsley <adam@kingsleylawgroup.com>; Olivia E. Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>
**Subject:** Re: Gharavi v. Presley, et al, case no. 24-cv-1969

On behalf of the plaintiff's, we do not object to the motion.

Please note that we do not agreement with Mr Mineo's statements concerning his own discovery obligations. He has not fully complied with discovery and was ordered to supplement his responses, which he has failed to do in a satisfactory manner.

Jeffrey S. Becker
Swanson, Martin & Bell, LLP
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312) 321-9100 (general)
(312) 321-8425 (direct)
(312) 321-0990 (fax)
www.smbtrials.com

**From:** Patrick Mineo <patrickmineo22@gmail.com>
**Sent:** Saturday, December 27, 2025 1:52:01 PM
**To:** Philip Piscopo <pjp@stormpiscopo.law>
**Cc:** Nicole O'Toole Peterson <notoole@smbtrials.com>; Adam Kingsley <adam@kingsleylawgroup.com>; Olivia E.

1

Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>; Jeff Becker <jbecker@smbtrials.com>
**Subject:** Re: Gharavi v. Presley, et al, case no. 24-cv-1969

**Caution:** External email.

Counsel,

I do not consent to Defendant John Davidson's Motion to Extend Fact Discovery.

Discovery in this case has been ongoing since at least September 2024, subject only to a temporary stay while motions to dismiss were resolved. That stay was lifted in April 2025, and fact discovery has already been extended once, with the current deadline set for January 31, 2026.

As to my participation specifically, I served full written discovery responses and document production on May 30, 2025, and later produced supplemental documents pursuant to the Court's December 16, 2025 order. I have complied with all discovery obligations directed to me.

While Defendant Davidson was added in the Third Amended Complaint in May 2025 and served later, that circumstance should not justify reopening or extending discovery as to parties who have already participated fully and in good faith for many months. Any discovery needs unique to Defendant Davidson can be addressed without extending the global discovery deadline in this matter.

For these reasons, I do not agree that "good cause" exists under Rule 16(b)(4) to extend fact discovery to April 30, 2026, and I respectfully oppose the requested extension.

Regards,
Patrick Mineo
Pro Se Defendant

> On Dec 27, 2025, at 1:33 PM, Philip Piscopo <pjp@stormpiscopo.law> wrote:
>
> To all:
>
> I have prepared a Motion to Extend Fact Discovery to April 30, 2026 and circulate it to all of you to see if you are in agreement.
>
> I note that I do not have contact information, other than a street address, for Ian Majka.
>
> Please let me know if this is acceptable and I will file it. Thank you for your attention to this matter.
>
> Very truly yours,
>
> Philip J. Piscopo

2

Storm & Piscopo, P.C.
2000 S. Batavia Avenue, Suite 410
Geneva, Illinois 60134
(630) 232-6170
Fax: (630) 232-6180

Confidentiality and Privacy Notice
This electronic message is for the designated recipient(s) only. It may contain privileged, proprietary, or otherwise private information. If you have received it in error, please notify the sender immediately by both return e-mail and by telephone at the number listed above, and delete the original. Any other use of the e-mail by you, including but not limited to any forwarding or other dissemination of this e-mail, without the express written permission of the sender, is strictly prohibited. No unintentional sending or forwarding of this e-mail by the original sender, nor any unpermitted dissemination thereof by any recipient, shall waive any privilege, proprietary right, or any right of privacy in and to the information contained in this message.

<Motion to Extend Fact Discovery.docx>

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

# EXHIBIT 2

## Philip Piscopo

**From:** Patrick Mineo <patrickmineo22@gmail.com>
**Sent:** Thursday, January 8, 2026 9:39 PM
**To:** Philip Piscopo
**Cc:** Nicole O'Toole Peterson; Kira Matheson; Adam Kingsley; Jeff Becker; Olivia E. Duggins; Alexandra Daunheimer
**Subject:** Re: Amended Notice of Deposition (Davidson)

Mr. Piscopo,

I do not consent to a global extension of fact discovery.

