UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIMA GHARAVI, and RIGHT CALL OFFICIALS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 24-cv-1969 |
| v. | ) ) | Hon. Steven C. Seeger |
| JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, ALLYSON SCHWAB, IAN JAGGER, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, JOHN DAVIDSON, and JOHN DOES 4 – 25, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nima Gharavi runs a YouTube channel – Midwest Wrestle – where he posts videos of wrestling matches. Some of the bouts involve high school students. Unfortunately, some of the videos have found their way onto pornographic websites.

Various people across the country have expressed outrage at the videos in online posts, including Defendants Joseph Corsini and John Davidson. They didn't hold back when it came to sharing their views. As they see things, the videos turned an athletic event by minors into an object of attraction for pedophiles.

Gharavi responded by filing suit against Corsini and Davidson (among others), alleging defamation, invasion of privacy by false light, intentional infliction of emotional distress, and tortious interference with business relationships.

Corsini and Davidson moved to dismiss for lack of personal jurisdiction. They are not citizens of Illinois, and they posted their comments from other states. As they see things, they can't be sued in this forum for posts made outside Illinois.

For the reasons stated below, the motions to dismiss for lack of personal jurisdiction are granted.

**Background**

The Court assumes that any interested reader is familiar with the background of the case. This Court has already issued three rulings on motions to dismiss for lack of personal jurisdiction filed by other defendants. *See generally Gharavi v. FloSports, Inc.*, 2025 WL 815699 (N.D. Ill. 2025); *see also* 3/14/25 Orders (Dckt. Nos. 80–82).

Basically, Gharavi officiates youth wrestling matches across the United States. He also runs a side business that involves videotaping wrestling matches, editing the footage, and posting the videos on YouTube. Unfortunately, some of those videos have wound up on pornographic websites.

The problem has attracted attention on social media. A number of people in the wrestling community have expressed concerns that videos of youth wrestling have found their way onto perverse websites.

Corsini and Davidson have joined the chorus of online criticism. They don't reside in Illinois. They live in other states, and posted their comments while outside Illinois.

Corsini is a California citizen. *See* Third Am. Cplt., at ¶ 7 (Dckt. No. 92). Corsini authored many posts on a wrestling-focused social media platform, InterMatWrestle.com. *Id.* His username was "flyingcement." *Id.*

In December 2023, Corsini made a social media post expressing his concerns about "[t]wo wrestling 'photographers' one of whom is an active youth official." *See* Third Am. Cplt., Ex. F, at 5 of 40 (Dckt. No. 92-6). He suggested that the photographers "take pictures and videos of wrestlers which are suggestive in nature and marketed to similarly evil people." *Id.*

In response to another user's post, Corsini wrote that the two photographers were "Cam Kramer (Iowa) and Nima Gharavi (Illinois / Midwest Wrestle)." *Id.* at 6 of 40. That is the only post where Corsini explicitly mentioned Gharavi or Illinois.

Most of Corsini's posts expressed worry or anger at the suggestiveness of the wrestling videos. For instance, in one post, Corsini responded that the videos attracted an unusual amount of attention:

> The allegations are not that it is an outright porn site. But that it is a hotspot for those who are interested in seeing high level detail of such things, even if they don't know anything about the sport of wrestling itself. This has resulted in an unusually high number of views for these videos, several levels of magnitude higher than the comparable video which is not filmed in the same way.

*Id.* at 10 of 40.

In a separate post, Corsini responded to another user by saying that the videos were indefensible. "The thumbnails he chose just all happened to accentuate the private areas of children? To defend the guy is despicable. You should be ashamed of yourself." *See* Third Am. Cplt., Ex. H., at 70 of 101 (Dckt. No. 92-8).

In other posts, Corsini expressed general frustration at the sexual exploitation of minors. For instance, he expressed relief that his kids did not wear suggestive uniforms. "I have young kids and both have been given shorts and tshirt (nice asics ones) which are their uniform. no singlets. I am relieved." *See* Third Am. Cplt., Ex. F, at 15 of 40 (Dckt. No. 92-6).

But in two other posts, Corsini condoned violence against sexual predators. In one post, Corsini applauded people who take matters into their own hands. "If the authorities are doing nothing about this and someone actually knows this to be true – the right thing to do is to take it into your own hands." *Id.* at 8 of 40.

