IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25.<br><br>Defendants. | Case No. 1:24-cv-1969<br><br>**Judge:**<br>Honorable Steven C. Seeger<br><br>**Magistrate Judge:**<br>Honorable Beth W. Jantz |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
RENEWED MOTION TO COMPEL AGAINST DEFENDANT PATRICK MINEO**

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and for their reply in support of their Renewed Motion to Compel (the "Motion"; Dkt. 146) filed against Defendant PATRICK MINEO ("Mineo"). In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

Mineo's brief in opposition (Dkt. 150) confirms that he has not complied with his discovery obligations or this Court's November 20, 2025 Order (Dkt. 131). Rather than address the specific deficiencies identified in Plaintiffs' Rule 37 correspondence, Mineo mischaracterizes the record and relies on cases that are either fabricated or do not support the propositions for which he cites them. Further, Plaintiffs recently received documents that confirm that Mineo is actively

withholding responsive documents. Mineo's filing only highlights the need for further Court intervention and sanctions. For the reasons set forth below, the Motion should be granted.

## ARGUMENT

**I.  This Court Must Compel Production Because the Record Demonstrates That Responsive Materials Exist and That Mineo Is in Possession of Them.**

Mineo argues that Plaintiffs' motion is based on "assumptions" and "belief" that additional materials must exist. The record clearly shows otherwise. Plaintiffs identified specific, known communications that Mineo produced only in cropped and incomplete form. As one example among several, Mineo's original document production included several messages exchanged with an individual named Jennifer Ritacco, as well as a letter from Ms. Ritacco addressed to the Court. As outlined in Plaintiffs' Rule 37 correspondence, Mineo did not produce or identify any communications reflecting how he became aware of the letter or how it came into his possession. *See* Dkt 146-2. Mineo never provided the full communications or addressed it in his supplementation.

As another example, and perhaps more troubling, on January 10, 2026, Joseph Corsini responded to Plaintiffs' written discovery requests in which he produced a communication thread with Mineo spanning from at least February 20, 2025, through September 24, 2025. *See* conversation thread produced by Corsini, attached as **Exhibit A**. Mineo, as an active participant in these conversations, was clearly in possession and control of this thread. Yet, he completely omitted it from his own production. Mineo's omission, both in producing and disclosing this thread, is glaring and raises serious concerns about what else he may have withheld. These circumstances suggest that a forensic analysis of Mineo's computers and an ESI review is necessary to determine the extent of his selective withholding.

2

Given this, Plaintiffs are perplexed as to how Mineo contends in his response brief that Plaintiffs are assuming and making up that additional evidence exists. These are not hypothetical documents or assumptions. They are communications Mineo actively chose to withhold. Plaintiffs are not asking Mineo to create new documents. Instead, they are asking him to produce complete versions of communications he has already partially disclosed or that third parties have provided to Plaintiffs. Mineo must be compelled to produce complete versions of these communications and any other documents he has not produced.

## II. Plaintiffs Have Not Mischaracterized Translated Materials.

Mineo also asserts that Plaintiffs "mischaracterize" Arabic Messenger materials as communications. Plaintiffs did no such thing. As Plaintiffs explain in their Motion, Mineo's original document production contained "certain documents, such as Arabic to English Messenger translations, omitted the sender's identity, dates, and surrounding context." Several pages of Mineo's production includes foreign phrases, which Mineo appears to translate from Arabic on other pages, and at the top, the page says "Messenger," indicating that the content originated in a messenger platform. Mineo never contended that these materials were third-party content rather than communications, despite his assertion to the contrary in his Response. As such, Mineo must be compelled to supplement this production of documents with the senders' identity, dates, and surrounding context.

## III. Mineo Did Not Adequately Respond to Interrogatories Regarding Third Parties.

Mineo argues that the interrogatories asking him to identify all third parties with whom he communicated were "overbroad" and that he therefore identified only those with whom he "actually communicated." First, interrogatories seeking the identity of third parties with whom a defendant communicated are standard under Fed. R. Civ. P. 33. Second, Mineo did not identify

3

even those individuals. Instead, he directed Plaintiffs to his document production, effectively requiring Plaintiffs to review incomplete screenshots and speculate about the identities and roles of the individuals involved. As Mineo himself points out, "the rules do not require a party to speculate," and yet his refusal to provide the basic identifying information requested is precisely what Plaintiffs are forced to do.

### IV. Mineo's Production Is Noncompliant Because the Cropped Screenshots Are Incomplete.

Mineo contends that Plaintiffs cannot complain about cropped screenshots because they did not expressly request native files. This argument fails. While Plaintiffs did not request Mineo produce "native files" of his communications, they did request that Mineo produce his communications "in full," and, where not produced "in full," Plaintiffs requested that Mineo indicate what portion of a communication is being withheld and the reason that information is being withheld. *See* Instruction "D" to Plaintiffs' Requests for Production to Mineo, Dkt 120-1. Screenshots that omit timestamps, sender information, and full message threads are incomplete and do not reflect the full media or communications he chose to produce in part. Mineo's position that he may selectively crop and unilaterally decide which portions to disclose is inconsistent with the Federal Rules and with this Court's November 20, 2025 Order directing him to supplement with all responsive information within his possession, custody, or control. Mineo must be compelled to produce the entire communication thread and sender information for communications he has produced.

