IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25.<br><br>Defendants. | Case No. 1:24-cv-1969<br><br>**Judge:**<br>Honorable Steven C. Seeger<br><br>**Magistrate Judge:**<br>Honorable Beth W. Jantz |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH PLAINTIFF'S THIRD-PARTY SUBPOENA TO JASON BRYANT**

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and hereby move this honorable Court for an order compelling Third-Party Subpoena Recipient JASON BRYANT to respond to Plaintiffs' subpoena for documents and produce the materials therein. In support thereof, Plaintiffs state as follows:

**BACKGROUND AND RELEVANT FACTUAL HISTORY**

Plaintiffs initiated this action on March 8, 2024, asserting claims for defamation, invasion of privacy, doxing, and related causes of action arising from a series of allegedly false and negative social media posts and public statements made by Defendants. Dkt. 1. On May 5, 2025, Plaintiffs filed their third and final Amended Complaint, identifying previously unnamed John Doe defendants but making no substantive changes to the underlying allegations. Dkt. 92.

1

Discovery has revealed the identities of additional John Doe defendants, defamatory statements made both publicly and privately, and a broader network of individuals who coordinated, disseminated, or amplified the allegations at issue. In light of these developments, Plaintiffs issued third-party subpoenas to individuals and media outlets within the wrestling community with whom Plaintiffs have interacted, including those who published, circulated, or sourced the allegations, as well as those who barred Plaintiffs from accessing their platforms or events. On September 11, 2025, Plaintiffs issued one such subpoena to the National Wrestling Media Association, ("NWMA"), and its president, Jason Bryant via U.S. Certified Mail. *See* Notice of Subpoena, Subpoena, Rider, attached as **Exhibit A**.

The Subpoena seeks information related to the NWMA and Jason Bryant's communications and other documents that concern, reference, discuss, mention, or contain information about videos belonging to Plaintiff's "Midwest Wrestle" YouTube channel or mention Plaintiff Nima Gharavi. *Id.* The Subpoena commanded the production of documents by September 25, 2025, at the office of Plaintiffs' counsel Swanson, Martin & Bell, located in Chicago, IL. *Id*. On September 16, 2025, the Subpoena was successfully delivered via U.S. Mail to Mr. Bryant. The receipt confirming as such is attached as **Exhibit B**.

Plaintiffs have attempted to obtain the NWMA and Jason Bryant's compliance with the Subpoena, but have been unsuccessful. On September 22, 2025, Mr. Bryant, through counsel, requested an additional thirty days to respond to the subpoena. *See* emails dated September 22–24, 2025, attached as **Exhibit C**. Plaintiffs agreed to give Mr. Bryant an extension to respond to the subpoena until October 12, 2025, if Mr. Bryant planned to object, or October 22, 2025, if Mr. Bryant chose to substantively respond. *Id.* Plaintiffs contacted Mr. Bryant's counsel again on January 9, 2026, requesting to meet and confer regarding Mr. Bryant's continued lack of response

to the Subpoena. *See* email dated January 9, 2026, attached as **Exhibit D**. To date, Plaintiffs have received no information in response to the subpoena, despite the fact that neither the NWMA nor Jason Bryant has asserted any objection. Plaintiffs now move to compel the NWMA and Jason Bryant's compliance with its obligations under Rule 45.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(a) allows parties to a lawsuit to subpoena records from third parties. Fed. R. Civ. P. 45(a). Further, a subpoena to produce materials, permit inspection of materials, or submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, if the subpoena's recipient does not comply with the subpoena, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The District Court for the Northern District of Illinois thus has the authority to enforce the Subpoena.

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, "where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation." *Mintel Int'l Group, Ltd. v. Neerghen*, 2008 WL 4936745, at *1 (N.D. Ill. Nov. 17, 2008), *aff'd sub nom. Mintel Int'l Group, Ltd. v. Neergheen*, 2008 WL 5246682 (N.D. Ill. Dec. 16, 2008).

## ARGUMENT

"The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008). Plaintiffs are entitled to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As discussed above, and further evidenced by

3

the Subpoena, Plaintiffs are narrowly seeking information concerning statements made by third parties, or by Defendants and held by third parties, regarding Plaintiff Nima Gharavi or his YouTube channel. This information is directly relevant to the parties' claims and defenses. *Trs. of Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, 2023 WL 429047, at *3-4 (N.D. Ill. Jan. 26, 2023) (ordering compliance with subpoena seeking information that bore on party's "theory" of case).

Moreover, failure to serve written objections to a subpoena within the time specified (14 days) by Fed. R. Civ. P. 45 waives any objections that a party may have. *Whitlow v. Martin,* 263 F.R.D. 507, 510 (C.D. Ill. 2009). Here, any objections to the Subpoena were due over three months ago. Since neither the NWMA nor Jason Bryant have raised any objections to the Subpoena nor filed a motion to quash, any objections are now waived. In short, the NWMA and Jason Bryant were served with a valid subpoena that seeks information that is relevant and proportional to the needs of the case. Neither the NWMA nor Jason Bryant have raised a single objection, and they have not complied with the Subpoena. Accordingly, Plaintiffs' Motion to Compel should be granted.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request this Court to order the NWMA and Jason Bryant to comply with Plaintiffs' Subpoena within fourteen (14) days, and any other relief this Honorable Court deems appropriate.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: January 16, 2026

By:*/s/ Olivia E. Duggins*_____
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com