**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25. <br><br> Defendants. | Case No. 1:24-cv-1969 <br><br> **Judge:** <br> Honorable Steven C. Seeger <br><br> **Magistrate Judge:** <br> Honorable Beth W. Jantz |

## PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH PLAINTIFFS' THIRD-PARTY SUBPOENAS TO WILLIE SAYLOR

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and for their Motion to Compel compliance with Plaintiffs' subpoena for documents and subpoena for deposition of third-party WILLIE SAYLOR ("Saylor"). In support thereof, Plaintiffs state as follows:

## INTRODUCTION AND BACKGROUND

Plaintiffs filed this action on March 8, 2024, asserting claims against several defendants, including Willie Saylor ("Saylor"), for defamation, invasion of privacy, doxing, and additional claims arising from a series of false and negative social media posts and public statements made about Plaintiffs. Dkt. 1.

On November 6, 2024, this Court entered a default order against Saylor. Dkt. 62. Following the entry of default, Plaintiffs sought discovery from Saylor by serving him with a third-party subpoena for documents on October 3, 2025. *See* Subpoena, Notice of Subpoena, and Rider, attached as **Exhibit A**. The subpoena sought information related to Saylor's communications and other documents that pertain to Plaintiffs or their YouTube channel "Midwest Wrestle." *See id.*

Having heard no response from Saylor, Plaintiffs contacted him on October 22, 2025, seeking an update on the status of his compliance with the document subpoena. *See* email dated October 22, 2025, attached as **Exhibit B**. Plaintiffs did not receive a response. Plaintiffs again contacted Saylor via email on November 3, 2025, inquiring as to the status of Plaintiffs' production. Saylor responded and indicated that he did not have any communications. *See* emails dated November 3, 2025, attached as **Exhibit C**. However, Plaintiffs are aware of several documents demonstrating that Saylor has participated in conversations concerning Plaintiffs and therefore possesses responsive materials. For example, Saylor exchanged Instagram direct messages with Mr. Gharavi (Dkt. 92-1), and in a post on X, he stated that he contacted FloSports for representation in this lawsuit. *See* screenshot attached as **Exhibit D**. Further, in a podcast, Saylor admitted that several individuals called him, urging that "something needs to be done" about Plaintiffs' videos.[1]

Given Saylor's own personal involvement in the events giving rise to Plaintiffs' claims, and the necessity of obtaining the requested information from Saylor, counsel for Plaintiffs decided to subpoena Saylor for a deposition. On December 18, 2025, Plaintiffs issued a Notice of Deposition to Saylor, to be completed by the end of the fact discovery deadline of January 31,

---

[1] The podcast, available at https://rokfin.com/stream/35076/TFW-Ferrari-Commit-Bad-Stories-JR-Trials, requires a subscription to access. Plaintiffs can provide a transcript upon the Court's request should the Court find it helpful.

2

2026. The Notice included a filler date of January 13, 2026, at 9:00 AM CT, which counsel for Plaintiffs explained was a filler date and asked Saylor to provides dates that he is available for deposition. *See* Notice of Deposition, attached as **Exhibit E;** *see also* email dated December 18, 2025, attached as **Exhibit F**. Saylor did not respond. On December 30, 2025, Plaintiffs again requested that Saylor provide his availability for scheduling his deposition. *See* email dated December 30, 2025, attached as **Exhibit G**. Once again, Saylor did not respond. On January 5, 2026, Plaintiffs contacted Saylor indicating their intent to file a motion to compel if Saylor failed to respond regarding his deposition. *See* email dated January 5, 2026, attached as **Exhibit H**. Consistent with Saylor's silence, he did not respond.

Plaintiffs mailed a subpoena for deposition to Saylor via U.S. Certified Mail on January 6, 2026. *See* Subpoena to Testify and Notice of Subpoena, attached as **Exhibit I**. To ensure Saylor's receipt of the subpoena, Plaintiffs also re-sent the subpoena to Saylor adding his apartment number on January 12, 2026. *See* tracking, attached as **Exhibit J**. The tracking number indicated that delivery was successful to Saylor's residence on January 13, 2026, at 11:19 AM. Given the approaching close of fact discovery, Plaintiffs followed up with Saylor on January 15, 2026, requesting a response and indicating their intent to file a motion to compel if Saylor did not do so. *See* email dated January 15, 2026, attached as **Exhibit K**. Plaintiffs received no response from Saylor.

Discovery in this matter closes on January 31, 2026. Dkt. 115. In light of the impending deadline, and given Saylor's history of noncompliance with the judicial process (which culminated in the entry of default against him), Plaintiffs are compelled to bring this motion to compel Willie Saylor's compliance with his obligations under Rule 45.

3

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(a) allows parties to a lawsuit to subpoena records from third parties. Fed. R. Civ. P. 45(a). Further, a subpoena to produce materials, permit inspection of materials, or submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, if the subpoena's recipient does not comply with the subpoena, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The District Court for the Northern District of Illinois thus has the authority to enforce the Subpoena.

"The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008). Parties accordingly may use Rule 45 subpoenas to seek discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also, e.g., Trs. of Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, 2023 WL 429047, at *3-4 (N.D. Ill. Jan. 26, 2023) (ordering compliance with subpoena seeking information that bore on party's "theory" of case). A third party cannot resist a subpoena "merely because compliance may be burdensome; rather, the burden imposed must be *'undue.'*" *Ligas v. Maram*, 2007 WL 4225459, at *4 (N.D. Ill. Nov. 27, 2007). A non-party that objects to a subpoena on burden or related grounds must substantiate its objections and detail the burdens that compliance would entail. *Trs. of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, 2023 WL 429047, at *3.

## ARGUMENT

This motion to compel has been made necessary by Saylor's serial non-responsiveness. Saylor has also not provided Plaintiffs with any indication that a response is forthcoming. Saylor's

4

deposition and compliance with the document subpoena are necessary because he has critical and relevant information about this case. Plaintiffs are in need of his testimony about knowledge related to Plaintiffs' complaint and his related communications to pursue their claims against the remaining defendant. Moreover, any burden of complying with Plaintiffs' subpoenas would be minimal. Saylor has wholly neglected to demonstrate how his compliance would impose an undue burden. Saylor's ongoing and repeated lack of response is straining Plaintiffs' efforts to comply with this Court's fast-approaching discovery deadline.

In addition, Plaintiffs have identified multiple documents demonstrating that Saylor has participated in conversations concerning Plaintiffs and therefore possesses responsive materials to the document subpoena. To the extent Saylor now contends that he has no responsive documents or communications in his possession, custody, or control, Plaintiffs respectfully request that he be compelled to sign an affidavit of completeness attesting to that fact under penalty of perjury. Accordingly, Plaintiffs' motion to compel should be granted.

<u>**CONCLUSION**</u>

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. request that this Court enter an order compelling WILLIE SAYLOR to comply with Plaintiffs' subpoena for documents and subpoena for deposition, and if Saylor does not have responsive documents, that he be compelled to sign an affidavit of completeness attesting to that fact, and for any additional relief this Court deems just and appropriate.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL
OFFICIALS, INC.**

Dated: January 16, 2026

By:*/s/ Olivia E. Duggins*
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)

5

Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com