IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25.<br><br>Defendants. | Case No. 1:24-cv-1969<br><br>**Judge:**<br>Honorable Steven C. Seeger<br><br>**Magistrate Judge:**<br>Honorable Beth W. Jantz |

## **PLAINTIFFS' MOTION TO EXTEND FACT DISCOVERY**

NOW COME Plaintiffs, NIMA GHARAVI ("Mr. Gharavi") and RIGHT CALL OFFICIALS, INC. ("Right Call Officials") (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and hereby move this Honorable Court to enter an order pursuant to Federal Rule of Civil Procedure 16(b)(4) extending the deadline for the completion of fact discovery from January 31, 2026 to March 2, 2026, and in support thereof, state as follows:

1. The parties have worked diligently to complete fact discovery within the current deadline. Only a limited number of outstanding items remain, and Plaintiffs believe a 30-day extension will allow those items to be resolved without delaying the overall progress of the case.

2. Plaintiffs served a document subpoena on third-party Jason Bryant in September 2025, and conducted multiple follow-up attempts, but have not received a substantive response from Bryant or his counsel. *See* Dkt 157. On January 16, 2026, Plaintiffs filed a motion to compel compliance with this subpoena. *Id.* On January 26, 2026, the Court denied Plaintiffs motion

without prejudice based on the 100-mile enforcement limitation under Federal Rule of Civil Procedure 45. Dkt 160. Plaintiffs are prepared to initiate an enforcement action in Minnesota where Bryant is domiciled, but anticipate that enforcement of the subpoena will require time beyond the current January 31 deadline.

3. Plaintiffs also served a document subpoena and a deposition subpoena on defaulted party, Willie Saylor. The Court denied Plaintiffs' motion to compel compliance with the document subpoena on similar grounds as the Bryant motion. Dkt 160. As to the deposition subpoena, the Court indicated that personal service was required. *Id.* To comply, Plaintiffs retained process servers in both Idaho (Saylor's last known address) and Pennsylvania, where Saylor had previously indicated he resided. Those efforts confirmed that Saylor is no longer domiciled in Idaho and has moved back to Pennsylvania, as Plaintiffs were able to effect service on Saylor at his Pennsylvania address on January 28, 2026. *See* Affidavit of Service, attached as **Exhibit A**.

4. Finally, Plaintiffs have filed a renewed motion to compel supplemental discovery from Defendant Patrick Mineo, which remains pending before the Court. Dkt 146. The outcome of that motion may require further supplementation by Mineo, and Plaintiffs seek sufficient time to review this supplemental production.

5. Plaintiffs bring this motion for good cause and extending the fact discovery deadline will not cause prejudice to the parties or unjustly delay this matter. *See, e.g.*, Fed. R. Civ. Pro. 16(b)(4) (allowing a scheduling order to be modified for good cause); *Experience Based Learning, Inc. v. Hanover Ins. Co.*, 2019 WL 2576390, at *5 (N.D. Ill. June 24, 2019) ("The primary consideration when making a good-cause determination is the diligence of the party seeking to extend the deadline.") (*citing Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)). Good cause exists to extend the fact discovery deadline, as the vast majority of fact

discovery is complete and the limited outstanding issues can be fully resolved within the requested 30-day period. Granting this short extension will not prejudice the parties or delay the overall progression of the case.

6. Mineo has objected to this proposed extension on the grounds that extending fact discovery delays finality and prejudices the remaining defendant. To keep the case on its current timeline, Plaintiffs are prepared to proceed with expert discovery concurrently with fact discovery so as not to delay the progression of expert discovery and to minimize any alleged prejudice to Mineo.

7. Plaintiffs acknowledge that this Court has previously extended the fact discovery deadline twice. Dkt. 85, Dkt. 115. The present request is narrowly tailored and seeks only a brief extension to address a limited set of outstanding issues. Therefore, Plaintiffs request a 30-day extension of the current fact discovery deadline to resolve the limited remaining discovery items. In the alternative, Plaintiffs respectfully request that fact discovery remain open for the abovementioned limited purposes while the parties proceed with expert discovery.

WHEREFORE, for the reasons stated above, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. request that the Court enter an order extending the deadline to complete fact discovery from January 31, 2026 to March 2, 2026, or in the alternative, permitting fact discovery to remain open while the parties proceed with expert discovery, and for any additional relief this Court deems just and appropriate.

<table>
<tr><td></td><td>Respectfully Submitted,<br><br>**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**</td></tr>
<tr><td>Dated: January 29, 2026</td><td>By:<u>*/s/ Olivia E. Duggins*</u><br>Jeffrey S. Becker (ARDC #6282492)<br>Nicole O'Toole Peterson (ARDC #6330227)<br>Olivia E. Duggins (#6349003)<br>SWANSON, MARTIN & BELL, LLP<br>330 N. Wabash Avenue, Suite 3300<br>Chicago, Illinois 60611<br>Phone: (312) 321-9100<br>jbecker@smbtrials.com<br>npeterson@smbtrials.com<br>oduggins@smbtrials.com</td></tr>
</table>