**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., | |
| *Plaintiffs*, | Case No. 1:24-cv-01969 |
| v. | Hon. Beth W. Jantz |
| JESSICA PRESLEY, *et al.*, | |
| *Defendants*. | |

**ORDER**

Plaintiffs' Renewed Motion to Compel (Dkt. 146) is GRANTED IN PART and DENIED IN PART. Defendant Patrick Mineo shall supplement his responses to Plaintiffs' Requests for Production (RFPs) 1–3 and 7–8 and Plaintiffs' Interrogatories 3–5, as set forth below, by September 4, 2026. Plaintiffs' request for fees is denied.

This concludes all fact discovery in this case. *See* Dkt. 174, 179. Neither Plaintiffs nor Mineo, the last remaining Defendant, intend to offer an expert witness. *Id*. Judge Seeger previously ordered that if the parties hit a wall on settlement, which in this case occurred on June 15, 2026, *see* Dkt. 179, then dispositive motions were due four weeks later, Dkt. 174. Since no dispositive motions were filed, the parties should follow up with Judge Seeger on the setting of a trial date. If the parties are interested in reengaging on settlement talks, they jointly may reach out to Judge Jantz's courtroom deputy at any time.

**BACKGROUND**

According to the operative complaint (Dkt. 92), Plaintiff Nima Gharavi is a wrestling official and enthusiast. He officiates wrestling matches at the high school and collegiate levels. Through his company, Plaintiff Right Call Officials, Inc., Gharavi also records wrestling matches

and posts edited videos of the matches to YouTube. Some of those videos are cross-posted to third-party websites without Gharavi's consent, and some of those third-party websites "contain pornographic materials and other immoral and offensive content." Dkt. 92 at ¶ 28.

Gharavi alleges that multiple individuals and organizations made malicious and false statements online about his videos. He brought claims against them for defamation per se, defamation per quod, invasion of privacy by false light, intentional infliction of emotional distress, tortious interference with business relationships, and violation of the Illinois Civil Liability for Doxing Act. Dkt. 92 at ¶¶ 61–104.

At this stage of the litigation, Patrick Mineo is the last remaining Defendant. Gharavi alleges that Mineo "[c]all[ed] Mr. Gharavi and his YouTube videos 'very wicked'"; "[a]ccus[ed] Mr. Gharavi of using 'provocative thumbnails' and 'suggestive angles' to increase views on his YouTube videos"; and "[e]ncourag[ed] others to take action to prevent Mr. Gharavi from being 'allowed' next to children." Dkt. 92 at ¶ 37.

On November 26, 2024, Plaintiffs served their first set of interrogatories and RFPs on Mineo. *See* Dkt. 146-1. Mineo responded several months later. According to Plaintiffs, his production consisted of an 80-page PDF of screenshots of messages, which lacked metadata and consisted of partial screenshots (including of Arabic-to-English Messenger translations) that omitted the sender's identity and time-stamps. Dkt. 146 at 1–2. The parties subsequently met and conferred about the sufficiency of Mineo's responses. *See* Dkt. 146 at 2–3. Plaintiffs filed a motion to compel, and at a hearing on October 14, 2025, this Court directed Plaintiffs and Mineo to meet and confer "to discuss what supplemental discovery can be produced by Mr. Mineo" by December 16, 2025. Dkt. 131.

Mineo supplemented his responses on December 16, 2025. According to Plaintiffs, the supplemental production consisted of 205 pages of documents, 181 pages of which were documents that Plaintiffs had previously produced to Mineo, and 20 pages of which were exhibits originally attached to Plaintiffs' own complaint. Dkt. 146 at 3. The remaining four pages were comprised of additional social media posts by Mineo that were not included in his original production. Dkt. 146 at 3. Mineo also apparently did not supplement his interrogatory responses.

Plaintiffs thus refiled their motion to compel. The motion asks the Court to order Mineo to supplement his responses to Plaintiffs' RFPs 1–3 and Interrogatories 3–5 (which seek information about Mineo's communications with third parties) and RFPs 7 and 8 (which seek Mineo's social media posts and communications relating to Plaintiffs or the allegations in the complaint). Plaintiffs also seek reimbursement of their attorney's fees under Rule 37(a)(5)(A).

## DISCUSSION

### I. Communications with Third Parties (RFPs 1–3 and Interrogatories 3–5)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed. R. Civ. P. 37(a). "Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules." *Solutions Team v. Oak Street Health, MSO, LLC*, No. 17-cv-01879, 2021 WL 3022324, at *2 (N.D. Ill. July 16, 2021) (citing *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996)).

