## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, and JOHN DOES 1-25. <br><br> Defendants. | Case No. 1:24-cv-1969 <br><br> **Judge:** <br> Honorable Steven C. Seeger <br><br> **Magistrate Judge:** <br> Honorable Beth W. Jantz |

## PLAINTIFFS' MOTION FOR SCHEDULING ORDER AND TO SET A TRIAL DATE

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. (collectively, "Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and respectfully move the Court pursuant to Fed. R. Civ. P. 16(b) for entry of a scheduling order and, if necessary, a Rule 16 scheduling conference. In support thereof, Plaintiffs state as follows:

### INTRODUCTION

On August 4, 2026 Magistrate Judge Jantz granted Plaintiffs' motion to compel discovery from the only remaining defendant who has neither settled nor defaulted, Patrick Mineo. Dkt. 180. With the August 4, 2026 Order, Magistrate Judge Jantz sets the close of all fact discovery as September 4, 2026 and suggests the parties schedule a trial date with this Court. Depending on Mr. Mineo's remaining production and interrogatory responses, Plaintiffs believe that this matter may be ripe for summary judgment, and therefore request that this Court set a deadline for filing such a motion four weeks after the close of fact discovery, to October 2, 2026.

**DISCUSSION**

As Magistrate Judge Jantz recognized in her August 4, 2026 Order, every category of documents and interrogatories at issue in the motion to compel discovery "[sought] documents and information directly relating to the allegations in the complaint and the scope of Mineo's alleged conduct." Dkt. 180. Thus these materials are critical to Plaintiffs' understanding of whether or not summary judgment is an appropriate motion in this matter. The August 4, 2026 Order sets the close of fact discovery on September 4, 2026. *Id*. A dispositive motion deadline of October 2, 2026 is reasonable and consistent with the Court's prior guidance.

Plaintiffs are, of course, well aware of this Court's April 20, 2026 Order acknowledging that fact discovery was over except for the pending motion to compel, and that should settlement discussions fail, "the parties should expect that dispositive motions will be due four weeks later." Dkt. 174. And Plaintiffs further agree that settlement discussions hit an impasse on June 15, 2026. Dkt. 179. Correctly, however, this Court did not enter an Order at that time directing those dispositive motions be filed *prior* to resolution of the lingering discovery issues. Indeed, it is possible the discovery will reveal such a motion is inappropriate in this case. Given the importance of discovery to summary judgment motions, summary judgment motions are typically filed after the close of all relevant fact discovery. See Fed. R. Civ. P. 56(b).

With the discovery issue now resolved in Plaintiffs' favor, Plaintiffs respectfully request that this Court enter an Order setting the deadline for all dispositive motions on October 2, with any response briefs due October 30, 2026, and any reply due November 13, 2026. Plaintiffs submit that this schedule is appropriate because it mirrors the four-week period previously contemplated by the Court. Although Plaintiffs request this schedule, they do not oppose a modest extension to

accommodate Mineo's recent circumstances. *See* infra section titled "Conferral." However, Plaintiffs believe that any dispositive motions should filed before the end of 2026.

Finally, consistent with Judge Jantz's August 4, 2026 Order, Plaintiffs request a status conference to set a trial date should the motion for summary judgment not resolve all issues.

## CONFERRAL

Plaintiffs' counsel conferred with Defendant Patrick Mineo, who appears *pro se*, regarding the relief sought in this motion on August 7, 2026, and August 12, 2026. Mineo does not oppose the entry of a scheduling order establishing a dispositive-motion deadline, but he opposes Plaintiffs' proposed deadline. Mineo states that he is currently complying with the discovery-supplementation deadline of September 4, 2026, and is facing significant family medical circumstances. He proposes a dispositive-motion deadline of January 29, 2027. No previous extension of a dispositive-motion deadline has been sought, because no such deadline has been set.

## CONCLUSION

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request that the Court enter an order setting dispositive motions to be filed by October 2, 2026, responses by October 30, 2026, and replies by November 13, 2026; setting a status conference to determine a trial date; and granting such further relief as the Court deems just and appropriate. A proposed order is attached hereto as *Exhibit A*.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: August 13, 2026     By: */s/ Olivia E. Duggins*
               Jeffrey S. Becker (ARDC #6282492)

Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com