Click to buy NOW! PDF-XChange www.pdf-xchange.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, | |
| Plaintiffs, | Case No. 1:24-cv-1969 |
| v. | **Judge:** Honorable Steven C. Seeger |
| JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25. | **Magistrate Judge:** Honorable Beth W. Jantz |
| Defendants. | |

**PLAINTIFFS' RULE 72(a) OBJECTION TO THE FEE-DENIAL PORTION OF THE AUGUST 4, 2026 ORDER (DKT. 180)**

NOW COME Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC. ("Plaintiffs"), by and through counsel, SWANSON, MARTIN & BELL, LLP, and, pursuant to Federal Rule of Civil Procedure 72(a), timely object to one portion of the Magistrate Judge's August 4, 2026 Order (Dkt. 180, the "Order"): Part III, which denied Plaintiffs' request for the reasonable expenses of their motions to compel.[1] Plaintiffs challenge no other portion of the Order.

## INTRODUCTION

Plaintiffs respectfully submit this objection to a single aspect of the August 4, 2026 Order (Dkt. 180): the denial of expenses under Rule 37(a)(5)(A). Plaintiffs do not challenge any other portion of the Order. As the Court granted the renewed motion to compel in all material respects

[1] In footnote 2, the Order declined Plaintiffs' separate request for Rule 11 sanctions based on Mineo's apparent citation of AI-generated case law. Dkt. 180 at 9 n.2; Dkt. 154 at 5. Plaintiffs do not object to that discretionary ruling, which addressed the citation issue alone and is distinct from the mandatory expense-shifting inquiry under Rule 37(a)(5)(A) that Part III resolved.

and Rule 37 requires an award of reasonable expenses in those circumstances absent specified exceptions, Plaintiffs respectfully request that the Court modify Part III of the Order and permit recovery of the reasonable expenses, including attorney's fees, incurred in prosecuting the motions to compel.

## BACKGROUND

Plaintiffs served the discovery at issue on November 26, 2024. Dkt. 146-1 at 6, 12, 25. Mineo's June 2, 2025 responses consisted of cropped, incomplete screenshots. Dkt. 146 at 1. Plaintiffs sent Rule 37 letters in September 2025 and conferred with Mineo on October 8; he declined to discuss the deficiencies. Dkt. 120 at 3–5. The Magistrate Judge granted Plaintiffs' first motion to compel, overruled Mineo's timeliness objection, ordered a further conference (held November 24), and set a December 16 supplementation deadline. Dkts. 120, 131; Dkt. 146 at 3. Mineo's supplementation returned Plaintiffs' own production and complaint exhibits, added four new pages, and did not include any interrogatory answers. Dkt. 146 at 3, 5–6. Plaintiffs' December 18 letter identifying what remained missing went unanswered. *Id*.

At the Magistrate Judge's suggestion, Dkt. 140; Dkt. 146 at 3, Plaintiffs renewed their motion and sought the expenses of both motions. Dkt. 146 at 6–7. Mineo's opposition asserted that "Plaintiffs identify no evidence of spoliation, concealment, or bad faith." Dkt. 150 at 2. Plaintiffs' reply showed the opposite: former Defendant Joseph Corsini had just produced a Messenger thread with Mineo, spanning at least February through September 2025, that Mineo never produced, in which he assured Corsini that "none of our messages are/were included." Dkt. 154 at 2–3; Dkt. 154-1 at 4. The Magistrate Judge directed the parties to confer again in February 2026. Dkt. 165. Mineo still did not produce the materials, and after the parties engaged in extensive settlement discussions, see Dkts. 167, 172, 178, 179, the Magistrate Judge entered her order on Plaintiffs' motion to Compel. Dkt. 180.

PDF-XChange Click to buy NOW! www.pdf-xchange.com

The Order compelled supplementation of RFPs 1–3 and 7–8 as well as Interrogatories 3–5 and rejected Mineo's timeliness, speculation, translation, and Rule 33 arguments. Dkt. 180 at 4–8. Part III then quoted Rule 37(a)(5)(A) in full, but denied expenses: "The Court concludes that an award of expenses is not justified under these circumstances because the motion practice was not complicated or voluminous." Dkt. 180 at 8–9. The Order does not state the basis for the ruling.

## LEGAL STANDARD

The Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Belcastro v. United Airlines, Inc.*, No. 17-cv-01682, 2020 WL 1248343, at *2–4 (N.D. Ill. Mar. 15, 2020) (reviewing a magistrate judge's Rule 37(a)(5) expense ruling under Rule 72(a)). A court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

## ARGUMENT

### A. The Order Denies Expenses on a Ground Rule 37(a)(5) Does Not Contain.

When a motion to compel is granted, the court "must" require the losing party to pay "the movant's reasonable expenses incurred in making the motion, including attorney's fees," subject to "three exceptions to that requirement." Fed. R. Civ. P. 37(a)(5)(A); *Pable v. Chicago Transit Authority*, 145 F.4th 712, 723 (7th Cir. 2025). Part III quoted that text in full and then denied expenses on a ground appearing in none of the three exceptions: that "the motion practice was not complicated or voluminous." Dkt. 180 at 8–9. A denial resting on a criterion the Rule does not supply is contrary to law.

In these circumstances, the rules of civil procedure ask whether "the opposing party's nondisclosure, response, or objection was substantially justified," Fed. R. Civ. P. 37(a)(5)(A)(ii).

