BC

FILED
8/19/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.,

*Plaintiffs,*

v.

PATRICK MINEO,

*Defendant.*

**Case No. 1:24-cv-01969**

Hon. Steven C. Seeger
Magistrate Judge Beth W. Jantz

## DEFENDANT PATRICK MINEO'S OPPOSITION TO PLAINTIFFS' RULE 72(a) OBJECTION TO THE FEE-DENIAL PORTION OF THE AUGUST 4, 2026 ORDER

### PRELIMINARY STATEMENT

Plaintiffs' objection substantially overstates both the discovery history and the findings actually made by Magistrate Judge Jantz. The August 4 Order did not find that Defendant intentionally concealed evidence, acted in bad faith, engaged in spoliation, willfully violated a court order, or intentionally prolonged this litigation. Rather, after personally supervising the parties' discovery disputes over an extended period, Magistrate Judge Jantz concluded that portions of Defendant's production appeared incomplete, ordered supplementation, expressly granted Plaintiffs' renewed motion "in part" and denied it "in part," and separately determined that an award of expenses was "not justified under these circumstances." Dkt. 180 at 1, 8-9. Plaintiffs now seek to convert those limited discovery findings into something considerably more severe.

Their objection repeatedly describes Defendant as having "conceal[ed]" responsive communications, "ignored" an order, and "sat" on documents he supposedly told others he would not produce. Dkt. 183 at 4-6. Those are Plaintiffs' characterizations. They are not findings contained in Dkt. 180.

The chronology is also materially different from the impression created by Plaintiffs' abbreviated background. Defendant's contemporaneous records reflect that he served his initial written responses and approximately 80 pages of materials on May 30, 2025, pursuant to the only

extension he requested of the then-operative deadline for those initial responses: a seven-day extension expressly agreed to by Plaintiffs. Plaintiffs did not issue their first Rule 37 deficiency letter until September 12, approximately 105 days later and only eighteen days before the then-existing September 30 discovery cutoff. Plaintiffs thereafter sought a substantial extension of the overall fact-discovery schedule.

After obtaining that extension, Plaintiffs canceled Defendant's previously scheduled September deposition and ultimately deposed him for approximately six hours in January 2026. Defendant does not rely on that chronology to excuse any discovery obligation, and he does not seek reconsideration of the supplementation required by Dkt. 180. He is complying with that Order. The question presented by Dkt. 183 is narrower: whether Magistrate Judge Jantz's separate decision declining to shift Plaintiffs' expenses to Defendant was clearly erroneous or contrary to law.

Plaintiffs have not made that showing.

## ARGUMENT

### I. PLAINTIFFS HAVE NOT SHOWN THAT THE MAGISTRATE JUDGE'S EXPENSE DETERMINATION WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW

Rule 72(a) permits modification of a magistrate judge's nondispositive ruling only when it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

That standard matters here because Magistrate Judge Jantz did not merely receive a cold record. She personally supervised the discovery dispute, conducted repeated proceedings concerning it, directed the parties' conferrals and supplementation, considered the renewed motion and briefing, and then determined both what further production was required and whether expenses were justified. Plaintiffs emphasize Rule 37(a)(5)(A), arguing that because they prevailed on the substantive discovery categories, expenses were mandatory unless one of the Rule's exceptions applied. Dkt. 183 at 3-5.

But the August 4 Order expressly states that the renewed motion was "GRANTED IN PART and DENIED IN PART." Dkt. 180 at 1. Rule 37(a)(5)(C) expressly addresses motions granted in part and denied in part and provides that the court "may" apportion reasonable expenses. Fed. R.

Civ. P. 37(a)(5)(C). Plaintiffs acknowledge subsection (C), but ask this Court to disregard the Order's own characterization because, in their view, the denied relief concerned only the form of production. Dkt. 183 at 4-5.

At minimum, that dispute demonstrates why the Magistrate Judge's ruling is not properly treated as a simple failure to apply an indisputable mandatory rule. Moreover, even if subsection (A) is applied, the Rule itself recognizes that expenses should not be awarded when the opposing position was substantially justified or when other circumstances make an award unjust. Fed. R.

