**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4–25.<br><br>Defendants. | Case No. 1:24-cv-1969<br><br>**Judge:**<br>Honorable Steven C. Seeger<br><br>**Magistrate Judge:**<br>Honorable Beth W. Jantz |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR RULE 72(a) OBJECTION TO THE FEE-DENIAL PORTION OF THE AUGUST 4, 2026 ORDER (DKT. 180)**

Mineo's opposition cites no case law.[1] It does not defend the ground the Order states—that "the motion practice was not complicated or voluminous"—as a basis Rule 37(a)(5) supplies. It does not contend that his nondisclosure was substantially justified. It argues instead that the Magistrate Judge was best positioned to evaluate the parties' conduct. Dkt. 184 at 2, 7. Plaintiffs agree. That is why the fee denial should be modified.

**A. The Magistrate Judge Considered Mineo's Account of the Discovery History and Credited None of It.**

The opposition recounts the timing of Plaintiffs' deficiency letters, the scheduling of Mineo's deposition, and the length of the parties' conferral. Dkt. 184 at 2, 5–6. Mineo presented

[1] The Court has not yet entered a briefing schedule on Plaintiffs' objection. Plaintiffs submit this short reply to address the matters raised in Mineo's opposition.

that account in his hearing statement and again in his opposition to the renewed motion. Dkt. 129; Dkt. 150 at 1–2.[2] The Magistrate Judge weighed it.

The Magistrate Judge similarly overruled Mineo's untimeliness objection when granting the first motion to compel, Dkt. 131, noting that Mineo "argues that Plaintiffs' challenge is untimely and suggestive of gamesmanship, because they waited four months to ask him to supplement his responses," and concluded that "on this record the Court does not conclude that Plaintiffs engaged in any improper behavior." Dkt. 180 at 4–5. The Magistrate Judge then compelled supplementation on every category of discovery the renewed motion identified and rejected each argument Mineo raised against producing it. Dkt. 180 at 4–8.

Rule 37(a)(5)(A) requires the award unless the movant filed without first attempting in good faith to obtain the discovery, the opposing party's position was substantially justified, or other circumstances make an award unjust. *Pable v. Chicago Transit Authority*, 145 F.4th 712, 723 (7th Cir. 2025). Each of those grounds was before the Magistrate Judge. Mineo challenged the sufficiency of Plaintiffs' conferral, yet the Magistrate Judge granted both motions. His opposition now states that the parties "conferred multiple times." Dkt. 184 at 6. He requested a finding that Plaintiffs' delay and conduct made fee-shifting inappropriate, and the Magistrate Judge declined to conclude that Plaintiffs engaged in any improper behavior. He offered a series of reasons for withholding, and the Magistrate Judge rejected each one. The Order invoked none of the three exceptions. What supports the denial is the ground the Order states—that the motion practice was not complicated or voluminous—and Rule 37(a)(5) does not contain it.

[2]Two assertions in the opposition were not before the Magistrate Judge: that Plaintiffs asserted substantial objections to Mineo's written discovery on causation and damages, Dkt. 184 at 6, and that Mineo's deposition testimony openly identified his communications with Corsini, Dkt. 184 at 4. On review under Rule 72(a) a court "examine[s] only the information before the Magistrate," and a party that "did not present any factual evidence to the Magistrate" cannot "do so now." *Kasper v. Cooper Canada Ltd.*, 120 F.R.D. 58, 59, 60 (N.D. Ill. 1988).

Mineo urges deference to the officer who supervised the dispute. Dkt. 184 at 2, 7. Plaintiffs do not ask the Court to reweigh assessment of the parties' conduct. They ask the Court to hold that a denial resting on a criterion the Rule does not contain is contrary to law. Rule 72(a) supplies review for that error.

### B. The Opposition Alters the Two Passages on Which It Relies.

The opposition quotes the Order as concluding that expenses were "not justified under these circumstances," and then states that "Plaintiffs read that sentence as resting exclusively on the simplicity of the briefing." Dkt. 184 at 3. The sentence reads: "The Court concludes that an award of expenses is not justified under these circumstances because the motion practice was not complicated or voluminous." Dkt. 180 at 9. The causal clause is the Order's own.

The opposition likewise describes Mineo's message to Corsini as expressing a "then-belief that communications with a co-defendant were privileged and 'not subject to discovery.'" Dkt. 184 at 3–4. The message reads: "Also our convos here are privileged and not subject to discovery! If you catch my drift paison haha none of our messages are/were included. So can keep between us then." Dkt. 154-1 at 4. Omitted are the report that the messages were not included and the request to keep the exchange between them.

### C. The Opposition Supplies What Rule 37(a)(5)(A)(ii) Asks.

Mineo is correct that the Order used the word "suggest[s]" in describing his production. Dkt. 180 at 5. That language introduced the supplementation the Magistrate Judge ordered. It does not answer the expense question, because Rule 37(a)(5)(A)(ii) does not ask whether the movant proved concealment. It asks whether the opposing party's nondisclosure was substantially justified, and the opposing party bears that burden. *Pable*, 145 F.4th at 723–24.

The opposition's statement that Mineo will now "produce the responsive Corsini material in compliance with Dkt. 180," Dkt. 184 at 4, is beside the point. Mineo is not voluntarily producing the material; he is now agreeing to produce it after being compelled to do so for a second time. Whether he now intends to comply has no bearing on the Rule 37(a)(5) inquiry, which asks whether his earlier nondisclosure—the nondisclosure that forced Plaintiffs to seek court intervention—was substantially justified. It was not. Mineo explains the omission as a belief that communications with a co-defendant were privileged. Dkt. 184 at 3–4. He asserted no such objection in his discovery responses and logged no such communication under Rule 26(b)(5). A party who withholds responsive material on an unasserted privilege, and then opposes a motion to compel on the ground that no evidence of concealment exists, has not shown "a genuine dispute" or "a reasonable basis in law and fact." *Pable*, 145 F.4th at 724.

## CONCLUSION

For these reasons and those stated in Dkt. 183, Plaintiffs respectfully request that the Court modify the expense ruling in Part III of the August 4, 2026 Order (Dkt. 180 at 8–9) to hold that Plaintiffs are entitled under Rule 37(a)(5)(A) to their reasonable expenses, including attorneys' fees, incurred in making both motions to compel (Dkts. 120, 146); refer the amount of the award to the Magistrate Judge for determination on a fee petition; and leave the Order otherwise undisturbed.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: August 26, 2026

By: */s/ Olivia E. Duggins*
Jeffrey S. Becker (ARDC #6282492)
William D. Patterson (ARDC #6294533)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (ARDC #6349003)

SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
wpatterson@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com