FILED
10/26/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:24-CV-01969

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,
Plaintiffs,

v.

PATRICK MINEO, Defendant.

Case No. 1:24-cv-01969 | Hon. Steven C. Seeger, U.S.D.J. | Mag. Judge Beth W. Jantz, U.S.M.J.

# DEFENDANT PATRICK MINEO'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This action arises out of public social media commentary concerning the "Midwest Wrestle" YouTube channel during an intense controversy within the amateur wrestling community. Defendant Patrick Mineo is the lone remaining individual defendant left standing on paper in this litigation, the remaining co-defendants having been variously dismissed, defaulted, or settled out of the case.

Contemporaneous business records from USA Wrestling and FloSports demonstrate that prominent institutional actors in the sport had independently investigated Plaintiffs' video posting practices, initiated multi-jurisdictional protective reports, and permanently finalized adverse media credentialing decisions more than seven months before Mr. Mineo published his downstream, evaluative commentary. While Defendant does not contend that a pre-existing controversy immunizes subsequent speech or automatically precludes all subsequent incremental injury, the pre-existing record demonstrates that the fundamental elements of Plaintiffs' claims—specifically individual proximate causation, actionable factual assertion, and constitutional fault—cannot be supported by individual record proof. Under the controlling Celotex burden-shifting framework, because Plaintiffs' evidence fails to isolate any incremental commercial or reputational harm proximately caused by Mr. Mineo individually as opposed to pre-existing causes, summary judgment is warranted.

Mr. Mineo's January 1, 2024 commentary began as a quote-post responding to wrestling referee Michael Boyd's already-public criticism of the Midwest Wrestle channel's video thumbnails. (Def.'s LR 56.1 Statement ¶ 11).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A defending party who does not bear the trial burden on an element may demonstrate that the nonmoving party cannot produce admissible evidence sufficient to support that essential element. Celotex Corp. v. Catrett, 477 U.S. 317, 322–25 (1986). The nonmoving party must then cite specific, admissible evidence in the record from which a reasonable factfinder could rule in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Conclusory allegations within a pleading do not create a triable factual dispute. Id. In accordance with Northern District of Illinois Local Rule 56.1, all factual assertions must be supported by precise record citations to filed, authenticated exhibits.

## III. COUNTS I & II: DEFAMATION PER SE AND PER QUOD

To sustain a claim for defamation under Illinois law, a plaintiff must establish that the defendant made a false statement concerning the plaintiff, that there was an unprivileged publication to a third party, and that the publication caused actual injury to the plaintiff. Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003).

### 1. Mr. Mineo’s Social Media Statements Constitute Protected Evaluative Opinion

Under well-settled Illinois law, a statement is constitutionally protected and non-actionable if it constitutes an expression of subjective opinion or an evaluative viewpoint that cannot be objectively verified as a false assertion of fact. Milkovich v. Lorain Journal Co., 497 U.S. 1, 18–21 (1990); Solaia Technology, LLC v. Specialty Publishing Co., 221 Ill. 2d 558, 581 (2006). Illinois courts evaluate the entire context of the speech, including whether the language used is loose, figurative, or hyperbolic, to determine whether a reasonable reader would perceive the text as an assertion of objective data or an evaluative interpretation based on disclosed facts.

The operative pleading targets three principal categories of phrases attributed to Mr. Mineo (Dkt. 92 ¶ 37): describing the channel's context as "very wicked," critiquing "provocative thumbnails" and "suggestive angles," and recommending that parents seek the removal of their children's footage. Characterizing a public sports controversy as "very wicked" is a quintessential expression of personal moral evaluation lacking a fixed, provable factual definition.

Furthermore, Mr. Mineo’s assessments regarding "thumbnails" and "angles" represent qualitative evaluations of an observable presentation. The record

demonstrates that this exact interpretation was independently shared by parents within the sport (Def.'s LR 56.1 Statement ¶ 8). Parent Bridgett Svoboda formally requested video removal after independently concluding the channel contained distasteful closeups of minors (Def.'s LR 56.1 Statement ¶ 8). Because Mr. Mineo's commentary was an interpretation based on publicly accessible data, it constitutes protected speech under the First Amendment opinion doctrine.

**2. The Fault Standard and Failure to Establish Subjective Serious Doubts**

The record demonstrates that the safeguarding of minor athletes within state athletic associations is a matter of acute public concern, and Plaintiff Gharavi's voluntary prominence within wrestling media presents a strong basis for limited-purpose public figure status under Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974). If the Court determines that status applies, Plaintiffs must establish constitutional actual malice—meaning subjective knowledge of falsity or a reckless disregard for the truth—by clear and convincing evidence. New York Times Co. v. Sullivan, 376 U.S. 254, 279–80 (1964).

Actual malice requires a subjective inquiry into the state of mind of the speaker at the time of publication; ordinary hostility, sharp language, or a failure to conduct an independent investigation are legally insufficient to meet this strict constitutional threshold. Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 666–68 (1989). While Plaintiffs' response to Request for Admission No. 7 constitutes a standard non-admission under Rule 36, the total summary-judgment record identifies that Plaintiffs lack affirmative, clear and convincing evidence to establish that Mr. Mineo spoke with subjective awareness of probable falsity or serious doubts about the truth (Def.'s LR 56.1 Statement ¶ 14). Mr. Mineo spoke downstream of documented credential decisions (Def.'s LR 56.1 Statement ¶¶ 4–7, 9) and multi-institutional administrative reviews, completely refuting the assertion of subjective bad faith.

