# EXHIBIT 14

Record of *In re DMCA 512(h) Subpoena to Dynadot Inc.*,
No. 3:25-mc-80138-TLT (N.D. Cal.)
docket report, subpoenas (ECF 2, 16) and order (ECF 19)

CLOSED,E-ProSe

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:25-mc-80138-TLT

In re DMCA 512(h) Subpoena to Dynadot Inc.
Assigned to: Judge Trina L Thompson
Cause: 17:101 Copyright Infringement

Date Filed: 06/02/2025
Date Terminated: 08/13/2025
Jury Demand: None
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Petitioner**

**Nima Gharavi** represented by **Nima Gharavi**
Nima Gharavi
[redacted]
Email: [redacted]
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 06/02/2025 | 1 | In re DMCA 512(h) Subpoena to Dynadot Inc. (Filing fee $ 52-411018498.). Filed by Nima Gharavi (Attachments: # 1 receipt)(hdj, COURT STAFF) (Filed on 6/2/2025) (Additional attachment(s) added on 6/4/2025: # 2 Envelope) (hdj, COURT STAFF). (Entered: 06/03/2025) |
| 06/20/2025 | 2 | Subpoena Issued (hdj, COURT STAFF) (Filed on 6/20/2025) (Additional attachment(s) added on 7/16/2025: # 1 Errata A) (hdj, COURT STAFF). (Entered: 06/20/2025) |
| 06/30/2025 | 3 | MOTION to Compel *Compliance with DMCA Subpoena* filed by Nima Gharavi. Motion Hearing set for 8/4/2025 09:30 AM in San Francisco, Courtroom C, 15th Floor before Magistrate Judge Sallie Kim. Responses due by 7/14/2025. Replies due by 7/21/2025. (Attachments: # 1 Declaration, # 2 Proposed Order)(Gharavi, Nima) (Filed on 6/30/2025) (Entered: 06/30/2025) |
| 07/01/2025 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Nima Gharavi.. (Gharavi, Nima) (Filed on 7/1/2025) (Entered: 07/01/2025) |
| 07/01/2025 | 5 | CERTIFICATE OF SERVICE by Nima Gharavi re 3 MOTION to Compel *Compliance with DMCA Subpoena* (Gharavi, Nima) (Filed on 7/1/2025) (Entered: 07/01/2025) |
| 07/01/2025 | 6 | **ORDER REGARDING CONSENT OR DECLINATION. Consent/Declination due by 7/15/2025. Signed by Magistrate Judge Sallie Kim on 7/1/2025. (bxl, COURT STAFF) (Filed on 7/1/2025)**<br>**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)** |

| | | |
|---|---|---|
| | | **(Entered: 07/01/2025)** |
| 07/03/2025 | 7 | CERTIFICATE OF SERVICE by Nima Gharavi re 3 MOTION to Compel *Compliance with DMCA Subpoena*, 6 Order,, Set Deadlines/Hearings, (Gharavi, Nima) (Filed on 7/3/2025) (Entered: 07/03/2025) |
| 07/16/2025 | 8 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (bxl, COURT STAFF) (Filed on 7/16/2025)<br><br>Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)<br>(Entered: 07/16/2025) |
| 07/16/2025 | 9 | **ORDER REASSIGNING CASE**<br><br>IT IS ORDERED that this case is reassigned using a proportionate, random and blind system pursuant to General Order No. 44 to Judge Trina L Thompson. Magistrate Judge Sallie Kim no longer assigned to the case.<br><br>Counsel are instructed that all future filings shall bear the updated judicial initials immediately after the case number. Counsel are reminded to verify the location of the judge on the court website. All hearing and trial dates presently scheduled are vacated. However, existing briefing schedules for motions remain unchanged. Motions must be renoticed for hearing before the judge to whom the case has been reassigned, but the renoticing of the hearing does not affect the prior briefing schedule. Other deadlines such as those for ADR compliance and discovery cutoff also remain unchanged.<br><br>Mark B. Busby<br>Clerk, United States District Court<br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br><br>Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)<br><br>(as, COURT STAFF) (Filed on 7/16/2025) (Entered: 07/16/2025) |
| 07/17/2025 | 10 | MOTION to Compel *Compliance with DMCA Subpoena* filed by Nima Gharavi. Motion Hearing set for 8/5/2025 02:00 PM in San Francisco, Courtroom 09, 19th Floor before Judge Trina L Thompson. Responses due by 7/14/2025. Replies due by 7/21/2025. (Attachments: # 1 Declaration, # 2 Proposed Order)(Gharavi, Nima) (Filed on 7/17/2025) (Entered: 07/17/2025) |

