**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25.<br><br>Defendants. | Case No. 1:24-cv-1969<br><br>**Judge:**<br>Honorable Steven C. Seeger<br><br>**Magistrate Judge:**<br>Honorable Beth W. Jantz |

**LOCAL RULE 56.2 NOTICE TO UNREPRESENTED LITIGANT OPPOSING SUMMARY JUDGMENT**

TO: Defendant Patrick Mineo

The plaintiffs, Nima Gharavi and Right Call Officials, Inc., have moved for summary judgment against you. That makes the plaintiffs the "movants" and you the "nonmovant." By moving for summary judgment, the plaintiffs are arguing to the judge that there is no need for a trial because: (1) there is no legitimate disagreement about the important facts of the case; and (2) applying the law to those facts, the plaintiffs win. A party may move for partial summary judgment (meaning only as to some of the claims or issues in the case) or for summary judgment on all claims. Here, the plaintiffs have moved for summary judgment on Counts I, III, IV and V of the Third Amended Complaint, and on Count II in the alternative to Count I, and only on the question of liability.

When moving for summary judgment, the plaintiffs must serve on you and file:

(1) a statement of facts, which is a list of the facts the plaintiffs think are true and undisputed;

(2) the evidence that supports those facts; and

(3) a memorandum of law that makes a legal argument about why the plaintiffs win based on the law and the facts.

There are rules that both lawyers and people without lawyers must follow in moving for or opposing summary judgment. If you do not follow the rules, then the judge may not consider your facts or your arguments.

This notice is meant to help explain the summary judgment process to you. If you have more questions, you can visit the United States District Court for the Northern District of Illinois's Clerk's Office on the 20th floor of the Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn, Chicago, Illinois 60604, and ask about the William J. Hibbler Memorial Pro Se Assistance Program. You can also make an appointment with the program online. This program cannot provide you with a lawyer but can answer certain procedural questions about opposing summary judgment.

## What You Must File

To respond to the summary judgment motion, you must file, as separate documents:

- a response to the plaintiffs' statement of material facts (see Section I);
- a statement of additional facts, if you want the judge to consider facts not included in the plaintiffs' statement of material facts or your response to the plaintiffs' statement (see Section II);

- the evidentiary material that supports your response to the plaintiffs' statement of facts and any statement of additional facts (the material should be labeled as exhibits); and
- a memorandum of law that explains why the plaintiffs are not entitled to summary judgment based on the facts and the law (see Section III).

More details about these documents are below. If you do not respond to the plaintiffs' summary judgment motion by the deadline the judge gives you, the judge may rule on the motion based solely on what the plaintiffs have to say. Even if you file your own summary judgment motion, you still must respond to the plaintiffs' summary judgment motion.

## I. Response to Plaintiffs' Statement of Facts

The plaintiffs have listed what they think are undisputed facts in a series of short paragraphs. This document is called a "statement of facts." For each fact, the plaintiffs must point to evidence—such as affidavits, deposition transcripts, recordings, and other documents—that the fact is true.

You must respond to each of the plaintiffs' facts, paragraph by paragraph. If you do not respond to a fact asserted by the plaintiffs, the judge may decide that you have admitted that the fact is true. Here is how you can respond to a fact asserted by the plaintiffs:

(a) Admit it.

If you agree with a fact, write "Admitted." If you admit a fact in your response, you cannot later deny that fact in your statement of additional facts or in your legal argument.

(b) Dispute it.

If you think that a fact is not supported by the evidentiary material cited by the plaintiffs, you should write "Disputed" and then briefly explain why you dispute the fact and cite the specific page(s) of evidence that supports your position.

If your response cites evidence that the plaintiffs did not submit, you must include that additional evidence in an appendix filed and served along with your response.

For example, if the plaintiffs assert that the traffic light was red at a particular time and support that assertion with an affidavit, and if you believe that the light was green at that time, you can dispute the asserted fact and cite to evidentiary material (such as an affidavit, declaration, or deposition testimony) that supports your view that the light was green.

(c) Object to evidence that the plaintiffs submitted.

If you would like to object to a particular piece of evidence cited in the plaintiffs' statement of facts—for example, because it is not relevant or is hearsay—you should briefly explain your objection. When addressing facts, the memorandum must cite directly to specific paragraphs in the LR 56.1 statements or responses. If you both disagree with a fact and object to the evidence that the plaintiffs cite to support that fact, then your response to that fact should explain both your denial of the fact and your objection. If you object to the plaintiffs' evidence but do not deny the fact, and the judge overrules your objection, then the judge may consider you to have admitted the fact.

