FILED
11/04/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:24-CV-01969

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.,
Plaintiffs,

v.

JESSICA PRESLEY, MATSCOUTS, LLC,
WILLIE SAYLOR, PATRICK MINEO,
STEPHEN KOLANKOWSKI, JOSEPH
CORSINI, IAN JAGGER, JOHN
DAVIDSON, and JOHN DOES 4-25,
Defendants.

Case No. 1:24-cv-01969
Hon. Steven C. Seeger

# DEFENDANT PATRICK MINEO'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS (DKT. 190)

Defendant Patrick Mineo, proceeding pro se, respectfully opposes Plaintiffs' Motion for Sanctions pursuant to Federal Rules of Civil Procedure 37(e) and 37(b)(2). Plaintiffs seek severe evidentiary sanctions based on allegedly incomplete historical social-media records and communications. Their motion, however, conflates disputed discovery compliance, the inability to locate fuller historical records, and intentional destruction of evidence. These are distinct issues requiring distinct findings.

Defendant has participated extensively in discovery, produced responsive materials, testified under oath for approximately six hours, and timely served supplemental responses following Magistrate Judge Jantz's August 4, 2026 Order (Dkt. 180). Plaintiffs have not established the factual and legal predicates for the sanctions they request.

## I. DEFENDANT RESPONDED TO THE COURT'S DISCOVERY ORDER

On August 4, 2026, Magistrate Judge Jantz granted in part and denied in part Plaintiffs' motion to compel, directing Defendant to conduct additional searches of accessible accounts and supplement specified discovery responses by September 4, 2026. Dkt. 180 at 4–9. The Court expressly permitted production through complete screenshots in PDF with the required identifying information and did not mandate a comprehensive export of Defendant's social-media accounts. Id. at 7–8.

Defendant timely served signed supplemental responses on September 3, 2026, describing the results and limitations of his additional searches. Those responses incorporated his prior productions, identified responsive contacts, and disclosed that fuller accessible versions of certain previously produced historical materials could not be located. Defendant also supplied the Corsini conversation available through Corsini's existing copy.

The Court's Order required searches and supplementation of responsive information; it did not guarantee that every historical communication would remain recoverable. Plaintiffs' dissatisfaction with the results does not, standing alone, establish that Defendant failed to perform the ordered searches or deliberately destroyed evidence.

Magistrate Judge Jantz denied Plaintiffs' earlier request for fees, and Judge Seeger declined to disturb that ruling. Dkts. 180, 186. Although those rulings do not preclude a later sanctions request, the procedural history and Defendant's documented participation are relevant to evaluating the proportionality of the additional relief now sought.

## II. PLAINTIFFS' EXAMPLES DO NOT ESTABLISH INTENTIONAL DESTRUCTION

**Corsini communications.** Joseph Corsini had already produced the conversation to Plaintiffs before Defendant's deposition. During that deposition, Defendant openly acknowledged communicating with Corsini and discussed their exchange. Defendant recalls explaining that he understood the conversation had already been produced and confirming that it represented the extent of their communications. Defendant subsequently included the same conversation in his September supplementation. Plaintiffs' reliance on a selected deposition quotation does not establish that Defendant concealed the conversation, intentionally destroyed his own records, or attempted to deprive Plaintiffs of information already available to them.

**Ritacco letter.** Defendant produced the letter written by Jennifer Ritacco. Defendant recalls testifying that he possessed the material before formal service of this action. He does not presently recall whether the letter was transmitted privately or obtained through a publicly accessible discussion. His additional search did not locate a separate transmission message. Possession of the letter does not, by itself, establish that a distinct, recoverable transmission record existed or was intentionally destroyed. Plaintiffs possess the letter itself and have not demonstrated that the uncertainty surrounding its transmission warrants an adverse evidentiary presumption.