As I've previously stated, I do not object to any party seeking relief specific to Defendant Davidson, but I do object to extending discovery as to me. Discovery as to my involvement has been open for a substantial period and was already extended in part in September 2025 for four months. I have served written discovery, supplemented pursuant to the Court's order, and complied with scheduling directives.

Accordingly, my position remains unchanged.

Regards,
Patrick Mineo
Pro Se Defendant

> On Jan 8, 2026, at 10:03 PM, Philip Piscopo <pjp@stormpiscopo.law> wrote:
>
> To all:
>
> Attached is my draft Amended and Supplemental Motion.
>
> Mr. Mineo, with the progress all parties have made and the smaller request for extension, will you agree to the motion at this time?
>
> Very truly yours,
>
> Philip J. Piscopo
>
> Storm & Piscopo, P.C.
> 2000 S. Batavia Avenue, Suite 410
> Geneva, Illinois 60134
> (630) 232-6170
> Fax: (630) 232-6180
>
> Confidentiality and Privacy Notice

1

This electronic message is for the designated recipient(s) only. It may contain privileged, proprietary, or otherwise private information. If you have received it in error, please notify the sender immediately by both return e-mail and by telephone at the number listed above, and delete the original. Any other use of the e-mail by you, including but not limited to any forwarding or other dissemination of this e-mail, without the express written permission of the sender, is strictly prohibited. No unintentional sending or forwarding of this e-mail by the original sender, nor any unpermitted dissemination thereof by any recipient, shall waive any privilege, proprietary right, or any right of privacy in and to the information contained in this message.

**From:** Nicole O'Toole Peterson <notoole@smbtrials.com>
**Sent:** Thursday, January 8, 2026 10:11 AM
**To:** Philip Piscopo <pjp@stormpiscopo.law>; Kira Matheson <kmatheson@smbtrials.com>; patrickmineo22@gmail.com <patrickmineo22@gmail.com>; Adam Kingsley <adam@kingsleylawgroup.com>
**Cc:** Jeff Becker <jbecker@smbtrials.com>; Olivia E. Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>
**Subject:** Re: Amended Notice of Deposition (Davidson)

Thank you for confirming. We will await your drafted status report.

**Nicole O'Toole Peterson**
Swanson, Martin & Bell, LLP
330 N. Wabash Ave, Suite 3300
Chicago, Illinois 60611
Direct: 312-766-0060
Email | Bio

**From:** Philip Piscopo <pjp@stormpiscopo.law>
**Sent:** Thursday, January 8, 2026 10:02 AM
**To:** Kira Matheson <kmatheson@smbtrials.com>; patrickmineo22@gmail.com <patrickmineo22@gmail.com>; Adam Kingsley <adam@kingsleylawgroup.com>
**Cc:** Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>; Olivia E. Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>
**Subject:** RE: Amended Notice of Deposition (Davidson)

**Caution:** External email.

To all:

My client, John Davidson, indicates that he is available on January 22 at 9:45 AM. So this deposition is set to go.

I thought I would prepare a short status report for the judge and renew the request for an extension of discovery, at least for Plaintiff's deposition. When it is ready I will send it to all for comment before filing.

2

Very truly yours,


Philip J. Piscopo

Storm & Piscopo, P.C.
2000 S. Batavia Avenue, Suite 410
Geneva, Illinois 60134
(630) 232-6170
Fax: (630) 232-6180

Confidentiality and Privacy Notice
This electronic message is for the designated recipient(s) only. It may contain privileged, proprietary, or otherwise private information. If you have received it in error, please notify the sender immediately by both return e-mail and by telephone at the number listed above, and delete the original. Any other use of the e-mail by you, including but not limited to any forwarding or other dissemination of this e-mail, without the express written permission of the sender, is strictly prohibited. No unintentional sending or forwarding of this e-mail by the original sender, nor any unpermitted dissemination thereof by any recipient, shall waive any privilege, proprietary right, or any right of privacy in and to the information contained in this message.