In another post, Corsini directly responded to a post by Davidson, the other defendant. The post seemingly supported the use of violence. "Whether an old fashioned beating, or some other creative way of screwing these guys over. It's just not right. Let's stand up for ourselves and our kids." *Id.* at 16 of 40.

Those two posts by Corsini did not mention Gharavi or Illinois. The second post responded to a post by Davidson, and Davidson did not mention Gharavi or Illinois by name, either.

Like Corsini, Davidson posted critical comments about the videos. Davidson is a citizen of Pennsylvania. *See* Davidson Mem. in Supp. of Mtn. to Dismiss, at 2 (Dckt. No. 133).[1] Davidson authored posts under the username "Antitroll2828." *See* Third Am. Cplt., at ¶ 9 (Dckt. No. 92).[2]

Compared to Corsini, Davidson's posts are much more aggressive. On several occasions, Davidson endorsed violence.

In one post, Davidson asked, "Real talk why hasn't anyone just thrown these guys a beating?" *See* Third Am. Cplt, Ex. H, at 29 of 101 (Dckt. No. 92-8).

Later, Davidson offered a window into how the people of New Jersey would have handled things. Folks in New Jersey would have thrown a brick through his window:

---

[1] Gharavi's complaint alleges that Davidson lives in New Jersey. *See* Third Am. Cplt., at ¶ 9 (Dckt. No. 92). In his motion, Davidson corrected Gharavi's error, and stated that he lives in Pennsylvania. Davidson also noted that he properly received the complaint and summons at his Pennsylvania home. *See* Davidson's Mem., at 2 n.2 (Dckt. No. 133).

[2] Gharavi's complaint alleges that Davidson uses his "Antitroll2828" username on X.com (formerly known as Twitter). But Gharavi cites to Exhibit H, and Exhibit H only contains posts from "Antitroll2828" on InterMatWrestle.com, not X.com. *See generally*, Third Am. Cplt., Ex. H (Dckt. No. 92-8). In his motion, Davidson admits that he wrote the InterMatWrestle.com posts from "Antitroll2828." *See* Davidson's Mem., at 3 (Dckt. No. 133).

> Yea that's absolutely crazy to me, I thought people in the Midwest had a little more back bone but apparently not [because] if it took mrs .Schwab [sic] to really say something [sic]. I can promise where I grew up in a very Italian town in [New Jersey] these guys would've had bricks coming through their windows the first time this shit came out and it would only gotten worse [sic] and more violent from there til [sic] the message was received ,no way [sic] they would've been able to do this as long as they have.

*Id.* at 30 of 101.

A different user advocated for contacting the authorities, like law enforcement or attorneys general. But Davidson disagreed. Davidson responded that "3 fathers or brothers in masks [could] run into this guy throw [sic] him a beating, make him piss blood for awhile and see how many more tournaments this weirdo pops up after that [sic]." *Id.* at 47 at 101.

In another post, Davidson rhetorically asked another commenter, "you think I give a shit if I get some jail time for beating up a child predator?" *Id.*

Davidson added another colorful description about how the good people of New Jersey would handle things:

> If this guy was doing this in [New Jersey] I was would [sic] drive straight to the arena and wait for him in a parking lot , Violence has always [sic] been and always will be the greatest deterrent towards evil men . . . .

*Id.*

In another post, Davidson retreated from his violent rhetoric and struck a comparatively measured tone. He made clear that he wasn't calling for vigilantism: "im [sic] also not advocating for people to go be Batman in their communities after, [sic] a lot of stupid people could end up hurting people . . . ." *Id.* at 68 of 101.

But in that same post, Davidson seemed to walk it back: "[B]ut in certain situations everyday people need to step up and do something when law enforcement can't or just won't stop the obvious wrong going on, otherwise [sic] predators and criminals rule and society fails." *Id.*

In many posts, Davidson expressed a lack of faith in the criminal justice system's ability to prosecute sexual predators. In one post, Davidson commented that the "[p]olice and laws don't ever stop weirdos like this." *Id.* at 32 of 101.

In another post, Davidson wrote that "[l]egal action is literally never the best way to deal with predators especially ones that target children, law enforcements knows about these guys and

4

have done nother, [sic] and hell nothing will happen if law enforcement makes a move." *Id.* at 34–35 of 101.

Davidson had a lot to say, but he didn't say a few things. Across all his posts, Davidson never mentioned Gharavi or Midwest Wrestle by name. And Davidson never mentioned Illinois, either.