### V. This Court Has Overruled Mineo's Timeliness Objection.

Mineo again argues that Plaintiffs delayed in raising deficiencies and that their renewed motion is "late-stage posturing" and undermines their motion to compel. This Court has already overruled Mineo's timeliness objection to Plaintiffs' challenges to his discovery responses.

4

Further, the Court invited a renewed motion to compel. Dkt 140. Plaintiffs' filing is the direct result of Mineo's continued refusal to comply with his obligations and this Court's Order. It is not strategically delayed as Mineo suggests.[1]

Further, Mineo' reliance on *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) is misplaced. He cites this case to stand for the proposition that "Courts disfavor motions to compel used as strategic leverage late in discovery rather than to resolve genuine impasses." Dkt. 150. However, in *Packman v. Chicago Tribune Co.*, the plaintiff filed her motion to compel discovery "after discovery had closed, the summary judgment briefing schedule had been set, and defendants had filed their summary judgment motion." *Id.* at 647. The Seventh Circuit's concern in *Packman* was the use of a motion to compel as a last-minute tactic after the close of discovery. Here, discovery remains open, and both Plaintiffs' original and renewed motions to compel were filed within the discovery period.

## VI.     Fees Are Warranted Because Mineo's Position Is Not Substantially Justified and His Opposition Relies on Fabricated or Misleading Case Law.

With respect to Mineo's assertion that his conduct was "substantially justified" for purposes of Rule 37(a)(5), Plaintiffs incorporate the arguments set forth in their Motion. Plaintiffs further request that the Court impose sanctions under Rule 11 based on Mineo's reliance on fabricated or misleading case law.

---

[1] Plaintiffs also wish to clarify the misleading procedural narrative presented in Mineo's Response. Mineo asserts that Plaintiffs scheduled and then cancelled a deposition that was purportedly set for September 30, 2025. Plaintiffs served a notice of deposition to Mineo that included a placeholder deposition date before the Court extended the discovery deadline. After the Court extended the discovery deadline to January 31, 2026 (Dkt. 115), Plaintiffs promptly advised Mineo that the deposition would not proceed in September and that new dates would follow. Despite these explanations, Mineo continues to mischaracterize the placeholder notice as a cancelled deposition and repeatedly raises this point in correspondence and pleadings.

In his Response, Section I, Mineo cites *EEOC v. Dolgencorp, LLC*, 2010 WL 1325684, at *2 (N.D. Ill. Mar. 26, 2010), for the proposition that courts "routinely deny motions to compel where the movant offers only suspicion that additional materials exist." After a diligent search, Plaintiffs have been unable to locate the case Mineo cites. Plaintiffs did identify several cases styled *EEOC v. Dolgencorp, LLC*, but none stand for the proposition Mineo attributes to them. To the contrary, Plaintiffs located *U.S. Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, No. 13-CV-04307, 2014 WL 3734361 (N.D. Ill. July 29, 2014), in which the court *granted* a motion to compel, and *U.S. Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, No. 13-CV-04307, 2015 WL 2148394, (N.D. Ill. May 5, 2015) in which the Court granted a motion to compel in part and the denied portion was on relevance grounds, which is inapplicable to the case here. Both of these cases directly contradict Mineo's representation that such motions are "routinely den[ied]" on the basis he describes.

The inclusion of a non-existent or misrepresented case citation raises serious concerns. When an attorney or self-represented party files a document in federal court, that attorney or party is certifying to the court that the legal contentions contained in it "are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Whether Mineo's citation was fabricated or generated through careless reliance on automated tools, submitting authority that does not exist or does not stand for the proposition asserted is sanctionable.

Moreover, courts have imposed sanctions on attorneys and self-represented litigants for filing AI-generated documents that cite to nonexistent cases or misrepresent the law. *See, e.g. In re Martin*, 670 B.R. 636, 644–49 (Bankr. N.D. Ill. 2025) (collecting cases discussing the proliferation of AI hallucinated cases and the risks of AI-assisted legal research); *see also Glass v. Foley & Lardner LLP*, 2025 WL 3079280, at *1 n.1 (W.D. Wis. Nov. 4, 2025) (courts have

sanctioned self-represented litigants for submitting court filings that contain hallucinated citations); *Attaway v. Ill. Dep't of Corr.*, 2025 WL 1101398, at *3 (S.D. Ill. Apr. 14, 2025) (warning self-represented litigant that use of hallucinated citations may result in sanctions); *Gerou v. George*, 2025 WL 3677745, at *8 (E.D. Wis. Dec. 18, 2025) (self-represented litigants are not relieved of obligation to ensure legal representations are accurate and are supported by valid precedent).

Mineo's opposition confirms that he has not complied with his discovery obligations, this Court's November 20, 2025 Order, or Rule 11. When combined with Mineo's repeated noncompliance with discovery obligations and disregard for this Court's directives, his conduct warrants an award of attorney's fees and the imposition of additional sanctions.

## CONCLUSION

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. request that this Court enter an order compelling Defendant PATRICK MINEO to supplement his discovery in a manner consistent with their Rule 37 correspondence and this Motion, order Mineo to reimburse Plaintiffs the attorney fees incurred in connection with both motions to compel, impose additional sanctions for Mineo's reliance on fabricated or misleading case law and for any additional relief this Court deems just and appropriate.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: January 13, 2026

By: */s/ Nicole O'Toole Peterson*
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611

Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com