The party requesting discovery bears the initial burden of establishing its relevancy and proportionality to the needs of the case. *See id.* at *2–3. "Once the moving party has made a preliminary showing that the discovery it seeks is relevant to the case and proportional to the needs

3

of the case, the party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Id.* at *3 (citing *Hansen v. Country Mutual Insurance Co.*, No. 18-cv-00244, 2020 WL 5763588, at *2 (N.D. Ill. Sept. 28, 2020)).

Plaintiffs ask the Court to compel Mineo to supplement his responses to RFPs 1–3 and Interrogatories 3–5. The RFPs seek:

1.      All Documents and Communications in Your possession including but not limited to those electronically stored that concern, reference, discuss, mention, or contain information about Plaintiffs' wrestling videos.

2.      All Documents and Communications in Your possession including but not limited to those electronically stored that concern, reference, discuss, mention, or contain information about Nima Gharavi.

3.      All Documents and Communications between you and any third parties, including but not limited to any member of the media or wrestling authority and/or wrestling leadership, in any manner regarding Plaintiffs.

Dkt. 146-1 at 10. The interrogatories state:

3.      Identify each person who has made any Communication to you concerning or related to any of the allegations in the Complaint, which concern the substantive merits of Plaintiffs' claims against you and/or your defenses to such claims.

4.      Identify all Communications between you and any third party during which Plaintiffs' wrestling videos were discussed.

5.      Identify all Communications between you and any third party during which Nima Gharavi was discussed.

Dkt. 146-1 at 4.

These discovery requests seek relevant information that is proportional to the needs of the case, as they seek documents and information directly relating to the allegations in the complaint and the scope of Mineo's alleged conduct.

Mineo does not argue that Plaintiffs' requests are irrelevant or disproportional. Instead, he argues that Plaintiffs' challenge is untimely and suggestive of gamesmanship, because they waited four months to ask him to supplement his responses. *See* Dkt. 150 at 3. But the Court has already

4

overruled Mineo's untimeliness objection, *see* Dkt. 131, and on this record the Court does not conclude that Plaintiffs engaged in any improper behavior.

Next, Mineo argues that Plaintiffs "offer[] only suspicion that additional materials exist." Dkt. 150 at 2. But Plaintiffs do not appear to be speculating about the existence of additional materials. For example, Plaintiffs say that Joseph Corsini, a former Defendant in this case, responded to Plaintiffs' RFPs by producing a message thread that included Mineo. *See* Dkt. 154 at 2; Dkt. 154-1 at 2–5. Mineo, however, did not produce the same thread in response to Plaintiffs' RFPs, suggesting that Mineo did not search for or produce all information in his possession. Likewise, Plaintiffs say that Mineo produced a message thread between himself and an individual named Jennifer Ritacco, as well as a letter from Ritacco to the Court. *See* Dkt. 154 at 2. But Mineo did not produce any messages showing how he came into possession of that letter, which also suggests that his production is incomplete.

Mineo also argues that a translation is not a discoverable "communication." Dkt. 150 at 3. But the RFPs seek "documents" in Mineo's possession, not just "communications." A translation is a document, so it is immaterial whether or not it is a communication. And Mineo does not cite any case law stating that translations otherwise are not discoverable under Rule 34.

Finally, Mineo contends that Rule 33 "do[es] not require a party to speculate about or identify individuals with no direct interaction or personal knowledge." Dkt. 150 at 2–3. But Plaintiffs are asking Mineo to identify the individuals with whom **he** actually communicated. *See* Dkt. 146-1 at 4. That said, it appears that Mineo attempted to rely on his document production instead of responding fully to the interrogatories. *See, e.g.*, Dkt. 154 at 3–4 (Plaintiffs' brief stating that "Mineo did not identify even those individuals" and instead "directed Plaintiffs to his document production"). If this is indeed what Mineo attempted to do, it is proper so long as he "specif[ies]

5

the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). Mineo must be specific when identifying which documents are responsive to Plaintiffs' interrogatories, but Plaintiffs are also reminded that the Court has substantial discretion in evaluating the necessary specificity of those responses in a case like this one, where a relatively small amount of discovery has been produced. *See, e.g.*, *Johnson v. Hix Wrecker Services, Inc.*, 528 F. App'x 636, 640 (7th Cir. 2013) ("The level of specificity required by Rule 33(d) necessarily depends on a number of factors, including the amount of discovery exchanged. Where, as here, the parties exchanged a comparatively small amount of discovery, the court did not abuse its discretion in finding that Hix's response sufficiently identified the business records that supported Hix's defenses.").