PDF-XChange Co Ltd. Click to buy NOW! www.pdf-xchange.com

As the Seventh Circuit explains: "The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified.'" *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994) (construing former Rule 37(a)(4), whose loser-pays principle is now codified at Rule 37(a)(5)). Here, there was no justification for Mineo's position, which amounted to simply ignoring a prior court Order and sitting on responsive documents he had told others he would simply not produce.

Although the Order found the motion practice straight-forward, the complexity bears on the amount of a reasonable award, not the entitlement to one. As explained in *Lorillard*, fee-shifting under Rule 37(a)(5)(A) was "automatic," and the "simplicity of the motions" reduced the award rather than defeating it. *Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327, 330 (N.D. Ill. 2009). Courts evaluating this issue consistently agree that even simple motions may deserve fees. *See e.g. Central States, Southeast & Southwest Areas Pension Fund v. Total Waste Management, LLC*, No. 17 C 5320, 2020 WL 13930587, at *1–2 (N.D. Ill. June 21, 2020) (awarding expenses in full on a renewed motion to compel); *Cage v. Harper*, No. 17-cv-7621, 2020 WL 1248685, at *22 (N.D. Ill. Mar. 16, 2020) (awarding expenses in "the context of simple discovery matters"). The ground fails even under subdivision (C): where a motion is granted only in part, apportionment "look[s] to the relative degree of success of the party seeking fees" and may be guided by Rule 37(a)(5)(A)'s exceptions, not by the volume of the briefing. *Belcastro*, 2020 WL 1248343, at *4 (quoting *Estate of Wright v. Forgey*, No. 2:13-CV-333-WCL-JEM, 2016 WL 2956699, at *2 (N.D. Ind. May 23, 2016)).

### B. **Rule 37(a)(5)(A) Governs, and No Exception Is Available on the Order's Own Findings.**

Subdivision (A)'s mandate governs because Plaintiffs prevailed on every category of discovery their motion identified. The Order's only limitation concerned the form of production

Click to buy NOW! PDF-XChange www.pdf-xchange.com

Click to buy NOW! PDF-XChange www.pdf-xchange.com

under Rule 34(b)(2)(E), but a ruling on the form of production denies no discovery. Thus the rules mandate an award of fees. While Rule 37(a)(5)(C) applies where motions are "partially granted," that contrasts "with 37(a)(5)(A) and (B), which *require* the award of appropriate attorneys' fees to the prevailing party." *Alicea v. County of Cook*, 88 F.4th 1209, 1219 (7th Cir. 2023) (emphasis in original). This is not that case. *See Central Laborers' Pension Fund v. Vander Meersch*, No. 19-3294, 2021 WL 12365140, at *4 (C.D. Ill. May 27, 2021) (applying subdivision (A)'s mandate although the motion was granted in part and denied in part).

None of the stated exceptions to awarding fees apply here, and the Order invoked none. First, Plaintiffs' good-faith efforts are beyond dispute—three letters, two conferences, and a granted first motion preceded the renewed filing. Indeed, the Order found no "improper behavior" by Plaintiffs. Dkt. 180 at 4–5. Second, Mineo's opposition was not substantially justified, which requires "a genuine dispute" and "a reasonable basis in law and fact." *Pable*, 145 F.4th at 724. Not only did the Court reject every argument Mineo made, but none were well-founded: his timeliness objection had "already" been overruled, his speculation argument failed on the Corsini and Ritacco records showing documents did exist, and he cited no case law for his novel translation theory. Dkt. 180 at 4–5. A party who conceals responsive communications and then rests his opposition on the absence of evidence of concealment has no justification, substantial or otherwise. *See Cage*, 2020 WL 1248685, at *22 (no substantial justification where post-motion production "prov[ed] that [a] prior claim that all documents had been provided was inaccurate"). Yet his central factual premise, that "Plaintiffs identify no evidence of spoliation, concealment, or bad faith," Dkt. 150 at 2, was refuted by his own words in a thread he withheld but had been produced by a third party: "*Also our convos here are privileged and not subject to discovery! If you catch my drift paison*

Click to buy NOW! PDF-XChange www.pdf-xchange.com

*haha none of our messages are/were included. So can keep between us then.*" Dkt. 154-1 at 4 (emphasis added).

Third, the record does not support a finding that other circumstances would make an award unjust. Courts recognize that this exception applies where the movant's own actions render fee-shifting inequitable. *See Lorillard*, 259 F.R.D. at 328 n.1. No such circumstances are present here, and the Order identifies no misconduct or dilatory conduct by Plaintiffs. Dkt. 180 at 4–5. Even assuming the exception is interpreted more broadly, the equities still favor an award. Plaintiffs pursued two motions to compel to obtain discovery served nearly two years ago and repeatedly conferred in an effort to resolve the disputes without court intervention, all to collect documents Mineo was telling others he had but would not produce. Awarding the expenses of securing compliance furthers Rule 37's purpose.

Plaintiffs have now obtained two orders compelling the same discovery. Under the Federal Rules of Civil Procedure and binding Seventh Circuit precedent, the expenses of obtaining them belong to Mineo.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court modify Part III of the August 4, 2026 Order (Dkt. 180) to hold that Plaintiffs are entitled under Rule 37(a)(5)(A) to their reasonable expenses, including attorneys' fees, incurred in making both motions to compel (Dkts. 120, 146); refer the amount of the award to the Magistrate Judge for determination on a fee petition; and leave the Order otherwise undisturbed.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: August 18, 2026

By: */s/William D. Patterson*

Jeffrey S. Becker (ARDC #6282492)
William D. Patterson (ARDC #6294533)
Olivia E. Duggins (#6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
wpatterson@smbtrials.com
oduggins@smbtrials.com