Civ. P. 37(a)(5)(A)(ii)-(iii). Magistrate Judge Jantz expressly concluded that expenses were "not justified under these circumstances." Dkt. 180 at 8-9. Plaintiffs read that sentence as resting exclusively on the simplicity of the briefing.

But the ruling was entered by the judicial officer who had supervised the dispute and the parties' conduct over multiple proceedings. Rule 72(a) does not permit reversal merely because Plaintiffs would have weighed those circumstances differently. Plaintiffs' cited authorities do not transform every partially successful motion to compel into automatic fee liability regardless of the record. Their authorities address the governing Rule 37 framework and the treatment of simple motions; they do not establish that a district court must disregard the express "granted in part and denied in part" disposition, the exceptions contained in Rule 37(a)(5)(A), or the Magistrate Judge's firsthand management of the dispute.

## II. PLAINTIFFS IMPROPERLY CONVERT AN INCOMPLETE-PRODUCTION RULING INTO A FINDING OF INTENTIONAL CONCEALMENT

The central rhetorical move in Dkt. 183 is to treat Dkt. 180 as though Magistrate Judge Jantz found intentional concealment. She did not. With respect to Joseph Corsini, the Order stated that the third-party production "suggest[ed]" that Defendant had not searched for or produced all responsive information in his possession. Dkt. 180 at 5.

With respect to Jennifer Ritacco, the Court similarly stated that the absence of additional messages "suggests that his production is incomplete." Id. Those findings supported supplementation. They are not findings of bad faith, spoliation, intentional destruction, or an intent to deprive Plaintiffs of evidence. Plaintiffs place particular weight on a Messenger statement in

which Defendant expressed his then-belief that communications with a co-defendant were privileged and "not subject to discovery." Dkt. 183 at 5-6.

Whatever the merits of Defendant's then-pro se understanding concerning communications with a co-defendant, that statement does not establish that Magistrate Judge Jantz found intentional concealment, bad faith, or spoliation. The distinction is especially important because Defendant was questioned extensively during his approximately six-hour January 2026 deposition concerning his communications, production, and preservation, and he openly identified and discussed communications involving Corsini and Ritacco. Plaintiffs therefore knew of those individuals and could question Defendant about them under oath months before the August Order. Defendant recognizes that deposition testimony does not replace production of a responsive document that remains within his possession, custody, or control.

He will therefore produce the responsive Corsini material in compliance with Dkt. 180 notwithstanding Plaintiffs' possession of another copy. But Plaintiffs' present characterization of that episode as intentional concealment goes materially beyond what Magistrate Judge Jantz actually found. The Ritacco circumstances illustrate the same point. Defendant testified that he obtained and saved the Ritacco letter before he was served, and he ultimately produced the retained letter because he believed it relevant.

Defendant also identified and discussed Ritacco in deposition. Defendant's production of the substantive document he retained is difficult to reconcile with Plaintiffs' effort to portray the matter as a deliberate effort to hide Ritacco altogether. To the extent additional historical messages are no longer available after a renewed search, Defendant will say so expressly in his supplementation rather than manufacture documents that do not exist.

## III. PLAINTIFFS' DELAY NARRATIVE OMITS MATERIAL PORTIONS OF THE PROCEDURAL HISTORY

Plaintiffs' background begins with discovery served November 26, 2024 and then jumps to what it calls Defendant's "June 2, 2025 responses." Dkt. 183 at 2. That compressed presentation omits material context. Discovery proceedings were affected by the Court's handling of the pleading-stage motions. When the operative initial-response deadline arrived, Defendant requested

a short extension from May 23 through May 30.

Plaintiffs expressly agreed to that seven-day extension. Defendant's contemporaneous records reflect service on May 30, not June 2. The seven-day extension was the only extension Defendant requested of the then-operative deadline for his initial written discovery responses. Later dates set or adjusted while Magistrate Judge Jantz supervised supplementation and the pending discovery dispute are a different matter and are not represented here as though no later scheduling adjustments occurred.