**3. Individual Proximate Cause and the Defamation Per Quod Threshold**

To recover under a theory of defamation per quod, an Illinois plaintiff must establish specific, quantified special pecuniary damages proximately caused by the defendant's individual words, as opposed to generalized industry decline or pre-existing controversy. Tuite v. Corbett, 224 Ill. 2d 490, 510 (2006).

While Plaintiffs' discovery production includes general platform revenue logs, the record contains a failure of proof connecting any distinct commercial loss specifically to Mr. Mineo. Plaintiffs' discovery production documents copyright-related disputes dating back to May 2021, well before Mr. Mineo's January 2024 commentary. (Def.'s LR 56.1 Statement ¶ 3). Because Plaintiffs' own commercial records demonstrate

that their digital distribution friction long predated Mr. Mineo's social media commentary, Plaintiffs cannot satisfy their burden on individual proximate cause.

## IV. COUNT III: FALSE LIGHT

To prevail on a claim for False Light Invasion of Privacy under Illinois law, a plaintiff must demonstrate that they were placed before the public in a false light that would be highly offensive to a reasonable person, and that the defendant acted with actual malice. Lovgren v. Citizens First National Bank, 126 Ill. 2d 411, 418 (1989). A false light claim cannot be utilized to circumvent the absolute constitutional barriers that protect expressions of opinion or public concern. Muzikowski, 322 F.3d at 927. Because Mr. Mineo’s comments constitute loose, protected evaluative opinions regarding a running public concern, and because the record lacks clear and convincing evidence of a materially false portrayal or actual malice attributable to him individually, summary judgment must be granted on Count III.

## V. COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under Illinois law, an IIED claim requires record proof that the defendant’s individual conduct was truly extreme and outrageous, that the defendant specifically intended to cause severe emotional distress, and that the conduct in fact caused severe distress causally linked to the defendant. McGreal v. Village of Orland Park, 850 F.3d 308, 321–22 (7th Cir. 2017). The threshold for extreme and outrageous conduct is exceptionally narrow, requiring behavior that goes entirely beyond all possible bounds of decency, regarded as atrocious and intolerable in a civilized community. Id.

Forceful public criticism and parental safety advocacy concerning minor athlete videography within a regulated state athletic association do not cross this high legal threshold as a matter of law. The record unassailably demonstrates that the public controversy surrounding Plaintiffs’ digital channel developed independently of Mr. Mineo. The multi-jurisdictional referrals to the FBI, Chicago Police, and SafeSport occurred in May and June 2023, months prior to Mr. Mineo's commentary (Def.’s LR 56.1 Statement ¶¶ 4–6). Because Mr. Mineo's downstream speech amounts to standard participation in an active public-interest sports safety debate, Plaintiffs cannot establish the element of outrageous conduct.

## VI. COUNT V: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

To survive summary judgment on a claim of tortious interference under Illinois law, a plaintiff must produce individualized record evidence establishing a reasonable expectancy of a valid business relationship with a specific third party, the defendant's knowledge of that specific commercial expectancy, purposeful and unjustified interference preventing realization, and resulting damage. Ali v. Shaw, 481 F.3d 942, 944–45 (7th Cir. 2007).

Plaintiffs' claim that Mr. Mineo's social media posts caused the revocation of their refereeing contracts and expectancies with the NCAA, USA Wrestling, and the IHSA is completely severed by the pre-existing timeline. The certified corporate records from USA Wrestling demonstrate that Plaintiffs' media credentials were permanently denied on May 26, 2023 due to repeated filming regulation violations (Def.'s LR 56.1 Statement ¶ 4), seven months prior to Mr. Mineo's posts. Furthermore, the record tracks a year-long federal risk-management escalation initiated by the governing body of the sport in mid-2023, completely independent of Mr. Mineo (Def.'s LR 56.1 Statement ¶¶ 5–6).

While an administrative media ban is distinct from on-mat referee assignments, Defendant disputes whether the cited discovery evidence establishes that any particular assignment was lost as a proximate result of his publications, as opposed to pre-existing institutional investigations. Speculation that all subsequent commercial friction resulted from the online debate cannot substitute for individual proof of intentional interference under the Celotex framework. Accordingly, summary judgment must be granted on Count V.

## VII. CONCLUSION

For the foregoing reasons, Defendant Patrick Mineo respectfully requests that this Court GRANT his Motion for Summary Judgment, enter judgment in his favor on all remaining counts of Plaintiffs' Third Amended Complaint, and award him any further relief this Court deems just and appropriate.

Dated: October 26, 2026
Respectfully submitted,
By: /s/ Patrick Mineo
Patrick Mineo, Defendant Pro Se
1343 Adams St.
Northampton, PA 18067
484-862-7732

Patrickmineo22@gmail.com