| | | |
|---|---|---|
| 07/17/2025 | 11 | **ORDER 10 Dynadot, Inc. shall file either an opposition or a statement of non-opposition to the motion to compel compliance by July 23, 2025. The matter is set for July 31, 2025, at 2pm for Initial Case Management Conference via videoconference. A joint case management statement is due no later than July 24, 2025. Self-represented litigants are given leave to file a separate case management statement. Signed by Judge Trina L. Thompson on July 17, 2025. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (Thompson, Trina) (Filed on 7/17/2025)**<br>**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**<br>**(Entered: 07/17/2025)** |
| 07/17/2025 | 12 | **REFERRAL TO HELP DESK AND ORDER RE-SETTING MOTION DATE AND SETTING INITIAL CMC (tltlc3, COURT STAFF) (Filed on 7/17/2025)**<br>**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**<br>**(Entered: 07/17/2025)** |
| 07/18/2025 | | Set Deadlines/Hearings re: ECF No. 11 : Case Management Statement due by 7/24/2025. Initial Case Management Conference set for 7/31/2025 02:00 PM in San Francisco, - Videoconference Only. (rfm, COURT USER) (Filed on 7/18/2025) (Entered: 07/18/2025) |
| 07/18/2025 | 13 | CERTIFICATE OF SERVICE by Nima Gharavi re 12 Order, 11 Order,,, (Gharavi, Nima) (Filed on 7/18/2025) (Entered: 07/18/2025) |
| 07/24/2025 | 14 | CASE MANAGEMENT STATEMENT filed by Nima Gharavi. (Attachments: # 1 Declaration)(Gharavi, Nima) (Filed on 7/24/2025) (Entered: 07/24/2025) |
| 07/25/2025 | 15 | **ORDER TO SHOW CAUSE: JULY 25, 2025. Signed by Judge Trina L. Thompson on 7/25/2025.**<br>**Show Cause Response due by 7/25/2025.**<br>**(rfm, COURT USER) (Filed on 7/25/2025)**<br>**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**<br>**(Entered: 07/25/2025)** |
| 07/31/2025 | 16 | Proposed Order re 2 Notice (Other) *Amended Subpoena* by Nima Gharavi. (Gharavi, Nima) (Filed on 7/31/2025) (Entered: 07/31/2025) |

| | | |
|---|---|---|
| 07/31/2025 | 17 | **Minute Entry for proceedings held before Judge Trina L Thompson: Initial Case Management Conference held via Zoom webinar on 7/31/2025.**<br><br>**Plaintiff to submit an amended subpoena by 8/5/2025 for the Court's review.**<br><br>**Total Time in Court: 5 minutes.**<br>**Court Reporter: Not reported.**<br>**Plaintiff: NIma Gharavi.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rfm, COURT USER) (Date Filed: 7/31/2025) (Entered: 08/01/2025)** |
| 08/01/2025 | 18 | **ORDER 17 The Court gave leave for the Plaintiff to file an amended and limited scope subpoena for the Court's consideration no later than August 5, 2025. See, 17 U.S.C. § 512(h), FRCP 45, 26(b)(1). In its discretion, the Court determines the motion is suitable for decision without oral argument. See Civil L.R. 7-1(b), 37-2. The Court VACATES the motion hearing set for August 5, 2025. Signed by Judge Trina L. Thompson on August 1, 2025. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (Thompson, Trina) (Filed on 8/1/2025)**<br><br>**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**<br>**(Entered: 08/01/2025)** |
| 08/13/2025 | 19 | **ORDER GRANTING UNOPPOSED 10 MOTION TO COMPEL COMPLIANCE WITH SUBPOENA. Signed by Judge Trina L. Thompson on 8/12/2025. (rfm, COURT USER) (Filed on 8/13/2025)**<br><br>**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**<br>**(Entered: 08/13/2025)** |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/19/2026 21:26:31 | | | |
| **PACER Login:** | [redacted] | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:25-mc-80138-TLT |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| In re DMCA 512(h) Subpoena to Dynadot Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:25-mc-80138-SK |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dynadot Inc.
205 E 3rd Ave #314, San Mateo, CA 94401, United States

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Nima Gharavi [redacted] | Date and Time: 06/30/2025 1:45 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/3/25

*CLERK OF COURT*

Hilary Jackson

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Nima Gharavi, who issues or requests this subpoena, are:

Pro Se, [redacted] +1 [redacted]

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

In re DMCA 512(h) Subpoena to Dynadot Inc.
*Plaintiff*
v.