Do not include these things in your response to statements of fact:

- New facts. To state new facts, meaning facts that are not fairly responsive to the plaintiffs' asserted facts, list them in your separate statement of additional fact (see Section II).

- Legal arguments. Legal arguments must be made in your brief (see Section III). The one exception is for arguments in support of legal objections (for example, hearsay) to the evidentiary material cited by the plaintiffs.

For help formatting your response to the plaintiffs' statement of facts, see the Local Rule 56.1 examples on the court's website.

## II. Statement of Additional Facts

If you want the judge to consider new facts—meaning facts other than those in the plaintiffs' statement of facts or your response to the statement of facts—you must submit a statement of additional facts as a separate document from your response to the plaintiffs' statement. If you do not submit a statement of additional facts, the judge may consider only the asserted facts in the plaintiffs' statement of facts and any facts in your response to the plaintiffs' statement of facts that are fairly responsive to the plaintiffs' asserted facts.

Your statement of additional facts should be organized into short, numbered paragraphs with no more than one fact in each paragraph. Unless you get permission from the judge, your statement of additional facts must not have more than 40 numbered paragraphs.

You must support each fact with a citation to a specific piece of evidence that supports it. For example, you might cite a particular page of a deposition transcript, a particular paragraph of an affidavit, or a timestamp on a recording. You can cite the evidence that the plaintiffs submitted with their statement of material facts to support your statement of additional facts. You can also cite your own evidence that the plaintiffs did not submit, but you must file and serve that evidence along with your statement of additional facts.

If you want to submit evidence of your own testimony (other than a deposition transcript), you should prepare an affidavit or declaration, which sets forth facts you know to be true based on

your personal knowledge. An affidavit must be signed and notarized, while a declaration must be signed and include the following language from 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [insert date]. [Signature]."

For help formatting your statement of additional facts, see the Local Rule 56.1 examples on the court's website. The plaintiffs will have an opportunity to respond to your statement of additional facts.

## III. Memorandum of Law

The plaintiffs have submitted a legal memorandum explaining why they should win summary judgment based on their statement of facts and governing law. You must answer that brief by filing a memorandum that responds to the plaintiffs' arguments and explains why the plaintiffs should not win summary judgment. Your memorandum should be separate from your response to the plaintiffs' statement of facts and your statement of additional facts.

Your memorandum should explain why the plaintiffs are not entitled to summary judgment. If you do not make a legal argument in your memorandum, you may lose the opportunity to make that argument on appeal. You can argue that because you and the plaintiffs disagree on important facts, there needs to be a trial to decide which of you is right about those facts. You can also explain why the plaintiffs' legal arguments are wrong based on the law or based on the facts that you disputed in your response and/or that you included in your statement of additional facts.

**IV. Federal Rule of Civil Procedure 56 and Local Rule 56.1**

Summary judgment is governed by Federal Rule of Civil Procedure 56, and the United States District Court for the Northern District of Illinois also has a Local Rule 56.1. Local Rule 56.1(a) explains what someone seeking summary judgment must submit, and Local Rule 56.1(b) explains what you need to do to oppose summary judgment.

Reading this Notice is not a substitute for reviewing Rule 56 and Local Rule 56.1. You should be familiar with Rule 56 and Local Rule 56.1 before you prepare your opposition to summary judgment. You should also review the Local Rule 56.1 examples on the court's website. Copies of Rule 56 and Local Rule 56.1 are served with this Notice.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: October 26, 2026

By: *__/s/ Olivia E. Duggins__*

William D. Patterson (ARDC #6294533)
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (ARDC #6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
wpatterson@smbtrials.com
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 26, 2026, a copy of the foregoing Local Rule 56.2 Notice to Unrepresented Litigant Opposing Summary Judgment, together with copies of Federal Rule of Civil Procedure 56 and Local Rule 56.1, was served upon the following via the Court's CM/ECF system and electronic mail:

Patrick Mineo, *pro se*

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated: October 26, 2026

By: */s/ Olivia E. Duggins*
William D. Patterson (ARDC #6294533)
Jeffrey S. Becker (ARDC #6282492)
Nicole O'Toole Peterson (ARDC #6330227)
Olivia E. Duggins (ARDC #6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
wpatterson@smbtrials.com
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com