**Facebook, X, and InterMat materials.** Plaintiffs identify historical posts, comments, and threads for which they contend Defendant did not produce complete copies or surrounding context. Defendant does not claim personal knowledge of when or why every historical post became unavailable. Nor does the unavailability of an online entry, standing alone, establish who removed it, when it was removed, or whether Defendant acted with an intent to deprive Plaintiffs of evidence.

Defendant previously produced retained screenshots of responsive material and openly identified his online accounts during sworn testimony. Plaintiffs located additional public statements through those accounts and possess their own captures of several statements at issue. Although the existence of publicly accessible posts may raise a separate question concerning the completeness of production, it does not automatically establish intentional spoliation. To the extent Plaintiffs possess the substantive contents, those contents have not been irretrievably lost.

## III. PLAINTIFFS HAVE NOT ESTABLISHED THE REQUIREMENTS FOR THEIR REQUESTED SANCTIONS

Rule 37(e) applies when electronically stored information that should have been preserved in anticipation or conduct of litigation was lost because reasonable preservation steps were not taken and cannot be restored or replaced through additional discovery.

Under Rule 37(e)(1), any curative measures must be limited to what is necessary to address prejudice resulting from the loss. Plaintiffs possess substantial portions of the communications and statements they identify. Although possession of message text does not necessarily replace missing context or metadata, Plaintiffs have not demonstrated why the alleged deficiencies justify the remedies requested.

The substantially more severe remedies sought under Rule 37(e)(2), including an adverse presumption or adverse-inference instruction, require a finding that Defendant acted with the intent to deprive Plaintiffs of the information's use in litigation. Plaintiffs rely on incomplete screenshots, unavailable historical threads, and disputed production practices. Those circumstances do not, without sufficient supporting evidence, establish the requisite intent. A separate finding of prejudice is not required if intent to deprive is established, but Plaintiffs have not established that threshold finding.

Rule 37(b)(2) separately permits sanctions for failure to obey a discovery order and does not require proof of intentional destruction for every available remedy. Nevertheless, the Court must evaluate the nature of any noncompliance and the proportionality of the sanctions sought. Defendant's timely supplementation, additional searches, prior productions, and sworn testimony are relevant to that assessment. Plaintiffs have not demonstrated why any alleged deficiencies justify the severe evidentiary relief requested.

## IV. REOPENING DEFENDANT'S DEPOSITION AND SHIFTING FEES ARE UNWARRANTED

Plaintiffs alternatively request another deposition and attorneys' fees. Plaintiffs previously canceled Defendant's scheduled September 2025 deposition on short notice after Defendant had arranged time away from work. Defendant subsequently appeared for approximately six hours of sworn testimony in January 2026, addressing his communications, social-media activity, and involvement in the underlying events.

Defendant also responded to the Court's subsequent supplementation order. While the September 2026 responses postdate his deposition, Plaintiffs have not demonstrated why another examination is necessary or proportionate in light of the testimony already obtained, the available documentary record, and the closure of fact discovery. See Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C), and 30(a)(2)(A)(ii).

The same considerations weigh against shifting additional fees and costs without a sufficiently established basis for sanctions. The prior denial of fees does not foreclose a new award, but neither does Plaintiffs' dissatisfaction with the supplemental responses independently justify one.

## V. SANCTIONS SHOULD NOT SUBSTITUTE FOR PROOF ON THE MERITS

Plaintiffs seek an adverse evidentiary presumption as summary-judgment proceedings approach. Such relief could materially affect the determination of the underlying claims and requires the findings

applicable to the particular sanction imposed.

The existence of incomplete historical records does not itself authorize the Court to presume that missing information would establish Plaintiffs' claims. The merits should be determined from the available evidence and applicable law, not from an unsupported inference of intentional destruction.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion for Sanctions (Dkt. 190), including their requests for an adverse evidentiary presumption, adverse-inference instruction, supplemental deposition, and attorneys' fees and costs.

Respectfully submitted,

/s/ Patrick J. Mineo
Patrick J. Mineo
Defendant, Pro Se
Telephone: (484) 862-7732

Dated: November 3, 2026