**From:** Kira Matheson <kmatheson@smbtrials.com>
**Sent:** Tuesday, January 6, 2026 12:44 PM
**To:** Philip Piscopo <pjp@stormpiscopo.law>; patrickmineo22@gmail.com; Adam Kingsley <adam@kingsleylawgroup.com>
**Cc:** Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>; Olivia E. Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>
**Subject:** RE: Amended Notice of Deposition (Davidson)

Hi Philip,

Please find attached an Amended Notice of Deposition with a service list, now taking place at 9:45 AM CT on January 22, 2025. If anything changes regarding your client's availability, please let us know.

Sincerely,

**Kira Matheson**
**Legal Assistant**
**Swanson, Martin & Bell, LLP**
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
**(312) 321-9100 (general)**
**(312) 321-3518 (direct)**
**(312) 321-0990 (facsimile)**
website: www.smbtrials.com
🌿 Go Green: Please do not print this e-mail unless absolutely necessary.

3

*Privileged & confidential communication, intended only for the named recipient(s).*
*If you receive this message by mistake, please notify me immediately and delete it.*
*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

**From:** Philip Piscopo <pjp@stormpiscopo.law>
**Sent:** Tuesday, January 6, 2026 11:43 AM
**To:** Kira Matheson <kmatheson@smbtrials.com>; patrickmineo22@gmail.com; Adam Kingsley <adam@kingsleylawgroup.com>
**Cc:** Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>; Olivia E. Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>
**Subject:** RE: Amended Notice of Deposition (Davidson)

**Caution:** External email.

Nicole and Kira:

I've reached out to my client on whether that date works for him but I have not yet heard back.

Assuming that date is good for him, I have a court appearance in DuPage at 9:00. I'm thinking of appearing in person rather than by Zoom so my case can be called first, but then I have to get to my office (20 min drive) to do your deposition. 9:45 would likely be better for me.

Finally, shouldn't all parties get notice of this deposition (and that of Corsini)? The Notice you sent only names me, and parties/counsel other than Patrick Mineo and Adam Kingsley were not included in the e-mail.

Very truly yours,


Philip J. Piscopo

Storm & Piscopo, P.C.
2000 S. Batavia Avenue, Suite 410
Geneva, Illinois 60134
(630) 232-6170
Fax: (630) 232-6180

Confidentiality and Privacy Notice
This electronic message is for the designated recipient(s) only. It may contain privileged, proprietary, or otherwise private information. If you have received it in error, please notify the sender immediately by both return e-mail and by telephone at the number listed above, and delete the original. Any other use of the e-mail by you, including but not limited to any forwarding or other dissemination of this e-mail, without the express written permission of the sender, is strictly prohibited. No unintentional sending or forwarding of this e-mail by the original sender, nor any unpermitted dissemination thereof by any recipient, shall waive any privilege, proprietary right, or any right of privacy in and to the information contained in this message.

**From:** Kira Matheson <kmatheson@smbtrials.com>
**Sent:** Tuesday, January 6, 2026 11:31 AM
**To:** patrickmineo22@gmail.com; Adam Kingsley <adam@kingsleylawgroup.com>; Philip Piscopo <pjp@stormpiscopo.law>
**Cc:** Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>; Olivia E. Duggins <oduggins@smbtrials.com>; Alexandra Daunheimer <ad@stormpiscopo.law>
**Subject:** Amended Notice of Deposition (Davidson)

Counsel,

Please find attached John Davidson's Amended Notice of Deposition, dated for January 22, 2026, at 9:00 AM CT via Zoom. Zoom details will be provided closer to the date.

Sincerely,

**Kira Matheson**
**Legal Assistant**
**Swanson, Martin & Bell, LLP**
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
**(312) 321-9100 (general)**
**(312) 321-3518 (direct)**
**(312) 321-0990 (facsimile)**
website: www.smbtrials.com
🌱 Go Green: Please do not print this e-mail unless absolutely necessary.
*Privileged & confidential communication, intended only for the named recipient(s).*
*If you receive this message by mistake, please notify me immediately and delete it.*
*Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.*

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**<Amended and Supplemental Motion to Extend Fact Discovery.docx>**