Gharavi didn't take kindly to the blowback. He filed suit against a group of social media users, including Corsini, Davidson, and several other defendants. He believes that Corsini and Davidson crossed a line when they expressed concerns about his videos of children wrestling.

Gharavi brought a handful of claims, including defamation *per se*, defamation *per quod*, invasion of privacy by false light, intentional infliction of emotional distress, and tortious interference with a business relationship. *See* Third Am. Cplt., at ¶¶ 61–93 (Dckt. No. 92). He claims that he suffered a physical and financial injury. *Id.* at ¶¶ 46–60.

Corsini and Davidson moved to dismiss for lack of personal jurisdiction. *See* Corsini's Mtn. to Dismiss (Dckt. No. 86); Davidson's Mtn. to Dismiss (Dckt. No. 132).[3]

**Analysis**

This Court previously ruled that it lacked jurisdiction over other defendants who posted critical comments on social media. *See generally Gharavi*, 2025 WL 815699. The same conclusion applies to Corsini and Davidson.

In a nutshell, there is no general jurisdiction because Corsini and Davidson are not at home in Illinois. They're out-of-staters, with no particular connection to Illinois. There is no specific jurisdiction, either, because Corsini and Davidson did not purposefully direct their speech at Illinois.

Specific jurisdiction comes from "the relationship among the defendant, the forum, and the litigation." *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). A court has specific jurisdiction "when the defendant purposefully directs [his] activities at the forum state and the alleged injury arises out of those activities." *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).

"In other words, a defendant must purposefully reach out to the forum state." *Gharavi*, 2025 WL 815699, at *10. Personal jurisdiction depends on a defendant's actions within – or actions directed toward – a forum state. *See Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018).

---

[3] Corsini filed his motion to dismiss before Gharavi filed his Third Amended Complaint. But this Court noted that the "third amended complaint will have no impact on Defendant Corsini's motion to dismiss, which remains pending, given that those allegations will not change." *See* 5/29/25 Order (Dckt. No. 91). The Third Amended Complaint did not change any of Gharavi's substantive allegations against Corsini. It just identified previous "John Does" and removed individuals whose motions to dismiss were previously granted. So, Corsini did not need to refile his motion.

5

Personal jurisdiction is defendant-centric, not plaintiff-centric. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *See Walden*, 571 U.S. at 290.

It is "not enough that a defendant know that any injury resulting from alleged tortious conduct would be felt" in Illinois. *See Green Light Nat'l, LLC v. Kent*, 2018 WL 4384298, at *3 (N.D. Ill. 2018). The question is whether the defendant acted in, or took action toward, the forum state, not whether the plaintiff suffered an injury in the forum state.

These rules apply with special force when it comes to online communications. A defendant isn't subject to personal jurisdiction nationwide for posting something on the internet. And a defendant isn't subject to jurisdiction in a particular state simply because the post is about someone in that state.

Instead, a social media post "must constitute speech uniquely voiced in the forum state, or call for action in the forum state." *See Gharavi*, 2025 WL 815699, at *10.

The online comments by Corsini and Davidson did not give rise to personal jurisdiction. They didn't speak in Illinois, and did not call for anyone to take action in Illinois.

For starters, the posts by Corsini did not establish a jurisdictional footing in Illinois. None of his posts were "tailored to a [Illinois] audience," and there is no "evidence that [Corsini] marketed or circulated the [posts] to people in [Illinois] specifically as opposed to" the internet "generally." *See Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 863 (E.D. Mich. 2019).

Rather, most of Corsini's posts expressed generalized concern and anger over the videos. Unlike Defendant Mineo, Corsini never "tagged" an Illinois agency or asked others to perform specific actions in Illinois, such as contacting the police or the Illinois High School Association. *See* 3/14/25 Mineo Order, at 4–5 (Dckt. No. 82) (finding personal jurisdiction over Mineo). He didn't call for action by anyone in Illinois.

The same is true for Corsini's posts condoning violence. Those posts offered general commentary, and did not mention Gharavi or Illinois by name. *See* Third Am. Cplt, Ex. F, at 8, 16 of 40 (Dckt. No. 92-6). He didn't call on anyone in Illinois to go after Gharavi's kneecaps, for example. There is no apparent tie between Corsini's posts and Illinois, except for the "purely incidental" fact that Gharavi lives here. *See Hoffman v. Barnes*, 2012 WL 1021837, at *4 (N.D. Ill. 2012).