Based on all of the foregoing, the Court will require Mineo to supplement his document production in response to these RFPs (including date-/time-stamps and full message threads) and supplement these interrogatories, as laid out above.[1]

## II.     Social Media Content (RFPs 7–8)

Plaintiffs also ask the Court to order Mineo to supplement his responses to RFPs 7–8. Those RFPs seek:

> 7.     All posts, comments, photographs, videos, or other content published, shared, liked or commented on by any of your social media accounts that concern, reference or discuss Plaintiffs, in any manner.
>
> 8.     All posts, comments, photographs, videos, or other content published, shared, liked or commented on by any of your accounts on bulletin boards, message boards, forums, etc. that concern, reference or discuss Plaintiffs, in any manner.

---

[1] Mineo seems to argue generally that some of the responsive information and documents are not "within his possession, custody, or control." Dkt. 150 at 1. To be clear, any email, social media, messaging, or other electronic accounts to which Mineo has access are within his possession, custody or control, and thus must be searched by him for responsive information.

Dkt. 146-1 at 11–12. Plaintiffs say that Mineo's supplemental production only included limited screenshots of certain social media posts, and entirely omitted any Facebook or Instagram messages or other private or restricted content. Dkt. 146 at 6. They ask the Court to compel Mineo to export data from his social media accounts and produce responsive information to Plaintiffs. Dkt. 146 at 6.

The Court again finds these RFPs to be relevant and proportional, and Mineo does not argue otherwise. The Court also agrees that Mineo must produce all responsive information—including all responsive private or restricted content from all of his social media accounts—as he does not assert any privilege or other protection from production. The Court will thus require Mineo to supplement his document productions to include responsive, complete posts or message threads from all of his social media accounts, including date- and time-stamps and sender identity. However, the Court will not necessarily require Mineo to fully export his social media data, as Plaintiffs seem to request. Rule 34 says:

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). In other words, if a requesting party (here, Plaintiffs) does not specify the format of a document production, Rule 34(b)(2)(E) gives the producing party (here, Mineo) the option of producing it in the form in which it is ordinarily maintained, or "in a reasonably usable form."

7

Plaintiffs say that they asked Mineo to "produce his communications 'in full,'" so the Court should compel Mineo to export his social media accounts and produce the responsive data to Plaintiffs. Dkt. 154 at 4. Although Plaintiffs are correct that their requests cover information like date- and time-stamps, Plaintiffs do not dispute Mineo's argument that Plaintiffs did not expressly request metadata or native files. *See* Dkt. 150 at 3; Dkt. 154 at 4.

Accordingly, the Court will require Mineo to supplement his document production with responsive information including complete message threads, with date- and time-stamps and the identity of the senders. Mineo may choose to export and produce his responsive social media data, as Plaintiffs request. But he also may choose to produce complete screenshots in PDF (although they ***must*** include date- and time-stamps and the identity of the senders), as that would constitute a reasonably usable form under the circumstances.

### III.    Plaintiffs' Request for Fees

Plaintiffs also ask the Court to order Mineo to pay their fees in bringing their motion. Rule 37 says:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The Court concludes that an award of expenses is not justified under these circumstances because the motion practice was not complicated or voluminous.[2] However, as this is Plaintiffs' second motion to compel on this dispute, the Court cautions Mineo that any continued failure to fully respond to Plaintiffs' discovery requests is likely to result in an order requiring him to pay Plaintiffs' attorneys' fees.

**CONCLUSION**

Plaintiffs' Renewed Motion to Compel (Dkt. 146) is GRANTED IN PART and DENIED IN PART. Mineo shall supplement his responses to Plaintiffs' RFPs 1–3 and 7–8 and Plaintiffs' Interrogatories 3–5, as set forth above. Plaintiffs' request for fees is denied.

SO ORDERED.

DATED: August 4, 2026

_____
HON. BETH W. JANTZ
United States Magistrate Judge

---

[2] Plaintiffs also argue that Mineo appears to have cited AI-generated case law in his opposition brief. Mineo is cautioned that every party appearing before a court, including pro se litigants, must take care to accurately represent the law in their briefs. Nevertheless, this does not persuade the Court that fee-shifting or other sanctions is warranted at this stage.