After receiving Defendant's production, Plaintiffs did not issue their first Rule 37 deficiency letter until September 12, approximately 105 days later and only eighteen days before the then-existing discovery cutoff. Defendant raised timeliness when the asserted deficiencies appeared near that cutoff. Magistrate Judge Jantz rejected that objection, and Defendant does not relitigate it. But an unsuccessful timeliness objection is not proof that Defendant possessed documents and believed he could withhold them.

Defendant's position was that he had produced the responsive material available to him and separately objected to the timing and scope of Plaintiffs' challenge. Plaintiffs then sought a substantial extension of the overall fact-discovery schedule. Defendant opposed that extension. Plaintiffs had scheduled Defendant's deposition for September; after obtaining additional discovery time, they canceled that deposition after Defendant had arranged to take time away from work and ultimately rescheduled it for January 2026.

Defendant appeared and sat for approximately six hours of testimony within the extended discovery period. The timing of the discovery activity is relevant because Dkt. 183 asks the Court to treat the duration and expense of discovery as though it resulted from Defendant's unilateral obstruction. The record instead reflects lengthy periods in which Defendant's production remained in Plaintiffs' possession without challenge, followed by substantial discovery activity as existing deadlines approached. Defendant does not contend that Plaintiffs' timing relieved him of his obligations.

The narrower point is that the elapsed time cannot fairly be attributed exclusively to Defendant. Nor did Defendant prolong ordinary fact discovery by participating in the proceedings

Magistrate Judge Jantz ordered after Plaintiffs brought the dispute to her. Defendant attended the Court-directed conferences and hearings and worked within the framework the Magistrate Judge established for the remaining issues. By the final stages of that process, the parties represented to Magistrate Judge Jantz that discovery was otherwise complete apart from the narrow pending dispute.

Consistent with that posture, Dkt. 180 begins by stating: "This concludes all fact discovery in this case." Dkt. 180 at 1.

**IV. THE DISCOVERY HISTORY WAS NOT THE ONE-SIDED PROCESS PLAINTIFFS NOW PORTRAY**

Dkt. 183 portrays repeated conferrals and motion practice as though discovery resistance existed only on Defendant's side. The history was not one-sided. Plaintiffs asserted substantial objections to Defendant's own written discovery, including requests directed to causation and damages - central elements of Plaintiffs' claims. As fact discovery reached its conclusion, Defendant had not received documentation identifying an actual financial loss caused specifically by Defendant or quantifying damages attributable to his conduct.

Defendant nevertheless did not initiate a separate motion to compel Plaintiffs' responses. He chose instead to move the case toward the close of discovery rather than generate another collateral discovery dispute. Defendant does not offer Plaintiffs' objections as an excuse for any obligation imposed on him. They are relevant because Plaintiffs now ask the Court to view objections, conferrals, motion practice, and expense as uniquely attributable to Defendant.

That characterization is incomplete. The same is true of Plaintiffs' statement that Defendant "declined to discuss the deficiencies." Dkt. 183 at 2. The parties conferred multiple times, and the dispute was repeatedly addressed under Magistrate Judge Jantz's supervision. Defendant did object during a conference to turning the conferral into a line-by-line deposition-like examination, but that is not equivalent to refusing to participate in the discovery process.

The subsequent conferences, hearings, supplementation, deposition, and briefing demonstrate continued participation.

## V. THE ORIGINAL PRODUCTION REQUIRES CONTEXT THAT PLAINTIFFS' OBJECTION OMITS

Defendant's approximately 80-page initial production consisted of materials concerning Plaintiffs that Defendant had retained or located, including social-media screenshots, online materials, third-party communications, and other documents he believed responsive. Some duplicated posts or documents Plaintiffs already possessed. That is not evidence of evasion; those were responsive copies in Defendant's possession, and he produced them. Certain foreign-language screenshots referenced in the dispute were likewise not private communications with unidentified persons.