*Defendant*

Civil Action No. 3:25-mc-80138-TLT

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dynadot Inc.
205 E 3rd Ave #314, San Mateo, CA 94401, United States

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Nima Gharavi<br>[redacted] | Date and Time:<br>08/19/2025 5:49 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Nima Gharavi, who issues or requests this subpoena, are:

Pro Se, [redacted] +1 [redacted]

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A TO SUBPOENA TO DYNADOT INC.

(1) the name, last known address, last known telephone number, any electronic mail addresses associated with each account between June 1, 2023 and December 31, 2023 not already provided; and

(2) any logs of Internet Protocol addresses used to access the subject account between June 1, 2023 and December 31, 2023 for domain name: http://www.dynadot.com/domain/whois?domain=MyPornVid.Fun.

See ECF 2.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE DMCA 512(H) SUBPOENA TO DYNADOT INC.,

Plaintiff,

v.

,

Defendant.

Case No. 25-mc-80138-TLT

**ORDER GRANTING UNOPPOSED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Re: Dkt. Nos. 3, 10, 16

Pending before the Court is *pro se* Petitioner Nima Gharavi's ("Petitioner") motion to compel compliance with subpoena ("Motion"), ECF 10, and proposed order for amended and limited scope subpoena, ECF 16.

Having considered the filings, the relevant legal authority, and for the reasons below, the Court **GRANTS** the Motion, finding it suitable for decision without hearing. Civil L.R. 7-1(b).

## I. BACKGROUND

On June 2, 2025, Petitioner requested issuance of a subpoena pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h), to Dynadot, Inc. ("Respondent") for the purpose of identifying alleged infringers of Petitioner's copyright for his YouTube channel, Midwest Wrestle. ECF 1. Respondent has yet to appear in the action.

The subpoena was signed by the Clerk on June 3, 2025, and filed on June 20, 2025. ECF 2. The subpoena commanded Respondent to produce to Petitioner by June 30, 2025, at 1:45 PM the documents described therein. ECF 2. Specifically, the subpoena required production of (1) "the name, last known address, last known telephone number, any electronic mail addresses associated with each account from three years to the date of the subpoena," and (2) "any logs of Internet Protocol addresses used to access the subject account(s) from three years to the date of the

United States District Court
Northern District of California

subpoena." ECF 2-1. The subpoena required the items be produced in relation to a single domain name: http://www.dynadot.com/domain/whois?domain=MyPornVid.Fun. *Id.*

On June 30, 2025, Petitioner moved for the court to compel Respondent's full compliance with the DMCA subpoena. ECF 3. Respondent's response was due on July 14, 2025. *Id.* On July 1, 2025, Magistrate Judge Kim ordered Petitioner to serve a copy of the Court's Consent or Declination form on Respondent by July 8, 2025. ECF 6. On July 3, 2025, Petitioner filed a certificate of service having done so. ECF 7. Having received no answer or appearance from Respondent, the Clerk reassigned the case to this Court on July 16, 2025. ECF 9.

On July 17, 2025, Petitioner renoticed the operative Motion to compel subpoena compliance. ECF 10. Petitioner included a signed declaration in support. ECF 10-1. Petitioner asserted that he served the subpoena on Respondent on June 11, 2025, requesting "(1) the name, last known address, last known telephone number, and any electronic mail addresses associated with the MyPornVid.Fun domain account; and (2) any logs of Internet Protocol addresses used to access the subject account from three years to the date of the subpoena." ECF 10-1 ¶ 2. Petitioner says Respondent partially complied with the subpoena, producing registration data for the domain owner who held the domain during a time when the alleged infringement occurred (June through December 2023) and current account contact information for the present domain registrant but did not provide Internet Protocol addresses. *Id.* ¶¶ 3-4.

On June 26, 2025, Petitioner emailed Respondent (legal@dynadot.com) to request full compliance. ECF 10, Exhibit A at 3–5. Respondent responded that it "enjoys the transitory communications safe harbor under the DMCA and is therefore not required to produce any records under a DMCA 512(h) subpoena absent an applicable court order." *Id.* at 1. Respondent also stated in the purported email that it "will not object to this order so long as no amounts are sought against" it. *Id.* Petitioner is not currently seeking damages against Respondent. *See* ECF 1, 10.