True, Corsini responded to another user and identified Gharavi by name. He even mentioned that Gharavi was from Illinois. *See* Third Am. Cplt., Ex. F, at 6 of 40 (Dckt. No. 92-6). But it is not enough that Corsini knew that Gharavi was in Illinois and could suffer an injury there. *See Ariel Invs.*, 881 F.3d at 522.

Corsini's mere identification of Gharavi did not "connect[] him to the forum in a meaningful way." *See Walden*, 571 U.S. at 290. Again, Corsini "did not call for readers of [his]

posts to take action in Illinois. [He] didn't encourage anyone in Illinois to boycott, contact, or harass Gharavi." *See* 3/14/25 Schwab Order, at 4 (Dckt. No. 81); *see also Tamburo v. Dworkin*, 601 F.3d 693, 706 (7th Cir. 2010).

The question of personal jurisdiction is a closer call when it comes to Davidson. The posts by Davidson were undeniably spicy. When it came to dealing with pedophiles, Davidson seemed like a do-it-yourselfer. His preferred way of handling pedophiles isn't much better than taking them out back.

Even so, personal jurisdiction doesn't turn on the content of the communications per se. Even a person who advocates violence can't be sued anywhere and everywhere. Speech must have a connection to the forum state, even if the speech calls for violence.

The connection between Davidson's posts and the state of Illinois is too tenuous to support personal jurisdiction. In his eleven posts, Davidson never mentioned Gharavi by name. He never mentioned Illinois, either.

Davidson didn't call on anyone in Illinois to do anything to Gharavi, either. It is not as if Davidson encouraged anyone in Illinois to throw a brick through Gharavi's window. Davidson didn't encourage anyone to harm Gharavi specifically. He didn't call on anyone in Illinois to harm Gharavi in Illinois, and didn't encourage anyone to go to Illinois to rough up Gharavi.

Davidson's posts may have been distasteful, but that's not enough to subject him to jurisdiction here. The posts do not "connect[] him to the forum in a meaningful way." *See Walden*, 571 U.S. at 290. Unlike Defendant Mineo, Davidson did not call for specific action in Illinois. Davidson did not "tag" an Illinois entity or ask other parents to contact state police or the Illinois High School Association. *See* 3/14/25 Mineo Order, at 4–5 (Dckt. No. 82).

Put simply, Davidson's posts were not tailored to an Illinois audience. Perhaps Davidson called for violent action, but he made the call nationwide, to every parent on InterMatWrestle.com.

Again, it is true that Gharavi lived in Illinois. Any harm that he suffered – such as a reputational injury, or fear, and so on – took place in Illinois. But the location of the injury is not what matters. *See Walden*, 571 U.S. at 290.

Sounding off on social media is a good way to get attention. But it isn't enough to get sued in other states. To be haled into court, a defendant must act in the forum state or must take action directed at the forum state, such as encouraging someone else to do something in that state. That is, a defendant must direct his or her conduct at the forum state.

Doing something out of state that affects someone in state isn't enough. It's the difference between releasing a helium balloon that floats to the sky and finds its way to the forum state, and shooting a guided missile at a targeted state. Throwing comments to the wind isn't enough to create personal jurisdiction wherever they land, even if the comments are full of hot air.

7

      It is not enough that the posts affected someone in Illinois. Specific jurisdiction must rest on something more than internet posts about a plaintiff in the forum state. *See, e.g., Hoffman*, 2012 WL 1021837, at *4; *see also Majumdar v. Fair*, 567 F. Supp. 3d 901, 911 (N.D. Ill. 2021).

      In short, "there has been no prima facie showing that [Corsini or Davidson] expressly directed any tortious conduct *at the State of Illinois*, rather than at an Internet audience of fellow [parents]." *See Bittman v. Fox*, 2016 WL 2851566, at *8 (N.D. Ill. 2016) (emphasis added).

## Conclusion

      For the foregoing reasons, Defendant Corsini's motion to dismiss (Dckt. No. 86) and Defendant Davidson's motion to dismiss (Dckt. No. 132) are hereby granted. This Court lacks personal jurisdiction, so there is no need (and no power) to address the arguments about the failure to state a claim.

Date: January 12, 2026

                                                                  Steven C. Seeger
                                                                  United States District Judge