They were screenshots depicting Plaintiff's videos as they appeared on foreign-language websites, with foreign-language text that Defendant used Google Translate to understand. To the extent the original organization of those screenshots created ambiguity, Defendant will clarify their source and nature in his supplementation. Dkt. 180 was entitled to require that clarification; the ambiguity does not itself establish intentional concealment. Likewise, where a screenshot showed only the visible portion of a thread or page, Magistrate Judge Jantz was entitled to require Defendant to determine whether additional responsive material remained accessible and, if so, to produce it with identifying information and timestamps.

Defendant will comply. Where a renewed search produces no additional responsive material, Defendant will state that directly. Rule 37 requires a good-faith search and production of responsive information within a party's possession, custody, or control; it does not permit a party to create historical communications that no longer exist.

## VI. MAGISTRATE JUDGE JANTZ WAS IN THE BEST POSITION TO EVALUATE THE PARTIES' CONDUCT AND EXPRESSLY DECLINED TO FIND THE MORE SERIOUS MISCONDUCT PLAINTIFFS NOW IMPUTE

This was not a discovery dispute decided after a single exchange of briefs. Magistrate Judge Jantz personally supervised it over multiple proceedings. She knew Defendant's positions, Plaintiffs' positions, the history of the production, and the areas that remained disputed. She ultimately ordered supplementation.

But she did not find intentional concealment, bad faith, spoliation, or willful disobedience. She separately denied Plaintiffs' request for expenses. Plaintiffs had also requested Rule 11 sanctions. Magistrate Judge Jantz declined that request, and Plaintiffs expressly state that they do not challenge that discretionary ruling.

Dkt. 183 at 1 n.1. Plaintiffs are entitled to seek Rule 72(a) review of the expense determination, but they should not obtain reversal by attributing findings to the Magistrate Judge that she did not make. The Court should also distinguish between the supplementation remedy and the fee remedy. Defendant is not asking Judge Seeger to undo the former.

He is complying with Dkt. 180. The fact that additional clarification or production was ordered does not itself answer the separate question whether the Magistrate Judge clearly erred or acted contrary to law when, after supervising the dispute firsthand, she declined to impose Plaintiffs' expenses.

## VII. DEFENDANT'S PRESENT FAMILY CIRCUMSTANCES ARE NOT OFFERED AS AN EXCUSE FOR PAST DISCOVERY OBLIGATIONS

Defendant does not contend that his present family circumstances excuse discovery obligations arising in 2025 or early 2026. Those circumstances are mentioned only because Plaintiffs and counsel were recently advised that Defendant's wife and newborn child experienced extraordinary medical circumstances requiring hospitalization while Defendant continues to litigate pro se and comply with the September 4 supplementation deadline. Defendant does not ask the Court to infer an improper motive from the timing of Dkt. 183 or to grant special treatment. He asks only that the narrow expense issue be decided from what Dkt. 180 actually found, the complete procedural context, and Rule 72(a)'s deferential standard.

## CONCLUSION

Defendant does not seek reconsideration of the portions of Dkt. 180 requiring supplementation and is proceeding to comply with those directives. The issue here is whether Magistrate Judge Jantz's separate determination that Plaintiffs' expenses were not justified must be overturned as clearly erroneous or contrary to law. Plaintiffs' objection depends heavily on converting findings of incomplete production into findings of intentional concealment, attributing

the duration of a multi-party and court-supervised discovery process to Defendant, and presenting a compressed chronology that omits substantial periods of inactivity and Plaintiffs' own request for a substantial extension of fact discovery. Magistrate Judge Jantz personally supervised the dispute, ordered the supplementation she found appropriate, and expressly denied Plaintiffs' request for expenses.

For those reasons, Defendant respectfully requests that the Court OVERRULE Plaintiffs' Rule 72(a) Objection (Dkt. 183) and leave undisturbed the fee-denial portion of the August 4, 2026 Order (Dkt. 180).

Dated: August 19, 2026

Respectfully submitted,

**Patrick Mineo**
Defendant, Pro Se
1343 Adams St.
Northampton, PA 18067
484-862-7732
Patrickmineo22@gmail.com