On July 17, 2025, and based on Respondent's failure to timely oppose the Motion, the Court ordered Respondent to file either an opposition or a statement of non-opposition to the Motion by July 23, 2025. ECF 11. On July 18, 2025, Petitioner filed a certificate of service, confirming that he served the Court's order to respond on Respondent via certified mail and email

United States District Court
Northern District of California

(legal@dynadot.com) that same day. ECF 13. Respondent failed to timely respond to the order.

On July 25, 2025, the Court ordered Respondent to show cause by filing (1) an opposition or statement of non-opposition to the Motion, and (2) a response to this order to show cause explaining why the opposition was not timely filed. ECF 15. The Court warned that failure to do either of these may result in granting of the Motion. *Id.* at 2. Respondent failed to timely respond.

On July 31, 2025, Petitioner appeared at the initial case management conference and agreed to submit an amended and limited scope subpoena for the Court's consideration. ECF 17. Petitioner submitted an amended subpoena, now requesting the Court order Respondent to provide Petitioner only the following by August 19, 2025: (1) "the name, last known address, last known telephone number, any electronic mail addresses associated with each account between June 1, 2023, and December 31, 2023, not already provided," and (2) "any logs of Internet Protocol addresses used to access the subject account between June 1, 2023 and December 31, 2023 for domain name: http://www.dynadot.com/domain/whois?domain=MyPornVid.Fun." ECF 16.

On August 1, 2025, the Court vacated the hearing set for August 5, 2025, in its discretion under Civil Local Rule 7-1(b). ECF 18.

## II. LEGAL STANDARD

The request for and issuance of a subpoena under the DMCA is governed by 17 U.S.C. § 512(h). That section provides:

> (h) Subpoena to identify infringer.—
>
> (1) Request.— A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.
>
> (2) Contents of request.—The request may be made by filing with the clerk—
>
> (A) a copy of a [takedown] notification [];
>
> (B) a proposed subpoena; and
>
> (C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title. . . .

> (3) Contents of subpoena.— The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider. . . .
>
> (5) Actions of service provider receiving subpoena.— Upon receipt of the issued subpoena . . . the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification . . . .

Section 512(h)(6) states "the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum." When a subpoena has been properly served on the receiving party that demands production of certain documents and the receiving party has failed to comply, "the serving party may move the court for the district where compliance is required for an order compelling production[.]" Fed. R. Civ. P. 45(d)(2)(B)(i).

## III. DISCUSSION

Petitioner requests that the Court issue an order compelling Respondent to comply with the DMCA subpoena that Petitioner served on Respondent on June 11, 2025. ECF 10 at 2; 10-1 ¶ 2.

The Court finds that Petitioner complied with the requirements of § 512(h). Petitioner provided the Clerk with a signed declaration, stating that (1) he was the exclusive owner of the relevant copyright, (2) he discovered that one or more individuals using Respondent's platform have allegedly infringed on his rights by publishing one or more unauthorized copies of his copyrighted material, (3) he notified Respondent of the alleged infringement and asked Respondent to remove the infringing material, ECF 1, Ex. 1, and (4) the purpose of the subpoena is to obtain information sufficient to identify the alleged infringers. ECF 1 at 2–3. Petitioner also included a proposed subpoena, requesting (1) "the name, last known address, last known telephone number, any electronic mail addresses associated with each account from three years to the date of the subpoena," and (2) "any logs of Internet Protocol addresses used to access the subject account(s) from three years to the date of the subpoena." ECF 1, Ex. 2.

The above showing is sufficient for the issuance of a valid subpoena under § 512(h). *See, e.g.*, *In re DMCA Subpoena to eBay, Inc.*, No. 15CV922-BEN-MDD, 2015 WL 3555270, at *1 (S.D. Cal. June 5, 2015) (finding that a subpoena compelling production of the "name, last known address, last known telephone number, any electronic mail addresses associated with each account from" three years prior to the issuance of the subpoena and "any logs of Internet Protocol addresses used to access the subject accounts" from the same time period was "information sufficient to identify the alleged infringer" in the meaning of § 512(h)). Indeed, the DMCA "provides a streamlined procedure through which copyright holders may subpoena internet service providers . . . for information identifying an alleged copyright infringer . . . outside the confines of a lawsuit." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 877 (N.D. Cal. 2022) (internal citation omitted).

While Respondent has yet to appear in the action, oppose the Motion, or respond to the Court's order to show cause, the Court notes that Respondent purportedly sent an email to Petitioner stating that it "enjoys the transitory communications safe harbor under the DMCA and is therefore not required to produce any records under a DMCA 512(h) subpoena absent an applicable court order." *See* ECF 10, Ex. A at 1. The DMCA's transitory communications safe harbor is found at § 512(a) and provides that, "A service provider shall not be liable for monetary relief, or… for injunctive or other equitable relief, for infringement of copyright by reason of the provider's transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service provider, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing, or providing connections." 17 U.S.C. § 512(a). The transitory communications safe harbor only applies to a "narrow" set of service providers when five conditions are met. *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1019 (9th Cir. 2013). These conditions are:

> (1) the transmission of the material was initiated by or at the direction of a person other than the service provider;
>
> (2) the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by the service provider;



United States District Court
Northern District of California

United States District Court
Northern District of California

> (3) the service provider does not select the recipients of the material except as an automatic response to the request of another person;
>
> (4) no copy of the material made by the service provider in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections; and
>
> (5) the material is transmitted through the system or network without modification of its content. 17 U.S.C. § 512(a).

"These five requirements limit the range of activities that qualify under this subsection to ones in which a service provider plays the role of a 'conduit' for the communications of others." *Perfect 10, Inc. v. Amazon.com, Inc.*, No. CV 05-4753 AHM (SHX), 2008 WL 11336890, at *6 (C.D. Cal. Nov. 4, 2008) (citation omitted). By failing to respond to this action, Dynadot has not provided the Court with any evidence that it meets these five conditions and is thus eligible for the transitory communications safe harbor under § 512(a).

In fact, the evidence provided indicates that Dynadot does not meet the requirements of § 512(a). The Ninth Circuit has held that "Section 512(a) provides a broad grant of immunity to service providers whose connection with the material is transient." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1116 (9th Cir. 2007). *See also Ellison v. Robertson*, 357 F.3d 1072, 1081 (9th Cir. 2004) (finding the applicability of § 512(a) depended on whether the entity in question was a "conduit service provider."). Furthermore, when an entity "stores clients' data on its servers, its connection to its clients' material is not transient, and thus [the entity]'s affirmative defense under Section 512(a) fails." *Rosen v. Glob. Net Access, LLC*, No. CV 10-2721-DMG E, 2014 WL 2803752, at *4 (C.D. Cal. June 20, 2014) (finding that "Section 512(a) grants immunity only to service providers whose connection with the material is transient.") (citation omitted). Dynadot's connection to material is not "transient." For example, Dynadot provides hosting services, which goes beyond the mere transmission of material. *See* ECF 10, Ex. E, F, & G.

Either way, "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). *See also Sacks Holdings, Inc. v. Vaidya*, No.

24-MC-80197-PHK, 2024 WL 4730424, at *3 (N.D. Cal. Nov. 7, 2024) ("Failure to timely and properly object to the subpoena generally constitutes a waiver of all grounds for objection, including privilege."). Respondent has failed to respond to repeated notices and has lost its opportunity to oppose this motion. *See* ECF 11, 13, 15.

The Court declines to make the broad pronouncement, requested by Petitioner, that domain name registrars are not protected by the § 512(a) safe harbor. ECF 10 at 4. Such a determination is not necessary to resolve the matter before the Court, nor would it be prudent for the Court to weigh in on such a matter without full briefing from all concerned parties.

Accordingly, the Court finds that Respondent is not protected by the transitory communications safe harbor found at § 512(a) of the DMCA and thus must comply with the subpoena in full.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Petitioner's motion to compel compliance with the subpoena because it is valid, enforceable, and served on Respondent. *See* ECF 10-1 ¶ 2.

Accordingly, the Court **ORDERS** Respondent to produce to Petitioner by August 19, 2025: (1) "the name, last known address, last known telephone number, any electronic mail addresses associated with each account between June 1, 2023, and December 31, 2023, not already provided," and (2) "any logs of Internet Protocol addresses used to access the subject account between June 1, 2023 and December 31, 2023 for domain name: http://www.dynadot.com/domain/whois?domain=MyPornVid.Fun." *See* ECF 16.

This Order resolves ECF 3 and ECF 10.

The Clerk is ordered to terminate the case.

IT IS SO ORDERED.

Dated: August 12, 2025

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California